IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RICHARD COOEY,

    Plaintiff,

v.

ROBERT TAFT, Governor,          Case No. 2:04cv1156
                                                 JUDGE GREGORY L. FROST
REGINALD WILKINSON, Director,    Magistrate Judge Mark R. Abel

and

JAMES HAVILAND, Warden,

    Defendants.

## ORDER

On November 23, 2005, Plaintiff John R. Hicks filed a motion to intervene (Doc. # 23) and an amended motion for a temporary restraining order and preliminary injunction to stay his November 29, 2005 execution (Doc. # 25). The Court accordingly conducted a telephonic conference pursuant to S.D. Ohio Civ. R. 65.1(a). This Order memorializes the results of that conference.

### I. Motion to Intervene

Hicks seeks to intervene in this case pursuant to Fed. R. Civ. P. 24(b), which provides that "[u]pon timely application anyone shall be permitted to intervene in an action ... when the applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). In considering such a motion, the Court is cognizant that "permissive intervention under Fed. R. Civ. P. 24(b) is to be liberally granted, so as to promote the

1

convenient and prompt disposition of all claims in one litigation." *Morelli v. Morelli*, No. 2:00-CV-988, 2001 WL 99859, at *4 (S.D. Ohio Feb. 1, 2001) (citing *City of Cleveland v. Cities Serv. Oil Co.*, 47 F.R.D. 543, 546 (N.D. Ohio 1969)).

Because the rule does not set forth a standard for determining timeliness, the question of timeliness is left to the discretion of the trial judge. *FMC Corp. v. Keizer Equipment Co.*, 433 F.2d 654, 656 (6th Cir. 1970). In addressing timeliness, the Court must consider :

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*United States v. Tennessee*, 260 F.3d 587, 592 (6th Cir. 2001) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir.1989)).

Pursuant to the reasoning contained within this Court's March 28, 2005 Opinion and Order (Doc. # 14), the statute of limitations on Hick's § 1983 claim did not begin to run until this year, when his execution was imminent (i.e., when the United States Supreme Court declined to review his habeas case) and when he knew or had reason to know of the facts giving rise to his claim. By the time the Supreme Court declined to hear Hicks' case, the Court had already stayed the instant action in an April 13, 2005 Order. (Doc. # 21.) The litigation thus remains in its early stages; the parties, for example, had not even reached the discovery deadline by the interlocutory appeal and consequent stay. The Court thus finds the state's contention that the original parties to this litigation will be prejudiced by intervention dubious. Finally, while recognizing the

2

parties' concerns that "death is different," the Court also recognizes that there are few unusual circumstances for or against intervention that are involved here beyond those subsumed in the foregoing factors.

Despite Hicks' delay in filing since the Supreme Court's decision on his habeas appeal, the Court declines to regard Hicks' motion to intervene as untimely. Hicks' motion, although it could have been filed earlier, does not now present sufficient prejudice to any other party to warrant a denial of intervention. Under the specific circumstances of this case, which involve an interlocutory appeal, the Court concludes that Hicks' delayed filing is nonetheless timely.

This leaves the issue of whether Hicks' proffered complaint and the main action have a question of law or fact in common. During the telephone conference, Defendants, via counsel, inexplicably contested the suggestion that a common question of law or fact indeed exists between Hicks' claims and Plaintiff Richard Cooey's claims. This position is without merit. In attempting to conflate the procedural posture of the claims asserted by Cooey and Hicks with the underlying substantive issues involved in this litigation, Defendants have failed to recognize or at least admit the simple fact that both cases are method-of-execution cases involving shared questions of law and fact. Thus, the issues set forth in the Sixth Circuit's August 24, 2005 order granting Cooey permission to appeal could likely prove dispositive of both plaintiffs' claims under 42 U.S.C. § 1983.

Given the procedural posture of this stayed litigation, the Court concludes that permitting intervention here will neither unduly delay nor prejudice the adjudication of the rights of the original parties. Rather, permitting intervention here will facilitate the expeditious resolution of common issues. *See Secretary of Dept. of Labor v. King*, 775 F.2d 666, 669 (6th Cir. 1985)

3

(affirming allowance of permissive intervention on such grounds). Accordingly, the Court in its discretion **GRANTS** Hicks' motion to intervene. (Doc. # 23.) The Clerk shall detach the proffered complaint and file said pleading on the docket.

## II. Motion for Temporary Restraining Order

Hicks also moves for entry of a temporary restraining order and preliminary injunction preventing Defendants from using their current procedures of execution on him until his § 1983 claims are adjudicated. Unlike Cooey, however, Hicks faces a scheduled execution date: November 29, 2005. His filings thus constitute an 11th-hour challenge of the sort the Court discussed in *Dennis v. Taft*, Case No. 2:04-cv-532. *See* Doc. # 14 in 2:04-cv-532, attached as Appendix A. (The Court notes that pursuant to the express agreement of the parties, the Court incorporates by reference here the reasoning of the *Dennis* decision. This enables the parties to pursue an expedient appeal.) Thus, for the reasons set forth in that document, Hicks' request for temporary injunctive relief must fail.

The situation here is perhaps even more egregious than that in *Dennis*. Here, although the Ohio Supreme Court set Hick's execution date on October 5, 2005, Hicks waited until November 23, 2005 to pursue a stay. This exceeds the eleven days separating the establishment of an execution date and the motion for injunctive relief involved in *Dennis*. In both instances, the movant delayed unnecessarily. Although Hicks attempts to distinguish his circumstances by pointing to the fact that he is still pursuing clemency, this argument carries little persuasive weight. Hicks is attempting to excuse his delay in seeking judicial relief by pointing to the pursuit of relief within the executive branch, but he points to no authority endorsing such a proposition–and fails to discredit the Court's prior reasoning that targeted a movant's efforts for

4

relief within the courts as the focal point.

Equally unpersuasive, however, is Defendants' apparent contention that the denial of a stay must necessarily inform the intervention determination or even a statute of limitations analysis. In declining to distinguish among the three, Defendants ignore that each presents a distinct inquiry. There is a substantial and substantive difference between when an action can be brought and when it must be brought–as well as when it should be brought. A claim still within its statute of limitations might be outside of a timely intervention period depending on factors extrinsic to the limitations period. Similarly, a claim that is within its limitations period and that a plaintiff brings via a timely motion to intervene might nonetheless not warrant injunctive relief–even if the party otherwise satisfies each factor for injunctive relief–if undue delay exists in the limited context of a stay. The latter example is Hicks' case.

Despite potentially possessing a valid § 1983 claim and despite moving for intervention in a timely manner (in large part due to the appeal-related stay)–the latter of which is a distinct inquiry from the injunctive relief inquiry–Hicks has failed to demonstrate that he could not have brought his claim at such time as to allow consideration of the merits without requesting the entry of a stay. *See Nelson v. Campbell*, 124 S. Ct. 2117, 2126 (2004). The Court therefore **DENIES** the motion for a temporary restraining order. (Doc. # 25.)

**IT IS SO ORDERED.**

                                              /s/ Gregory L. Frost
                                              GREGORY L. FROST
                                              UNITED STATES DISTRICT JUDGE