**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**RICHARD COOEY, et al.**

      **Plaintiffs,**

  v.

**ROBERT TAFT, Governor, et al.**         Case No. 2:04-cv-1156
                                              JUDGE GREGORY L. FROST
                                              Magistrate Judge Mark R. Abel

      **Defendants.**

## OPINION AND ORDER

Richard Cooey, a state prisoner sentenced to death by the State of Ohio, is the original plaintiff in a civil rights action pending before this Court that challenges multiple facets of the lethal injection protocol used by the State of Ohio. On November 23, 2005, John R. Hicks was permitted to intervene in the action.[1] (Doc. # 26.) On January 9, 2006, Jeffrey D. Hill was permitted to intervene in the action. (Doc. # 35.) This matter is before the Court on motions to intervene in this action filed by Johnnie Baston and Arthur Tyler (Docs. # 46, 48).[2]

Baston and Tyler seek to intervene in this case as of right pursuant to Fed. R. Civ. P. 24(a)(2), and in the alternative, for permissive intervention under Fed. R. Civ. P. 24(b)(2). Rule 24(a)(2) governing intervention of right provides in relevant part:

> Upon timely application anyone shall be permitted to intervene in an action: ...
> (2) when the applicant claims an interest relating to the property or transaction
> which is the subject of the action and the applicant is so situated that the
> disposition of the action may as a practical matter impair or impede the

---

[1] Hicks thereafter was dismissed as a plaintiff on January 4, 2006, following his November 29, 2005 execution. (Doc. # 34.)

[2] Tyler filed an emergency motion to intervene on May 26, 2006 (Doc. # 47) and a corrected motion to intervene on May 30, 2006 (Doc. # 48).

applicant's ability to protect that interest, unless the applicant's interest is
adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2). Rule 24(b)(2) governing permissive intervention provides in relevant part:

Upon timely application anyone may be permitted to intervene in an action: ...
(2) when an applicant's claim or defense and the main action have a question of
law or fact in common. ... In exercising its discretion the court shall consider
whether the intervention will unduly delay or prejudice the adjudication of the
rights of the original parties.

Fed. R. Civ. P. 24(b)(2). Because the Court decides, as it did with respect to John Hicks and Jeffrey Hill, that Baston and Tyler have demonstrated that permissive intervention is warranted, it is unnecessary for the Court to determine whether either or both have demonstrated that they are entitled to intervention of right under Fed. R. Civ. P. 24(a)(2). *See Secretary of Department of Labor v. King*, 775 F.2d 666, 668 (6th Cir. 1985) ("Since we hold that the District Court did not abuse its discretion in allowing the Bank to intervene under Fed. R. Civ. P. 24(b)(2), we need not consider whether Fed. R. Civ. P. 24(a)(2) gave the Bank the right to intervene.").

The first determination to be made by the Court is whether the applications to intervene are timely. In addressing timeliness, the Court must consider:

(1) the point to which the suit has progressed; (2) the purpose for which
intervention is sought; (3) the length of time preceding the application during
which the proposed intervenor knew or reasonably should have known of his
interest in the case; (4) the prejudice to the original parties due to the proposed
intervenor's failure, after he or she knew or reasonably should have known of his
interest in the case, to apply promptly for intervention; and (5) the existence of
unusual circumstances militating against or in favor of intervention.

*United States v. Tennessee*, 260 F.3d 587, 592 (6th Cir. 2001) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)).

Pursuant to the reasoning set forth in this Court's March 28, 2005 Opinion and Order

2

applicant's ability to protect that interest, unless the applicant's interest is
adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2). Rule 24(b)(2) governing permissive intervention provides in relevant part:

Upon timely application anyone may be permitted to intervene in an action: ...
(2) when an applicant's claim or defense and the main action have a question of
law or fact in common. ... In exercising its discretion the court shall consider
whether the intervention will unduly delay or prejudice the adjudication of the
rights of the original parties.

Fed. R. Civ. P. 24(b)(2). Because the Court decides, as it did with respect to John Hicks and Jeffrey Hill, that Baston and Tyler have demonstrated that permissive intervention is warranted, it is unnecessary for the Court to determine whether either or both have demonstrated that they are entitled to intervention of right under Fed. R. Civ. P. 24(a)(2). *See Secretary of Department of Labor v. King*, 775 F.2d 666, 668 (6th Cir. 1985) ("Since we hold that the District Court did not abuse its discretion in allowing the Bank to intervene under Fed. R. Civ. P. 24(b)(2), we need not consider whether Fed. R. Civ. P. 24(a)(2) gave the Bank the right to intervene.").

The first determination to be made by the Court is whether the applications to intervene are timely. In addressing timeliness, the Court must consider:

(1) the point to which the suit has progressed; (2) the purpose for which
intervention is sought; (3) the length of time preceding the application during
which the proposed intervenor knew or reasonably should have known of his
interest in the case; (4) the prejudice to the original parties due to the proposed
intervenor's failure, after he or she knew or reasonably should have known of his
interest in the case, to apply promptly for intervention; and (5) the existence of
unusual circumstances militating against or in favor of intervention.

*United States v. Tennessee*, 260 F.3d 587, 592 (6th Cir. 2001) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)).

Pursuant to the reasoning set forth in this Court's March 28, 2005 Opinion and Order

(Doc. # 14), the statute of limitations on the § 1983 claims of Baston and Hill did not begin to run until their executions became imminent (*i.e.*, when the United States Supreme Court declined to review their habeas corpus cases) and when they knew or had reason to know of the facts giving rise to their claims. The United States Supreme Court denied *certiorari* in Baston's case on May 22, 2006; he filed his motion to intervene on May 26, 2006. The United States Supreme Court denied *certiorari* in Tyler's case on April 17, 2006. *Tyler v. Anderson*, 126 S.Ct. 1774 (2006). He filed his motion to intervene on May 26, 2006 and filed a corrected motion on May 30, 2006. By the time the Supreme Court declined to review Baston's and Tyler's habeas corpus actions, this Court had already stayed the instant action in an April 13, 2005 Order granting an interlocutory appeal. (Doc. # 21.) This litigation thus remains in its early stages. The parties, for example, had not even reached the discovery deadline when the Court granted an interlocutory appeal and consequent stay. The Court thus finds no basis for concluding that intervention at this stage will prejudice the original parties to this litigation. Further, the Court finds that there are few unusual circumstances militating for or against intervention beyond those that are subsumed in the foregoing factors.

Baston's motion can only be regarded as timely, insofar as he filed his motion within days of the date that the statute of limitations began to run on his § 1983 claim. Despite the marginal delay between the date that the statute of limitations began to run on Tyler's § 1983 claim (*i.e.*, when the United States Supreme Court denied *certiorari* on April 17, 2006) and the date that he filed his corrected motion to intervene (*i.e.*, May 30, 2006), the Court declines to regard his motion as untimely. Tyler could have filed his motion earlier, but it does not now present sufficient prejudice to any other party to warrant a denial of intervention. Under the

3

specific circumstances of this case, which involve an interlocutory appeal and a stay of the proceedings, the Court concludes that Tyler's delayed filing is nonetheless timely.

In urging this Court to reverse its prior reasoning and disallow the instant motions to intervene in this lawsuit, Defendants argue that the proposed intervention amounts to an effort by the applicants to use Fed. R. Civ. P. 24(b) to circumvent Fed. R. Civ. P. 23. Rule 23, as Defendants concede, governs class actions. This lawsuit, as Baston and Tyler point out, is not a class action, was not filed as a class action, and has never been proposed for class action status. Thus, Defendants' curious argument in this regard does not persuade this Court that intervention is unwarranted.

Another argument advanced by Defendants for why this Court should disallow intervention in this case is that allowance of intervention will invite nearly all persons sentenced to death to join this lawsuit solely for the purpose of delaying their executions. Although the Court is mindful of Defendants' concern in this regard, it is not a reason for disallowing intervention. First, as noted above, under the reasoning set forth in this Court's March 28, 2005 Opinion and Order (Doc. # 14), the statute of limitations on the precise § 1983 claims at issue in this action does not begin to run until an inmate's execution becomes imminent (*i.e.*, when the United States Supreme Court declined to review their habeas corpus cases) and when the inmate knows or has reason to know of the facts giving rise to his claim. That time frame narrows substantially the group of death-sentenced inmates who might seek to intervene this action. Although that group may nonetheless be larger than Defendants would prefer, its members have no less interest in not being subjected to cruel and unusual punishment during their executions than the plaintiffs who already are party to this action, Richard Cooey and Jeffrey Hill, or the

applicants who now seek intervention, Johnnie Baston and Arthur Tyler.  The provisions of Rule 24 governing intervention, as set forth in the rule and as interpreted by the United States Supreme Court and the Sixth Circuit, are what should guide this Court in allowing this and any future motions to intervene in this action.

Turning to the issue of whether Baston's and Tyler's proffered complaints and the main action have a question of law or fact in common, the Court can only conclude that they do.  All involve the same method-of-execution challenges and present shared questions of law and fact.  Thus, the issues that the Sixth Circuit agreed to decide in its August 24, 2005 Order granting an interlocutory appeal in Cooey's case will almost surely prove dispositive in all of the plaintiffs' claims under 42 U.S.C. § 1983.

The fifth provision cited above in the Sixth Circuit's survey of applicable concerns serves as a catch-all provision of sorts and leads into the third issue previously raised–whether intervention would be futile.  In this regard, Defendants appear to assert that because Baston and Tyler have not exhausted available administrative remedies in regard to their claims challenging Ohio's lethal injection protocol, their complaints would be subject to dismissal, thereby making intervention futile.  In so arguing, Defendants concede that this Court has already rejected that argument in its order permitting Jeffrey Hill to intervene.  (Doc. # 35.)  For the reasons explained more fully in that order, the Court rejects that argument herein.

For the foregoing reasons, the Court in its discretion hereby **GRANTS** the motions by Baston and Tyler to intervene. (Docs. # 46 and 48.) The Clerk shall detach the proffered complaints and file said pleadings on the docket.

**IT IS SO ORDERED**.

                                          /s/ Gregory L. Frost
                                      GREGORY L. FROST
                                      UNITED STATES DISTRICT JUDGE