IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD COOEY, et al.,**

    **Plaintiff,**

    v.                                    Case No. 2:04-cv-1156
                                           JUDGE GREGORY L. FROST
**ROBERT TAFT, et al.,**                Magistrate Judge Mark R. Abel

    **Defendants.**

**OPINION AND ORDER**

    Richard Cooey, a state prisoner sentenced to death by the State of Ohio, is the original plaintiff in a civil rights action pending before this Court that challenges multiple facets of the lethal injection protocol used by the State of Ohio. This matter is before the Court upon Jerome Henderson's emergency motion to intervene (Doc. # 60), Defendants' brief in opposition (Doc. # 68), and Henderson's reply (Doc. # 76).[1] For the reasons that follow, Henderson's motion is **DENIED WITHOUT PREJUDICE**.

    On September 20, 2006, this Court issued an opinion and order denying without prejudice Jeffrey Lundgren's emergency motion to intervene, explaining that Lundgren had failed to exhaust administrative remedies–namely, a direct grievance to the Office of the Chief Inspector pursuant to Ohio Administrative Code § 5120-9-31–as required by the Prison Litigation Reform Act ("PLRA"), *i.e.*, 42 U.S.C. § 1997e(a). The Court incorporates by reference that decision and attaches it for convenience. (Doc. # 73.) On October 5, 2006, this Court issued an opinion and order denying without prejudice Lundgren's amended emergency

---

[1] Also before the Court are Henderson's motion to supplement the pleadings (Doc. # 62), amended complaint for injunctive and declaratory relief (Doc. # 63), motion to supplement the pleadings (Doc. # 78), and motion to deem administrative remedies exhausted (Doc. # 88).

motion to intervene, this time because of Lundgren's failure to demonstrate *complete* exhaustion of his administrative remedies with evidence of the administrative disposition of his grievance, *i.e.*, a decision by the Chief Inspector.  The Court incorporates by reference that decision and attaches it for convenience.  (Doc. # 86.)

Turning to Henderson's emergency motion to intervene in this action, it does not appear from the face of that motion that Henderson has exhausted his administrative remedies as required by the PLRA.  That is, it does not appear that, at the time that Henderson filed his motion to intervene, he had filed a grievance directly to the Office of the Chief Inspector *and* had received a decision by the Chief Inspector disposing of that grievance.  It appears that, on August 28, 2006, Henderson filed both an appeal to the Office of the Chief Inspector (Doc. # 76-4) and a grievance directly to the Office of the Chief Inspector (Doc. # 76-5).  It does not appear that the Chief Inspector has issued a decision on either.  Thus, at the time he filed his emergency motion to intervene, Henderson had not completely exhausted his administrative remedies as required by the PLRA.  *See, e.g., Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998) ("A prisoner should attach to his § 1983 complaint the administrative decision, if it is available, showing the administrative disposition of his complaint."); *see also Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000) ("a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.").

Henderson urges this Court to issue an order deeming his administrative remedies to have been exhausted due to the failure of the Chief Inspector to issue a decision on his grievance

within thirty days of receipt of that grievance or to demonstrate good cause, with notice to Henderson, for extending the thirty-day limit. (Doc. # 88.) It is true, as Henderson points out, that Ohio Administrative Code § 5120-9-31(L) requires the Chief Inspector to respond within thirty calendar days of receipt of the grievance or to demonstrate good cause, with notice to the inmate, for extending the time in which to respond. Henderson is also correct that, under controlling Sixth Circuit law, "administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance." *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 996 (6th Cir. 2004). These facts are of no avail to Henderson, however, because exhaustion of his administrative remedies must be complete *at* the time that he files his complaint. At the time that Henderson filed his emergency motion to intervene and proposed complaint, exhaustion of his administrative remedies–*i.e.*, the filing of a grievance directly to the Chief Inspector *and* either a decision by the Chief Inspector or the expiration of the thirty-day limit for issuing a decision without a demonstration of good cause and notice to Henderson– was not complete. Under the PLRA and Sixth Circuit law, an inmate is not permitted to file his § 1983 complaint and then exhaust his administrative remedies. Rather, he must completely exhaust his administrative remedies before he files his § 1983 complaint. *See, e.g.*, 42 U.S.C. § 1997e(a); *Brown v. Toombs, supra*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997).

In sum, the Court is constrained to deny Henderson's emergency motion to intervene (Doc. # 60), without prejudice, due to Henderson's failure to exhaust administrative remedies available to him in violation of 42 U.S.C. § 1997e(a). Although Henderson could argue that exhaustion of his administrative remedies is *now* complete, given the fact that it does not appear

3

that the Chief Inspector, within thirty days of receiving Henderson's grievance, issued a response or demonstrated good cause with notice to Henderson for extending that thirty-day time limit, that was not the case at the time that Henderson filed his motion to intervene and proposed complaint.  Therefore, this Court is constrained to dismiss his emergency motion to intervene for want of exhaustion.

For the foregoing reasons, Jerome Henderson's emergency motion to intervene (Doc. # 60) is **DENIED WITHOUT PREJUDICE** for the failure to exhaust administrative remedies. The Court **DENIES AS MOOT** all of Henderson's related motions (Docs. # 62, 78, 88).

**IT IS SO ORDERED.**

 /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE