IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD COOEY, et al.**

    **Plaintiffs,**

    v.                             Case No. 2:04-cv-1156
                                          **JUDGE GREGORY L. FROST**
**ROBERT TAFT, Governor, et al.**     Magistrate Judge Mark R. Abel

    **Defendants.**

## OPINION AND ORDER

Richard Cooey, a state prisoner sentenced to death by the State of Ohio, is the original plaintiff in a civil rights action pending before this Court that challenges multiple facets of the lethal injection protocol used by the State of Ohio. This matter is before the Court on Clarence Carter's motion to intervene as a plaintiff-intervenor (Doc. # 155).[1]

Although formally registering their opposition to Carter's intervention on the grounds that his motion is untimely and that his claim is barred by the statute of limitations and res judicata, Defendants concede that this Court has rejected those arguments, that Carter's situation is not so materially different as to change the Court's analysis, and that the law of the case dictates that the Court should grant Carter's motion to intervene (Doc. # 158).

Carter seeks to intervene in this case as of right pursuant to Fed. R. Civ. P. 24(a)(2), and in the alternative, for permissive intervention under Fed. R. Civ. P. 24(b)(2). Because the Court decides, as it has with respect to every other motion to intervene that has been filed in this case,

---

[1] Also before the Court is Carter's motion to expedite ruling on his motion to intervene (Doc. # 159). In light of today's decision, the Court **DENIES** this motion as moot.

that Carter has demonstrated that permissive intervention is warranted, it is unnecessary for the Court to determine whether Carter has demonstrated that he is entitled to intervention of right under Fed. R. Civ. P. 24(a)(2). *See Secretary of Department of Labor v. King, et al.*, 775 F.2d 666, 668 (6th Cir. 1985) ("Since we hold that the District Court did not abuse its discretion in allowing the Bank to intervene under Fed. R. Civ. P. 24(b)(2), we need not consider whether Fed. R. Civ. P. 24(a)(2) gave the Bank the right to intervene.").

Upon review of Carter's motion to intervene and accompanying exhibits, for the reasons explained more fully in the Court's decisions permitting others to intervene in this case, and because Defendants concede that the law of the case dictates that the Court should grant the motion to intervene, the Court concludes that permissive intervention is warranted. Rule 24(b)(2) governing permissive intervention provides in relevant part:

> Upon timely application anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b)(2). First, the Court concludes that Carter's application is timely. Because this litigation remains in its early stages, intervention at this point will not prejudice the original parties to this litigation. *See, e.g., United States v. Tennessee*, 260 F.3d 587, 592 (6th Cir. 2001) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)). The Court further concludes that because Carter's proffered complaint and the main action involve the same method-of-execution challenge, they have questions of law and facts in common.

For the foregoing reasons, the Court in its discretion hereby **GRANTS** Clarence Carter's motion to intervene as plaintiff-intervenor (Doc. # 155). The Clerk shall detach the proffered

complaint and file said pleading on the docket.

**IT IS SO ORDERED**.

                                                        s/ Gregory L. Frost
                                         GREGORY L. FROST
                                         UNITED STATES DISTRICT JUDGE