IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD COOEY, et al.**

    **Plaintiffs,**

    v.                                    Case No. 2:04-cv-1156
                                                JUDGE GREGORY L. FROST

**ROBERT TAFT, Governor, et al.**        Magistrate Judge Mark R. Abel

    **Defendants.**

## OPINION AND ORDER

    Richard Cooey, a state prisoner sentenced to death by the State of Ohio, is the original plaintiff in a civil rights action pending before this Court that challenges multiple facets of the lethal injection protocol used by the State of Ohio.  This matter is before the Court on Nicole Diar's motion to intervene as a plaintiff-intervenor (Doc. # 154).

    Without conceding any issues previously argued in response to other inmates who have moved to intervene in this lawsuit or waiving any arguments with respect to the issue of "ripeness," Defendants do not oppose Nicole Diar's intervention in this case (Doc. # 157).

    Diar, who was sentenced to death on November 2, 2005, seeks to intervene in this case as of right pursuant to Fed. R. Civ. P. 24(a)(2), and in the alternative, for permissive intervention under Fed. R. Civ. P. 24(b)(2).  Because the Court decides, as it has with respect to every other motion to intervene that has been filed in this case, that Diar has demonstrated that permissive intervention is warranted, it is unnecessary for the Court to determine whether Diar has demonstrated that she is entitled to intervention of right under Fed. R. Civ. P. 24(a)(2).  *See Secretary of Department of Labor v. King, et al.*, 775 F.2d 666, 668 (6th Cir. 1985) ("Since we hold that the District Court did not abuse its discretion in allowing the Bank to intervene under

Fed. R. Civ. P. 24(b)(2), we need not consider whether Fed. R. Civ. P. 24(a)(2) gave the Bank the right to intervene.").

Upon review of Diar's motion to intervene and accompanying exhibits, and because Defendants do not object, the Court concludes that Diar has demonstrated that permissive intervention is warranted. Rule 24(b)(2) governing permissive intervention provides in relevant part:

> Upon timely application anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b)(2). First, the Court concludes that Diar's application is timely. Because this litigation remains in its early stages, intervention at this point will not prejudice the original parties to this litigation. *See, e.g., United States v. Tennessee*, 260 F.3d 587, 592 (6th Cir. 2001) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)). The Court further concludes that because Diar's proffered complaint and the main action involve the same method-of-execution challenge, they have questions of law and facts in common.

For the foregoing reasons, the Court in its discretion hereby **GRANTS** Nicole Diar's motion to intervene as plaintiff-intervenor (Doc. # 154). The Clerk shall detach the proffered complaint and file said pleading on the docket.

**IT IS SO ORDERED.**

                                            s/ Gregory L. Frost
                                            GREGORY L. FROST
                                            UNITED STATES DISTRICT JUDGE