IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD COOEY, et al.,**

    **Plaintiff,**

    v.                                     Case No. 2:04-cv-1156
                                              JUDGE GREGORY L. FROST
**ROBERT TAFT, et al.,**                Magistrate Judge Mark R. Abel

    **Defendants.**

**OPINION AND ORDER**

Richard Cooey, a state prisoner sentenced to death by the State of Ohio, is the original plaintiff in a civil rights action pending before this Court that challenges multiple facets of the lethal injection protocol used by the State of Ohio. This matter is before the Court for consideration of potential intervenor James J. Filiaggi's motion to intervene (Doc. # 171) and motion for a preliminary injunction (Doc. # 172), Defendants' memorandum in opposition[1] (Doc. # 177), and Filiaggi's reply memorandum (Doc. # 176). For the following reasons, the Court must deny Filiaggi's motion to intervene without prejudice and deny the motion for a preliminary injunction as moot.

**I.**

The Prison Litigation Reform Act ("PLRA") provides in relevant part:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or

---

[1] Pursuant to this Court's scheduling order (Doc. # 173), Defendants had to file their memorandum in opposition by midnight on April 21, 2007. The Court's electronic filing system was unavailable due to technical issues, however, which necessitated Defendants emailing the document to Filiaggi's counsel and the Court, which also received a faxed copy. The Court noted that Defendants satisfied the Court's order, accepted the memorandum as properly filed, and instructed the Clerk to place the document on the docket.

>other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). It is well settled that under this statute, the proper exhaustion of available administrative remedies, while not jurisdictional, is a mandatory pre-condition to the filing of an action in federal court challenging prison conditions. *Woodford v. Ngo*, 126 S. Ct. 2378, 2382-83 (2006).

Thus, this Court has required exhaustion in this and related litigation, dating back to the first pleadings by Richard Cooey and Adremy Dennis. (Doc. # 20 in Case No. 2:04-cv-532.) Other plaintiffs, such as John Hicks, had exhausted or attempted to exhaust their administrative remedies prior to filing in this Court. (Doc. # 26.)

A notable issue arose with Jeffrey Hill. There, the Court had reviewed the Chief Inspector's disposition of Hill's lethal-injection grievance and had to conclude that there was no administrative grievance process available. Thus, the Court permitted intervention in the absence of exhaustion. (Doc. # 35.) This rationale informed the Court's decision on the motions to intervene of Johnnie Baston and Arthur Tyler. (Doc. # 54.)

Things had changed by September 20, 2006, when this Court issued an Opinion and Order denying without prejudice Jeffrey Lundgren's emergency motion to intervene. (Doc. # 73 in Case No. 2:04-cv-1156.) That decision explained that because the Court had before it new evidence that the Chief Inspector was now addressing the merits of method-of-execution grievances, the Court had to conclude that an administrative remedy was now available. Therefore, because Lundgren had failed to exhaust administrative remedies–namely, a direct grievance to the Office of the Chief Inspector pursuant to Ohio Administrative Code § 5120-9-31–he had failed to comply with the PLRA and could not intervene. (Doc. # 73.) On October 5,

2006, this Court then issued an Opinion and Order denying without prejudice Lundgren's amended emergency motion to intervene, this time because of Lundgren's failure to properly exhaust completely his administrative remedies. (Doc. # 86.) Following proper exhaustion, Lundgren successfully intervened. (Doc. # 92.)

Thereafter, on October 24, 2006, this Court denied without prejudice a motion to intervene filed by Jerome Henderson, finding that he, too, had failed to exhaust his administrative grievance. (Doc. # 100.) After proper exhaustion, Henderson also successfully intervened. (Doc. # 124.)

Against this backdrop, Filiaggi attempts to intervene, despite the fact that he has never filed a grievance and exhausted his administrative remedies. Filiaggi in fact admits that at the time that he filed his motion to intervene, he had not filed a grievance directly to the Office of the Chief Inspector and had not received a decision by the Chief Inspector disposing of any such grievance. Thus, at the time he filed his emergency motion to intervene, Filiaggi had not properly exhausted his administrative remedies as required by the PLRA.[2]

Filiaggi attempts to evade his failure to exhaust in several ways. Citing the proceedings surrounding Jeffrey Hill, Filiaggi first argues that this Court has already found that there is no

---

[2] Previously, the Sixth Circuit required a prisoner to plead exhaustion. *See, e.g., Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998) ("A prisoner should attach to his § 1983 complaint the administrative decision, if it is available, showing the administrative disposition of his complaint."); *see also Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000) ("a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome."). It is important to note that although the Supreme Court has now clarified that prisoners are not required to plead and demonstrate exhaustion in a complaint, Filiaggi concedes in his briefing that he did not file an administrative grievance. *See Jones v. Bock*, 127 S. Ct. 910, 919 (2007) (reversing Sixth Circuit and holding that a prisoner need not plead exhaustion).

administrative remedy available to exhaust. This argument overlooks, however, this Court's recognition in subsequent proceedings in this very litigation that post-Hill, the Chief Inspector apparently altered policy and has since considered administrative grievances involving method-of-execution claims. The administrative landscape has changed. Filiaggi's argument is therefore no longer correct based on the facts before the Court.

      Filiaggi next argues that if administrative remedies do indeed exist, he has exhausted them because other parties to the litigation exhausted such a remedy.[3] Not surprisingly, he cites no precedent directly supporting this proposition. This Court is aware of no case law following Filiaggi's excessively broad and fundamentally incorrect reading of the PLRA. There is no textual basis for reading the statute to permit one inmate to evade the exhaustion requirement by bootstrapping another inmate's actions into his own compliance; the PLRA does not permit exhaustion by proxy. Moreover, it is not material that the end result of any such grievance is likely a denial. Under controlling Sixth Circuit law, the PLRA requires inmates to exhaust their administrative remedies, even where doing so appears futile. *See, e.g., Hartsfield v. Vidor*, 199 F.3d 305, 308-10 (6th Cir. 1999).

      The Court also recognizes that Filiaggi attempts to defeat Defendants' argument by asserting that it is premature. Because exhaustion of administrative remedies is an affirmative defense and not a jurisdictional bar, Filiaggi contends, Defendants can only properly assert exhaustion *after* a complaint is filed. Moreover, the argument asks this Court to perform a

---

[3] Filiaggi's situation is thus distinguishable from Kenneth Biros, whom this Court had found to have fully exhausted his administrative remedies when the Chief Inspector failed, within thirty days of receiving Biros's grievance, to respond or to show good cause, with notice to Biros, for extending the time to respond.

perfunctory act: allow intervention in light of a certain dismissal. The apparent rationale behind the request is that the Court will inevitably stay Filiaggi's execution date while considering briefing on a subsequent dispositive motion predicated on exhaustion, but Filiaggi's request again treats a statutory requirement as irrelevant to the intervention analysis.

But the relevance of a mandated dismissal is apparent because it informs a threshold issue in the intervention analysis. In addressing both intervention as of right and permissive intervention, the Court must first determine whether the application to intervene is timely. Federal Rule of Civil Procedure 24(a) requires that the motion to intervene be timely, stating:

> Upon timely application, anyone shall be permitted to intervene in an action: . . .
> (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). Rule 24(b)(2) also includes a timeliness component, providing:

> Upon timely application anyone may be permitted to intervene in an action: . . .
> (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b)(2).

> The timeliness component requires the Court to consider:
>
> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*United States v. Tennessee*, 260 F.3d 587, 592 (6th Cir. 2001) (quoting *Grubbs v. Norris*, 870

F.2d 343, 345 (6th Cir. 1989)).  Filiaggi cannot succeed under this inquiry.

Considering the second factor, the Court is cognizant that Filiaggi's seeking intervention in light of a certain dismissal conveys an intent to delay his execution, not for purposes of receiving consideration of the substantive merits of his claims–because he could not for failure to exhaust–but simply for the sake of delay.  There can be no other result from filing a complaint that must be dismissed.

In regard to the third factor, the Court notes Filiaggi's concession in his reply memorandum:

> Filiaggi cannot and does not deny that he either knew about or should have known about the existence of this case well in advance of moving to intervene.  He cannot deny that it would have been the wiser practice to have opposed the State's motion, in the Supreme Court of Ohio, to set an execution date so that he could pursue remedies through this litigation.  He cannot deny that it would have been better to have sought intervention at an earlier date.

(Doc. # 176, at 1.)  This acknowledgment accurately summarizes why Filiaggi's motion to intervene is untimely under the third factor the Court must consider.

The foregoing two factors weigh against intervention.  The first and fourth factors favor intervention, for the reasons this Court has repeatedly explained throughout the course of this litigation.  Given the procedural posture of this stayed litigation, the case is still in its early stages and permitting intervention here would neither unduly delay nor prejudice the adjudication of the rights of the original parties.

Recognizing that the test is not simply an equation in which the Court counts the factors–the Court instead must *weigh* the factors–the Court finds that the remaining fifth factor also argues against intervention.  To permit intervention in light of an assured prompt dismissal would both engage in Pyrrhic inanity and would run counter to the Court's prior, consistent

application of exhaustion in the intervention analysis. The factors point against allowing intervention and defeat Filiaggi's request that the Court ignore the realities of the facts he brings to this forum. Filiaggi argues that "the issues before this Court do not concern what might have been better; they concern what is to be done." (Doc. # 176, at 2.) But to use Filiaggi's own words, "It's not that simple." (Doc. # 176, at 2.) Rather, what happened (or did not happen) in the past controls what must be done now.

To be certain, today's decision no doubts provides fodder for the argument that the law often follows form over substance. But this argument rings hollow given that this litigation has so often been about, or at least should have been about at every level of review, the application of the law in a consistent manner, free from subjectivity or whim and guided only by reasoned adherence to stated objective rules. One such rule is the exhaustion requirement, and another is the timeliness requirement. Filiaggi has failed to satisfy these requirements and has instead presented this Court with a proffered complaint that cannot stand via an untimely motion to intervene. The Court is therefore constrained to deny without prejudice Filiaggi's motion to intervene. (Doc. # 171.) Absent his presence in this litigation, Filiaggi is not entitled to obtain and this Court is without authority to impose injunctive or other relief staying his scheduled April 24, 2007 execution.

## II.

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** James Filiaggi's motion to intervene (Doc. # 171) and **DENIES AS MOOT** Filiaggi's related motion for a preliminary injunction or a stay under the All Writs Act (Doc. # 172).

**IT IS SO ORDERED.**

                                           /s/ Gregory L. Frost
                                           GREGORY L. FROST
                                           UNITED STATES DISTRICT JUDGE