IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD COOEY**, et al., | ) | Case Number: 2:04-CV-1156 |
| | ) | |
| Plaintiff, | ) | Judge Gregory L. Frost |
| | ) | |
| vs. | ) | Magistrate Judge Abel |
| | ) | |
| | ) | |
| **ROBERT TAFT, Governor**, et al., | ) | |
| | ) | **MOTION OF ROMELL BROOM TO** |
| | ) | **INTERVENE AS PLAINTIFF-** |
| Defendants. | ) | **INTERVENOR** |

Romell Broom, by and through his undersigned counsel, hereby moves this Honorable Court pursuant to Rules 24(a)(2) of the Federal Rules of Civil Procedure, for leave to intervene in this action as of right. In the alternative, and pursuant to Rule 24(b)(2) of the Federal Rules of Civil Procedure, Broom requests permissive intervention. As a death sentenced individual, Broom has a significant interest in the subject matter of this case and the existing parties may not adequately represent that interest. Further, the parties to these proceedings will not be prejudiced by this intervention. The reasons in support of this motion are more fully set forth in the attached Memorandum in Support which is fully incorporated herein.

Respectfully Submitted,

/s/ Timothy F. Sweeney
Timothy F. Sweeney, Esq. (0040027)
LAW OFFICE OF TIMOTHY FARRELL SWEENEY
The 820 Building, Suite 430

-1-

820 West Superior Ave.
Cleveland, Ohio   44113-1800
(216) 241-5003
(216) 241-3138 (fax)
Tim@timsweeneylaw.com

S. Adele Shank
3380 Tremont Road, 2nd Floor
Columbus, OH   43221
(614) 326-1217
(614) 326-1231 (fax)
shanklaw@att.net

Counsel for Romell Broom

### MEMORANDUM IN SUPPORT OF MOTION OF ROMELL BROOM TO INTERVENE AS PLAINTIFF-INTERVENOR

Plaintiff Cooey, an Ohio death row inmate, filed this action under 42 U.S.C. § 1983 for violations and threatened violations of his right to be free from cruel and unusual punishment under the Eight and Fourteenth Amendments of the United States Constitution. Proposed intervenor Broom is also an Ohio death row inmate awaiting execution of his death sentence, although an execution date has not yet been set.

Broom's Petition for a Writ of Certiorari from the denial of his habeas petition was denied by the U.S. Supreme Court on February 26, 2007. Broom v. Mitchell, 127 S. Ct. 1376 (2007). An application for rehearing was denied on April 16, 2007. Broom v. Mitchell, 2007 U.S. LEXIS 4330 (April 16, 2007). Broom's timely grievance was denied by the Chief Inspector on April 17, 2007. Broom has exhausted his administrative remedies and is thus properly poised to intervene in this action.

Broom is a true party in interest because he is similarly situated and asserts the same causes of action as the Plaintiff. See Intervenor's Proposed Complaint (Exhibit A). Further, Broom's intervention will not substantially impair the rights of the original parties to the pending action.

**A. The Intervenor Satisfies the Requirements for Intervention as of Right as Set Forth In Fed. R. Civ. P. 24(a)(2)**

Rule 24 (a) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> Upon timely application anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2). The purpose of the provision is to avoid a rash of lawsuits on related

-1-

questions "by involving as many apparently concerned persons as is compatible with efficiency and due process." Coalition of Arizona/New Mexico Counties v. Department of the Interior, 100 F.3d 837, 841 (10th Cir. 1996)(citing decisions by three Courts of Appeals). Therefore, "(t)he need to settle claims among a disparate group of affected persons militates in favor of intervention." Jansen v. City of Cincinnati, 904 F.2d 336, 340 (6th Cir. 1990).

In light of the Rule and its goals, courts have granted motions to intervene as of right when the following four criteria are met: (1) the motion is timely; (2) the applicants have a significant legal interest in the subject matter of the pending litigation; (3) the disposition of the action may impair or impede the applicant's ability to protect his interest; and (4) the existing parties cannot adequately protect the applicant's interests. Id. In the instant case, Broom clearly meets these requirements.

**1. The application is timely.**

This lawsuit was filed on December 8, 2004. The discovery deadline has not yet occurred and the litigation is currently on an interlocutory appeal to the Sixth Circuit Court of Appeals. Therefore, the proposed intervention will not impair the progress of the proceedings or impact the interests of the original parties. See, e.g., Baker v. City of Detroit, 504 F. Supp 841, 848 (E.D. Mich. 1980), aff'd sub nom., Bratton v. City of Detroit, 704 F.2d 878 (6th Cir. 1983), cert. denied, 464 U.S. 1040 (case filed in November and December 1975; trial undertaken in August 1978; motion to intervene filed in May 1978; motion granted).

Broom has moved quickly to assert his rights when his claim became ripe, on February 26, 2007, upon the denial of certiorari in the United States Supreme Court as to his habeas petition under 28 U.S.C. §2254. See Cooey v. Taft et. al., No. 2:04-cv-1156, 2006 U.S. Dist. LEXIS 24496, at 8-9

(S.D. Ohio Apr. 28, 2006).

## 2. Broom has a "significant legal interest" in this case.

Broom's shared and individual interests are far more urgent, direct, and addressable than the Rule requires. The precise contours of an interest sufficient to support intervention as of right have not been delineated. See Purnell v. City of Akron, 925 F.2d 941, 947 (6th Cir. 1991); Arizona/New Mexico, 100 F.3d at 840. However, the interest requirement "is to be construed liberally". Bradley v. Milliken, 828 F.2d 1186, 1192 (6th Cir. 1987); see also Michigan State AFL-CIO v. Miller, 103 F.3d 1240, 1245 (6th Cir. 1996)(overruling the District Court's denial of intervention and noting the "rather expansive notion of the interest sufficient to invoke intervention of right" in the Sixth Circuit).

Indeed, failure to satisfy the interest prong of the test has rarely barred prospective intervenors from participating. The range of interests deemed sufficient is broad, and their character is often general. See, e.g., Linton v. Commissioner of Health and Environment, 973 F.2d 1311, 1319 (6th Cir. 1992)(economic interest sufficient for intervention); Herdman v. Town of Angelica, 163 F.R.D. 180, 183 (W.D.N.Y. 1995)(purity and integrity of local air and water and in the residential and rural character of a town); Arizona/New Mexico, 100 F.3d at 841-44 (interest of a naturalist photographer in the protection of an owl species).

Broom's interest in not being executed in violation his right to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments of the United States Constitution – the same legal and equitable interest as the original Plaintiff. This interest is sufficient to permit intervention.

### 3. Broom's ability to protect his interests will be impaired if he is not permitted to intervene.

The impairment prong of the test requires only a hypothetical showing: applicants need show neither "substantial impairment" of their interests nor that "impairment will inevitably ensue from an unfavorable disposition." Purnell, 925 F.2d at 947. Rather, as stated in Rule 24, they need only show that the disposition may harm their ability to protect their interest. Id. For that reason, the *stare decisis* effect of a potential adverse holding is sufficient to show impairment. Jansen, 904 F.2d at 342; Linton, 973 F.2d at 1319. In this case, if Cooey did not prevail, it would impair, if not completely destroy, Broom's ability to advance his arguments and put forth evidence in a separate action in this Court.

Further, the time-sensitive nature of Broom's claims makes intervention necessary for the protection of his interests. If Cooey prevails after Broom is executed, his rights will have been denied without recourse. Cf. Americans United for Separation of Church and State v. City of Grand Rgpids, 922 F. 2d 303, 305-06 (6th Cir. 1990)(where intervenor sought to display a menorah on public property during Chanukah, and the extra time involved in initiating a lawsuit could have pushed resolution of the question beyond the coming Chanukah season, intervention was granted). Thus, unless this Court grants intervention, Broom will be unable to protect his interests.

### 4. Cooey cannot adequately protect the applicant's interests, which are wholly dependent upon the timeline of applicant's case.

The inadequate representation prong of the test, like the impairment prong, requires only a minimal and hypothetical showing:

> The requirement of the Rule is satisfied if the applicant shows that representation of his interest "may be" inadequate; and the burden of making that showing should be treated as minimal.

Trbovich v. United Mine Workers of America, 404 US 528, 538 n.10 (1972). Therefore, applicants "should be allowed to intervene unless it is clear that [Cooey] will provide adequate representation." 7C Wright, Miller, and Kane, Federal Practice and Procedure at 319 (2d ed. 1986). The nature of Broom's claims makes intervention necessary to protect his interests because Cooey's litigation does not contemplate Broom's independent schedule, which will end in his execution. Since it is clear that Cooey cannot adequately represent Broom, he has the right to represent himself.

### B. In the Alternative, Broom Satisfies the Requirements for Permissive Intervention as Set Forth in Civ. R. 24(b)(2)

The decision whether to allow permissive intervention is committed to the sound discretion of the trial court. Meyer Goldberg, Inc. v. Goldberg, 717 F.2d 290, 294 (6th Cir. 1983). This rule is to be construed liberally, and excludes many of the requirements of intervention as of right. Id. For example, the Rule (24)(a)(2) requirement that a proposed intervenor establish inadequate representation by existing parties is not a consideration for purposes of Rule 24(b).

Broom clearly has a direct and substantial interest in the outcome of this matter. Broom's interests and Cooey's interests both share the same questions of law and fact. Since this case is on hold pending interlocutory appeal, discovery has not taken place and the ultimate issue has yet to be placed before this Court, the proposed intervention will not prejudice or delay the rights of any of the original parties. Broom therefore requests that the Court grant permissive intervention under Civil Rule 24(b), should the Court decide not to grant intervention as of right.

### C. Administrative Remedies

Broom has exhausted his administrative remedies and/or has done everything required for exhaustion to be deemed complete. He timely exhausted his administrative remedies under the Ohio Administrative Code ("OAC") § 5120-9-31, as required by the Prison Litigation Reform Act, 42

U.S.C. § 1997(e)(a).

On March 1, 2007, Broom filed his grievance challenging among other things the lethal injection protocol that was adopted by the Defendants on or about July 10, 2006. Broom filed his grievance directly with the DRC Office of the Chief Inspector, in Columbus, Ohio, the exhaustion procedure recognized by this Court in its recent Order in this case dated September 20, 2006. See Order Denying Without Prejudice Motion of Jeffrey Lundgren to Intervene, Docket No. 73 ("[T]he administrative remedy of a grievance directly to the Office of the Chief Inspector pursuant to O.A.C. 5120-9-31 is an available remedy within the meaning PLRA. See 42 U.S.C. § 1997e(a).").

A copy of Broom's grievance is attached to the Proposed Intervenor Complaint (Exh. A hereto) as Exhibit 1. The grievance was designated as CI-03-07-00015 and was received by Chief Inspector Gary R. Croft on March 5, 2007. See Exhibit 2 to the Proposed Intervenor Complaint (Exh. A hereto). The Chief Inspector represented to Broom that a ruling on the grievance would be made within 30 days, or by April 4, 2007.

On or about April 16, 2007, the DRC Chief Inspector requested more time (without specifying any amount of time) to investigate and review the grievance. See Exhibit 3 to the Proposed Intervenor Complaint (Exh. A hereto). Pursuant to OAC 5120-9-31(L), the Chief Inspector may only have more than 30 days to grant or deny the grievance for *good cause shown*. No such showing has been made in this case. In addition, relief has never been granted by DRC to any death row inmate who has filed a grievance challenging lethal injection, and the State of Ohio, through the Office of the Ohio Attorney General, is vigorously opposing the lawsuit Broom is seeking to join.

On April 17, 2007, the Chief Inspector issued his decision denying Broom's grievance in its

entirety.  A copy of the denial is attached as Exhibit 4 to the Proposed Intervenor Complaint (Exh. A hereto).

Broom has thus timely and completely exhausted the administrative remedies available to him and/or has done everything required for exhaustion to be deemed complete. Accordingly, Broom has complied with any mandatory pre-conditions to the filing of this action in federal court.

## CONCLUSION

For the foregoing reasons, proposed Intervenor Romell Broom respectfully requests that his motion be GRANTED and that he be permitted to intervene in the instant action.

Respectfully Submitted,

/s/ Timothy F. Sweeney
Timothy F. Sweeney, Esq. (0040027)
LAW OFFICE OF TIMOTHY FARRELL SWEENEY
The 820 Building, Suite 430
820 West Superior Ave.
Cleveland, Ohio   44113-1800
(216) 241-5003
(216) 241-3138 (fax)
Tim@timsweeneylaw.com

S. Adele Shank
3380 Tremont Road, 2nd Floor
Columbus, OH   43221
(614) 326-1217
(614) 326-1231 (fax)
shanklaw@att.net

Counsel for Romell Broom

## CERTIFICATE OF SERVICE

This is to certify that on April 25, 2007, the foregoing MOTION OF ROMELL BROOM TO INTERVENE AS PLAINTIFF-INTERVENOR, and MEMORANDUM IN SUPPORT, with all exhibits, was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Timothy F. Sweeney
Timothy F. Sweeney, Esq. (0040027)
LAW OFFICE OF TIMOTHY FARRELL SWEENEY