IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD COOEY, | : | |
| | : | |
| Plaintiff, | : | CASE NO. 2:04cv1156 |
| | : | |
| v. | : | JUDGE FROST |
| | : | |
| ROBERT TAFT, et al., | : | MAGISTRATE JUDGE ABEL |
| | : | |
| Defendants. | : | *Death Penalty Case* |

### THE DEFENDANTS' MEMORANDUM IN OPPOSITION TO THE MOTION TO INTERVENE BY ROMELL BROOM

Respectfully submitted,

**MARC DANN**
Ohio Attorney General

/s/ Charles L. Wille
**CHARLES L. WILLE (0056444)**
Principal Assistant Attorney General
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215-3428
(614) 728-7055; (614) 728-8600 (fax)
Email: cwille@ag.state.oh.us


**HEATHER L. GOSSELIN (0072467)**
Principal Assistant Attorney General
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215-3428
(6l4) 728-7055; (614) 728-8600 (fax)
Email: hgosselin@ag.state.oh.us

**COUNSEL FOR DEFENDANTS**

**I.      Statement of the Case and Facts**

Romell Broom (hereinafter "Broom") is an Ohio prisoner who is under a sentence of death adjudged by the Common Pleas Court of Cuyahoga, County, Ohio, in October of 1985. On January 11, 1989, the Supreme Court of Ohio upon direct appeal affirmed Broom's conviction and sentence. *State v. Broom*, 40 Ohio St. 3d 277 (1988).  On May 15, 1989, the Supreme Court of the United States denied Broom's petition for a writ of certiorari to review the judgment of the Supreme Court of Ohio. *Broom v. Ohio*, 490 U.S. 1075 (1989). After the exhaustion of his Ohio post-conviction remedies, Broom filed with the United States District Court for the Northern District of Ohio a petition for a writ of habeas corpus. The Northern District denied Broom's petition, and, on March 17, 2006, the Northern District's decision was affirmed by the United States Court of Appeals for the Sixth Circuit. *Broom v. Mitchell*, 441 F.3d 392 (6th Cir. 2006). On February 26, 2007, the Supreme Court of the United States denied Broom's petition for a writ of certiorari to review the Sixth Circuit's decision. *Broom v. Mitchell,* __ U.S. __, 127 S.Ct. 1376 (2007), rehearing denied, 2007 U.S. LEXIS 4330.

On April 11, 2007, the State filed a motion with the Supreme Court of Ohio that requested the scheduling of a date for Broom's execution. *See* Electronic Docket of the Supreme Court of Ohio, available at www.sconet.state.oh.us. On April 25, 2007, Broom filed with this Court a motion to intervene under Rule 24 of the Federal Rules of Civil Procedure. On April 27, 2007, Broom filed with the Supreme Court of Ohio a notice of his motion to intervene and a motion to stay ruling on the State's motion to set an execution date. *See* Electronic Docket of the Supreme Court of Ohio.  To date the Supreme Court of Ohio has not ruled on the State's motion, and, therefore, no date for Broom's execution has been set.

## II.    Argument in Opposition

The Defendants respectfully oppose Broom's motion to intervene. Defendants oppose Broom's intervention for the reasons stated by Defendants in opposition to the motions of previous intervenors. Defendants recognize that the Court has overruled Defendant's arguments in the latter regard, but present them here to preserve the arguments for possible appellate review. Defendants further argue, based on the Sixth Circuit's recent decision in *Cooey v. Strickland*, 479 F.3d 412 (6th Cir. 2007), that Broom's motion to intervene may be denied because Broom's claim is time-barred. Accordingly, as more fully discussed below, Defendants respectfully request that the Court deny Broom's motion.

### A.    For the reasons stated by Defendants previously, the Court should deny Broom's motion.

Defendants incorporate by reference their arguments in opposition to the motions of previous intervenors, see, e.g., Doc. 51, pp. 4-7.

### B.    Broom's motion to intervene may be denied because Broom's action is time- barred.

It is well-established that a motion to intervene may be denied if the intervenor's cause of action is barred by the statute of limitations. *Crowley Maritime Corp. v. Panama Canal Com'n.*, 849 F.2d 951 (5th Cir. 1988) (affirming the district court's dismissal of a motion to intervene on statute of limitations grounds); *Atkins v. General Motors Corp.*, 701 F.2d 1124, 1130 n .5 (5th Cir. 1983) (same); *Holmes v. Boal*, 2005 U.S. Dist. LEXIS 18972, *6-10 (D. Kan. Aug. 22, 2005) (denying a motion to intervene in a civil rights case on the basis of futility because the intervenor's proposed complaint would be barred by the applicable statute of limitations); *State Farm Mut. Auto Ins. Co. v. United States*, 2003 U.S. Dist. LEXIS 6013 (E.D. La. Apr. 10, 2003)

(concluding "that it is appropriate to deny a motion to intervene when the intervenor seeks to raise claims that are time barred"); *Ceribelli v. Elghanayan*, 1994 U.S. Dist. LEXIS 13681 (S.D.N.Y. Sept. 26, 1994) (noting that "this Court's research has disclosed no other case which granted a motion for intervention filed after expiration of the statute of limitations").

In *Cooey v. Strickland*, *supra*, the Sixth Circuit held, upon Defendants' interlocutory appeal in this case, that Cooey's claim is time-barred under the applicable two-year statute of limitations because it accrued as late as December of 2001, when Ohio mandated lethal injection as its exclusive method of execution.  479 F.3d at 422.  Broom's claim is time-barred for the same reason.  Accordingly, consistent with the legal authority cited above, this Court may deny Broom's motion to intervene on the ground that his claim is time-barred.  Defendants recognize that the Sixth Circuit's decision in *Cooey v. Strickland*, *supra*, is pending a petition for rehearing *en banc*.  However, unless or until such a petition is granted, the decision is binding precedent.  Moreover, nothing precludes this Court from denying Broom's motion without prejudice to its renewal, in the event that rehearing en banc is granted and the decision in *Cooey v. Strickland*, *supra*, is vacated.  *See Marathon Oil Co. v. Texas City Terminal Railway Co.*, 172 F. Supp. 2nd 897 (S.D.Texas, Nov. 19, 2001) (granting defendants' motion to dismiss based on intervening decision of the Fifth Circuit, while also granting leave for plaintiffs to request reconsideration in the event that Fifth Circuit granted pending petition for rehearing en banc).

Accordingly, for all the reasons set forth above, Defendants respectfully request that the Court deny Broom's motion to intervene.

Respectfully submitted,

**MARC DANN**
Ohio Attorney General

/s/ Charles L. Wille
**CHARLES L. WILLE (0056444)**
Principal Assistant Attorney General
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215-3428
(614) 728-7055; (614) 728-8600 (fax)
Email: cwille@ag.state.oh.us

**HEATHER L. GOSSELIN (0072467)**
Principal Assistant Attorney General
30 East Broad Street, 23rd Floor
Columbus, Ohio 43215-3428
(6l4) 728-7055; (614) 728-8600 (fax)
Email: hgosselin@ag.state.oh.us

**COUNSEL FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of *Defendants' Opposition to Motion to Intervene by Romell Broom* was filed electronically this 16th day of May 2007. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I also hereby certify that a copy of the foregoing has been forwarded to Romell Broom, Ohio State Penitentiary, 878 Coitsville-Hubbard, P.O. Box 1436, Youngstown, OH 44505, via regular U.S. mail, postage pre-paid, on this 16th day of May 2007.

s/ Charles L. Wille
**CHARLES L. WILLE (0056444)**
Principal Assistant Attorney General

5