IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD COOEY, et al.,**

    **Plaintiff,**

    v.                                       Case No. 2:04-cv-1156
                                                  JUDGE GREGORY L. FROST
**TED STRICKLAND, et al.,**                Magistrate Judge Mark R. Abel

    **Defendants.**

### SCHEDULING ORDER AND ORDER OF DISMISSAL

Richard Cooey, a state prisoner sentenced to death by the State of Ohio, is the original plaintiff in a civil rights action pending before this Court that challenges multiple facets of the lethal injection protocol used by the State of Ohio.  This matter is before the Court upon issuance of the June 12, 2008 mandate of the Sixth Circuit, following its decision in *Cooey v. Strickland*, 479 F.3d 412 (6th Cir. 2007), which, among other things, directs this Court to **DISMISS** Plaintiff Richard Cooey's 42 U.S.C. § 1983 complaint with prejudice as barred by the statute of limitations.

In *Cooey v. Strickland*, the Sixth Circuit reversed a decision of this Court that concluded in relevant part that Richard Cooey had timely filed his 42 U.S.C. § 1983 complaint challenging multiple facets of the lethal injection protocol by which the State of Ohio intended to execute him.  In so doing, the Sixth Circuit remarked that the two-year statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his injury has occurred.  *Id*. at 416.  The Sixth Circuit went on to announce that, "since the 'date' the lethal injection protocol is imposed is infeasible, it stands to reason that the next most appropriate accrual date should mirror that found in the AEDPA: upon conclusion of direct

review in the state court or the expiration of time for seeking such review." *Id*. at 421-22.  Thus, the Sixth Circuit appeared to hold that such claims begin to accrue upon conclusion of direct review in the state courts *and* when the plaintiff knows or has reason to know about the act providing the basis of his injury.  As to that latter condition, when the plaintiff knows or has reason to know about the act providing the basis of his injury, the Sixth Circuit offered several possible dates: either when Ohio adopted lethal injection as a method of execution in 1993 or when Ohio made it the exclusive method of execution in 2001.  *Id*. at 422.  The Sixth Circuit did not resolve that question because it concluded that "even under the later date, 2001, Cooey's claim exceeds the two-year statute of limitations deadline because his claim was not filed until December 8, 2004." *Id*.

       The Sixth Circuit made clear that this Court is to dismiss with prejudice Plaintiff Richard Cooey's 42 U.S.C. § 1983 complaint as barred by the statute of limitations.  In light of the appellate mandate (Doc. # 276), which was filed on the docket of this Court on July 3, 2008, the Court hereby **DISMISSES WITH PREJUDICE** Plaintiff Richard Cooey's 42 U.S.C. § 1983 complaint as barred by the statute of limitations.  The Clerk shall enter judgment accordingly and terminate Cooey as a party upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.  Defendants' pending motion to dismiss is therefore moot in regard to Cooey.  (Doc. # 273.)

       The fate of the remaining plaintiff-intervenors remains to be determined.  Faced with a definition by the Sixth Circuit of the appropriate statute of limitations that is fairly firm but still subject to some interpretation, this Court is constrained to solicit input from the parties about which complaints must be dismissed with prejudice as time-barred and which complaints were

timely filed. For purposes of clarity and to permit up-to-date briefing, the Court **DENIES WITHOUT PREJUDICE** Defendants' motion to dismiss the remaining plaintiffs (Doc. # 273) and **ORDERS** Defendants to file separate motions to dismiss by July 14, 2008; Plaintiffs to file any memoranda in opposition by July 21, 2008; and Defendants to file any reply memoranda by July 24, 2008. The Court will grant no extensions of time. A non-oral hearing on the motions is scheduled for July 25, 2008.

Additionally, the Court hereby **STAYS** the filing of any answers or other responsive pleadings required by the Federal Rules of Civil Procedure and/or the Local Rules. In the event that the Court determines–after consideration of the briefing described above–that any of the plaintiff-intervenors filed timely complaints that survive a motion to dismiss, the Court will issue a subsequent pretrial scheduling order.

**IT IS SO ORDERED**.

            /s/ Gregory L. Frost
            GREGORY L. FROST
            UNITED STATES DISTRICT JUDGE