IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD COOEY, et al.,**

    **Plaintiff,**

    v.                                    Case No. 2:04-cv-1156
                                                JUDGE GREGORY L. FROST
**TED STRICKLAND, et al.,**              Magistrate Judge Mark R. Abel

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants' Motion to Dismiss (Doc. # 298), Plaintiff Maurice Mason's memorandum in opposition (Doc. # 303), and Defendants' reply memorandum (Doc. # 332). For the reasons that follow, this Court finds the motion well taken.

Mason asserts claims under 42 U.S.C. § 1983 challenging multiple facets of the lethal injection protocol by which the State of Ohio intends to execute him. Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(6) on the ground that the Sixth Circuit's decision in *Cooey v. Strickland*, 479 F.3d 412 (6th Cir. 2007), requires dismissal of the § 1983 claims asserted here. Previously, this Court issued an Opinion and Order in this litigation that discussed at length the Sixth Circuit's construction in *Cooey* of the statute of limitations for such § 1983 claims. (Doc. # 344.) The Court adopts and incorporates herein the entirety of that decision and attaches it to the instant decision for ease of reference.

As this Court noted in that prior decision, *Cooey* teaches that § 1983 claims of the sort asserted in this case begin to accrue upon conclusion of direct review in the state courts and when a plaintiff knows or has reason to know about the act providing the basis of his or her

injury. *Id.* at 422. Even in light of recent changes to the lethal injection protocol and the United States Supreme Court's issuance of *Baze v. Rees*, 128 S. Ct. 1520 (2008)–the latter of which pre-dated issuance of the *Cooey* mandate–the court of appeals issued *Cooey* as binding authority. This authority reasons that a plaintiff knew or had reason to know about the act providing the basis of his or her injury when Ohio made lethal injection the exclusive method of execution in December 2001. *Cooey*, 479 F.3d at 422. Consequently, review of the briefing and the record indicates that the following dates are relevant to the statute of limitations issue:

>   (1) Date of Mason's conviction and sentence: July 7, 1994.
>
>   (2) Date the United States Supreme Court denied *certiorari*: December 14, 1998.
>
>   (3) Date the Sixth Circuit has held inmates like Mason should have been aware of their § 1983 lethal injection protocol claims: December 2001, at the latest.

In light of the foregoing, this Court concludes that the rationale of *Cooey* applies to Mason's § 1983 claims. This means that the statute of limitations on these claims therefore expired, at the latest, in December 2003.

Mason disputes this conclusion. Citing *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), Mason asserts in his memorandum in opposition that his "sentence of death has been vacated by the Sixth Circuit Court of Appeals on February 6, 2003." (Doc. # 303, at 4.) This factual representation suggests that his statute of limitations either should be tolled or should be considered as having restarted following re-imposition of Mason's death sentence. But Mason's factual representation is simply not correct. Unlike Plaintiff Jerome Henderson, for example, Mason's death sentence has never been vacated by any court for any period of time.

In the appellate decision to which Mason directs this Court, the Sixth Circuit addressed

whether the district court had properly denied Mason habeas relief. *Mason*, 320 F.3d at 613. The court of appeals concluded that Mason had failed to present grounds entitling him to habeas relief with one potential exception: possible ineffective assistance of counsel in the sentencing phase. *Id.* at 620-21. Concluding that the record on appeal was inadequate to allow for a determination of this issue, the court of appeals majority remanded "the case for an evidentiary hearing regarding the claim of ineffective assistance of counsel at sentencing." *Id.* at 642. Nothing in the language of this appellate decision overturned Mason's sentence. The Sixth Circuit thus did not *vacate* Mason's sentence of death, but simply *issued a remand* for further factual development. On remand, the district court again denied habeas relief. *Mason v. Mitchell*, 396 F. Supp. 2d 837 (N.D. Ohio 2005). Accordingly, the statute of limitations continued to run and no tolling, if even possible, is appropriate.

Mason has raised no other arguments to save his claims that the Court did not previously consider and reject in its attached and incorporated Opinion and Order. Thus, because Mason's assertion of his § 1983 claims is time-barred, the Court **GRANTS** Defendants' Motion to Dismiss. (Doc. # 298.)

    **IT IS SO ORDERED**.

                                                /s/ Gregory L. Frost
                                            GREGORY L. FROST
                                            UNITED STATES DISTRICT JUDGE