**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**RICHARD COOEY, et al.,**

    **Plaintiff,**

  **v.**                                    **Case No. 2:04-cv-1156**
                                                **JUDGE GREGORY L. FROST**
**TED STRICKLAND, et al.,**          **Magistrate Judge Mark R. Abel**

    **Defendants.**

**OPINION AND ORDER**

       This matter is before the Court for consideration of Defendants' Motion to Dismiss (Doc. # 289), Plaintiff Jason Getsy's memorandum in opposition (Doc. # 301), and Defendants' reply memorandum (Doc. # 327). For the reasons that follow, the Court finds the motion well taken.

       Getsy asserts claims under 42 U.S.C. § 1983 challenging multiple facets of the lethal injection protocol by which the State of Ohio intends to execute him. Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(6) on the ground that the Sixth Circuit's decision in *Cooey v. Strickland*, 479 F.3d 412 (6th Cir. 2007), requires dismissal of the § 1983 claims asserted here. Before the Court can decide that issue, however, a discussion on whether Getsy had standing to intervene in this action is necessary. Although no party has raised the issue of whether Getsy had standing to intervene in this action, standing is jurisdictional and courts may raise the matter *sua sponte* in order to ensure that they possess jurisdiction. *See, e.g., City of Cleveland v. Ohio*, 508 F.3d 827, 835 (6th Cir. 2007).

       A review of dates relevant to Getsy reveals that he was under a valid sentence of death at the time he filed his motion to intervene in this action and at the time this Court granted his motion and docketed his complaint. Getsy was sentenced to death on September 12, 1996. The

United States Supreme Court denied his *certiorari* petition on June 24, 1999. Thereafter, after filing an unsuccessful habeas action with the district court, Getsy obtained an August 2, 2006 court of appeals decision that stated that Getsy was entitled to habeas relief and would have effectively vacated his death sentence. But no mandate ever issued on that decision, because the case proceeded to an *en banc* panel of the Sixth Circuit that, on July 25, 2007, disagreed with the panel that had sought to vacate Getsy's death sentence.

Prior to the *en banc* decision, Getsy filed a motion to intervene in this action on May 1, 2007, a time at which he effectively was still under a valid sentence of death, due to the fact that absent a mandate, the appellate panel had not vacated his death sentence on August 2, 2006. This Court granted Getsy's motion to intervene and docketed his complaint on June 25, 2007. (Doc. # 203.) Getsy had standing to pursue his § 1983 action because, unlike Plaintiff Jerome Henderson who had obtained relief in the district court, there was never a decision in effect that vacated his death sentence. Thus, unlike Henderson, there was never a decision of any effect that would restart the statute of limitations.

This leaves the issue of whether Getsy's § 1983 filing was timely. Previously, this Court issued an Opinion and Order in this litigation that discussed at length the Sixth Circuit's construction in *Cooey* of the statute of limitations for such § 1983 claims. (Doc. # 344.) The Court adopts and incorporates herein the entirety of that decision and attaches it to the instant decision for ease of reference.

As this Court noted in that prior decision, *Cooey* teaches that § 1983 claims of the sort asserted in this case begin to accrue upon conclusion of direct review in the state courts and when a plaintiff knows or has reason to know about the act providing the basis of his or her

injury. 479 F.3d at 422. Even in light of recent changes to the lethal injection protocol and the United States Supreme Court's issuance of *Baze v. Rees*, 128 S. Ct. 1520 (2008)–the latter of which pre-dated issuance of the *Cooey* mandate–the court of appeals issued *Cooey* as binding authority. This authority reasons that a plaintiff knew or had reason to know about the act providing the basis of his or her injury when Ohio made lethal injection the exclusive method of execution in December 2001. *Cooey*, 479 F.3d at 422. Consequently, review of the briefing and the record indicates that the following dates are relevant to the statute of limitations issue:

    (1) Date of Getsy's conviction and sentence: September 12, 1996.

    (2) Date the United States Supreme Court denied *certiorari*: June 24, 1999.

    (3) Date the Sixth Circuit has held inmates like Getsy should have been aware of their § 1983 lethal injection protocol claims: December 2001, at the latest.

In light of the foregoing, this Court concludes that the rationale of *Cooey* applies to Getsy's § 1983 claims. The statute of limitations on these claims therefore expired, at the latest, in December 2003. Getsy has raised no arguments to save his claims that the Court did not previously consider and reject in its attached and incorporated Opinion and Order. Thus, because Getsy's assertion of his § 1983 claims is time-barred, the Court **GRANTS** Defendants' Motion to Dismiss. (Doc. # 289.)

    **IT IS SO ORDERED**.

                                                /s/ Gregory L. Frost
                                             GREGORY L. FROST
                                             UNITED STATES DISTRICT JUDGE