IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD COOEY, et al.,**

    **Plaintiff,**

   **v.**                                                Case No. 2:04-cv-1156
                                                                          JUDGE GREGORY L. FROST
**TED STRICKLAND, et al.,**            Magistrate Judge Mark R. Abel

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court pursuant to the Sixth Circuit's July 8, 2008 Order remanding the appeal of the preliminary injunction pertaining to Plaintiff Kenneth Biros. (Doc. # 278.) In that Order, the court of appeals concluded that "the question of whether the preliminary injunction should remain in effect following [*Baze v. Rees*, 128 S. Ct. 1520 (2008),] is an issue that should be addressed initially by the district court" and remanded so that this Court could consider whether the injunction "should be vacated in light of the *Baze* decision." (Doc. # 278, at 1-2.) The Sixth Circuit explained that the scope of the remand permitted this Court to "schedule whatever briefing and hearing schedules it deems necessary for consideration of this matter." (Doc. # 278, at 2.)

Arguably complicating this Court's actions upon remand is the fact that following the April 16, 2008 decision in *Baze*, the Sixth Circuit then issued the June 12, 2008 mandate related to *Cooey v. Strickland*, 479 F.3d 412 (6th Cir. 2007). Defendants have since moved for dismissal (Doc. # 295) of Biros' case under Federal Rule of Civil Procedure 12(b)(6) on the ground that the Sixth Circuit's decision in *Cooey* requires dismissal of the 42 U.S.C. § 1983 claims asserted here based on the statute of limitations. Biros has filed a memorandum in

opposition to that motion (Doc. # 312), and Defendants have filed a reply memorandum (Doc. # 321).

The threshold issue is thus whether the remand permits the Court to consider only the effect, if any, of *Baze* on the injunction or whether it permits the Court to consider the effect of *Baze*, if any, within the context of the fact that the statute of limitations may have expired pursuant to *Cooey*. In other words, does the remand require this Court to pretend that Biros' case is not time barred (if it is) so that the Court can consider *Baze* issues that cannot apply to Biros if his claims are beyond the statute of limitations?

Logic demands that the answer to this question must be no. The appellate panel on the *Biros* remand consisted of Circuit Judges Suhrheinrich, Siler, and Gilman. These exact same judges constituted the appellate panel in *Cooey*. Although that latter panel was split in its decision, the inescapable conclusion is that these judges of course knew what they had done in *Cooey* when they issued the *Biros* remand and would not require this Court to analyze an injunction issued in a potentially time-barred case. Thus, the remand necessarily encompasses the preliminary issue of whether Biros has viable litigation to which *Baze* might apply. To conclude otherwise would charge the court of appeals with being unaware of what it is doing so that it is treating inconsistently litigants in the same district court proceeding who present the same core issues. Although this Court has certainly seen evidence of inconsistent treatment in this often curious litigation, it has not seen such treatment *by the same appellate panel*. The Court therefore concludes that the learned appellate judges must have intended for this Court to address Biros' injunction within the full context of whether *Baze* is relevant, which means that whether *Baze* even matters to Biros' claims is within the scope of the remand. If there is no

timely claim for Biros, as there was with Plaintiff Richard Cooey, then *Baze* does not matter. But if Biros has a timely claim, then *Baze* may matter a great deal.

This conclusion is necessarily limited to Biros. As the Court recently noted in its Opinion and Order[1] regarding the dismissal of Plaintiff Jeffrey Hill, the remand

> did not invalidate the *Cooey* statute of limitations and does not constitute on its face or implicitly instructions to conduct the factfinding Hill seeks on that issue. An inquiry under *Baze* focuses upon the merits of the § 1983 claims being advanced in this litigation, and the *Biros* remand permits this Court to reexamine the likelihood of success Biros has in light of the Supreme Court's recent decision.

(Doc. # 344, at 14.) Accordingly, having thus concluded that the Sixth Circuit intended for this Court to examine Biros and *Baze* in light of controlling precedent, this Court turns to the issue of whether Biros' claims are time barred so as to moot the potential application of *Baze*.

As noted, this Court previously issued an Opinion and Order in this litigation that discussed at length the Sixth Circuit's construction in *Cooey* of the statute of limitations for such § 1983 claims. (Doc. # 344.) This Court noted in that prior decision that *Cooey* teaches that § 1983 claims of the sort asserted in this case begin to accrue upon conclusion of direct review in the state courts and when a plaintiff knows or has reason to know about the act providing the basis of his or her injury. *Id.* at 422. Even in light of recent changes to the lethal injection protocol and the United States Supreme Court's issuance of *Baze*–which, as noted, pre-dated issuance of the *Cooey* mandate–the court of appeals issued *Cooey* as binding authority. This circuit authority reasons that a plaintiff knew or had reason to know about the act providing the basis of his or her injury when Ohio made lethal injection the exclusive method of execution in

---

[1] The Court adopts and incorporates herein the entirety of that decision and attaches it to the instant decision for ease of reference.

December 2001. Consequently, review of the motion to dismiss briefing and the record indicates that the following dates are relevant to the statute of limitations issue:

(1) Date of Biros's conviction and sentence: October 29, 1991.

(2) Date the Ohio Supreme Court affirmed Biros's conviction and sentence: May 14, 1997.

(3) Month in which the time for filing a petition for *certiorari* with the United States Supreme Court expired: August 1997.

(4) Date the Sixth Circuit has held inmates like Biros should have been aware of their § 1983 lethal injection protocol claims: December 2001, at the latest.

In light of the foregoing, this Court concludes that the rationale of *Cooey* does not render Biros' § 1983 claims untimely. The statute of limitations on these claims has therefore not expired. Regardless of whether (1) the Court exempts out of the limitations calculation the period when Biros was *not* under a sentence of death due to an initially successful habeas petition that ultimately failed (perhaps exempting as much as from December 13, 2002 to January 23, 2006) or (2) the Court holds that the limitations period did not even begin to run until reversal of Biros' habeas petition, the end result is the same: the two-year statute of limitation did not expire prior to Biros' October 18, 2006 motion to intervene.[2] (Doc. # 95.)

---

[2] It is important to note that the Sixth Circuit explained in *Cooey* that an inmate such as Cooey (and therefore such as Biros) "should have known of his cause of action in 2001 after amendments to the law required that he be executed by lethal injection, and the information was publicly available upon request." *Cooey*, 479 F.3d at 422. Crediting that analysis, this Court calculates Biros' statute of limitations–assuming *arguendo* that it did not restart entirely following the reversal of his habeas petition–to have begun to run as of December 2001. This Court recognizes that the Cooey majority left open the door for an accrual date in 1993 for the knowledge component of the analysis, *id.*, but in the absence of guidance by the appellate court, this Court shall adhere to the date upon which the Sixth Circuit relied in *Cooey*.

Having concluded that Biros' § 1983 case survives the threshold statute of limitations challenge on the grounds discussed above, the Court need not and does not address his alternative arguments that the Court did not previously consider and reject in its attached and incorporated Opinion and Order. Thus, because Biros's assertion of his § 1983 claims is not time-barred, the Court must proceed under the remand to address the possible application of *Baze*.

Cognizant that the Sixth Circuit has instructed this Court to "schedule whatever briefing and hearing schedules it deems necessary for its consideration of this matter" (Doc. # 278, at 2), the Court therefore **ORDERS**:

(1) The Court **DENIES** Defendants' Motion to Dismiss. (Doc. # 295.)

(2) The Court deems it necessary under the remand order to schedule an in-court hearing beginning on December 15, 2008, at 9:00 a.m., on the application of *Baze* to the preliminary injunction. This hearing shall include the presentation of evidence, including testimony if any party so desires, and argument as to whether *Baze* proves dispositive of or otherwise informs to any extent the injunction issue. The parties should be prepared to address whether under a *Baze* inquiry Biros has a likelihood of success in this litigation so as to warrant continued injunctive relief.

(3) In order to facilitate this hearing, the Court orders that, by September 4, 2008 Defendants must turn over to counsel for Biros the entirety of its lethal injection protocol, including but not limited to all information related to the training and qualifications of all personnel involved in the execution process, as well as all techniques, practices, and equipment employed in the execution process.

(4) The parties shall identify their experts and all other witnesses by September 25, 2008.

(5) The parties should complete all depositions related to the in-court hearing by October 24, 2008.

(6) Biros shall file a brief in support of his preliminary injunction by November 14, 2008. Defendants shall file a memorandum in opposition by November 28, 2008. Biros shall file a reply memorandum by December 8, 2008.

(7) The parties are advised that failure to comply with the discovery contemplated in this Opinion and Order will result in the imposition of any applicable and appropriate potential sanction.

(8) In order to expedite discovery and avoid unnecessary delay, no party may file any motion related to discovery without first contacting the Court by telephone in order to schedule a status conference so that the Court can address the dispute directly and promptly.

**IT IS SO ORDERED**.

        /s/ Gregory L. Frost  
GREGORY L. FROST  
UNITED STATES DISTRICT JUDGE