**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**RICHARD COOEY, et al.,**

    **Plaintiff,**

    **v.**                                  **Case No. 2:04-cv-1156
                                                  JUDGE GREGORY L. FROST**
**TED STRICKLAND, et al.,**           **Magistrate Judge Mark R. Abel**

    **Defendants.**

**OPINION AND ORDER**

This matter is before the Court for consideration of Defendants' Motion to Dismiss (Doc. # 280), Plaintiff Johnnie Baston's memorandum in opposition (Doc. # 373), and Defendants' reply memorandum (Doc. # 376). For the reasons that follow, this Court finds the motion well taken.

Baston asserts claims under 42 U.S.C. § 1983 challenging multiple facets of the lethal injection protocol by which the State of Ohio intends to execute him. Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(6) on the ground that the Sixth Circuit's decision in *Cooey v. Strickland*, 479 F.3d 412 (6th Cir. 2007), requires dismissal of the § 1983 claims asserted here. Previously, this Court issued an Opinion and Order in this litigation that discussed at length the Sixth Circuit's construction in *Cooey* of the statute of limitations for such § 1983 claims. (Doc. # 344.) The Court adopts and incorporates herein the entirety of that decision and attaches it to the instant decision for ease of reference.

As this Court noted in that prior decision, *Cooey* teaches that § 1983 claims of the sort asserted in this case begin to accrue upon conclusion of direct review in the state courts and when a plaintiff knows or has reason to know about the act providing the basis of his or her

injury. *Id.* at 422. Even in light of recent changes to the lethal injection protocol and the United States Supreme Court's issuance of *Baze v. Rees*, 128 S. Ct. 1520 (2008)–the latter of which pre-dated issuance of the *Cooey* mandate–the court of appeals issued *Cooey* as binding authority. This authority reasons that a plaintiff knew or had reason to know about the act providing the basis of his or her injury when Ohio made lethal injection the exclusive method of execution in December 2001. *Cooey*, 479 F.3d at 422. Consequently, review of the briefing and the record indicates that the following dates are relevant to the statute of limitations issue:

(1) Date of Baston's conviction and sentence: February 24, 1995.

(2) Date the United States Supreme Court denied *certiorari*: December 6, 1999.

(3) Date the Sixth Circuit has held inmates like Baston should have been aware of their § 1983 lethal injection protocol claims: December 2001, at the latest.

In light of the foregoing, this Court concludes that the rationale of *Cooey* applies to Baston's § 1983 claims. The statute of limitations on these claims therefore expired, at the latest, in December 2003. Baston has raised no arguments to save his claims that the Court did not previously consider and reject in its attached and incorporated Opinion and Order. Thus, because Baston's assertion of his § 1983 claims is time-barred, the Court **GRANTS** Defendants' Motion to Dismiss. (Doc. # 280.)

      **IT IS SO ORDERED**.

                                         /s/ Gregory L. Frost
                                        GREGORY L. FROST
                                        UNITED STATES DISTRICT JUDGE