## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**RICHARD COOEY, et al.,**

   **Plaintiff,**

  **v.**           **Case No. 2:04-cv-1156**
                 **JUDGE GREGORY L. FROST**
**TED STRICKLAND, et al.,**    **Magistrate Judge Mark R. Abel**

   **Defendants.**

## OPINION AND ORDER

   This matter is before the Court for consideration of Defendants' Amended Motion to

Dismiss (Doc. # 340), Plaintiff Mark Wiles' memorandum in opposition (Doc. # 341), and

Defendants' reply memorandum (Doc. # 375).  For the reasons that follow, this Court finds the

motion well taken.

   For purposes of the record, the Court notes as an initial matter that, after Wiles filed his

memorandum in opposition *pro se* (Doc. # 341), counsel subsequently filed a notice of

appearance on his behalf (Doc. # 363).  On September 3, 2008, this Court therefore issued an

Order in which it noted that "[c]ounsel for Wiles is free to either stand by the *pro se*

memorandum contra that Wiles filed on August 11, 2008 (Doc. # 341) or file a new

memorandum contra that would replace Wiles' filing."  (Doc. # 365, at 2 n.2.)  Via counsel,

Wiles subsequently filed a September 10, 2008 notice in which he elected to stand on his *pro se*

memorandum.  (Doc. # 372.)

   Wiles asserts claims under 42 U.S.C. § 1983 challenging multiple facets of the lethal

injection protocol by which the State of Ohio intends to execute him.  Defendants move for

dismissal under Federal Rule of Civil Procedure 12(b)(6) on the ground that the Sixth Circuit's

decision in *Cooey v. Strickland*, 479 F.3d 412 (6th Cir. 2007), requires dismissal of the § 1983

claims asserted here.  Previously, this Court issued an Opinion and Order in this litigation that

discussed at length the Sixth Circuit's construction in *Cooey* of the statute of limitations for such

§ 1983 claims.  (Doc. # 344.)  The Court adopts and incorporates herein the entirety of that

decision and attaches it to the instant decision for ease of reference.

As this Court noted in that prior decision, *Cooey* teaches that § 1983 claims of the sort

asserted in this case begin to accrue upon conclusion of direct review in the state courts and

when a plaintiff knows or has reason to know about the act providing the basis of his or her

injury.  *Id.* at 422.  Even in light of recent changes to the lethal injection protocol and the United

States Supreme Court's issuance of *Baze v. Rees*, 128 S. Ct. 1520 (2008)–the latter of which pre-

dated issuance of the *Cooey* mandate–the court of appeals issued *Cooey* as binding authority.

This authority reasons that a plaintiff knew or had reason to know about the act providing the

basis of his or her injury when Ohio made lethal injection the exclusive method of execution in

December 2001.  *Cooey*, 479 F.3d at 422.  Consequently, review of the briefing and the record

indicates that the following dates are relevant to the statute of limitations issue:

(1) Date of Wiles' conviction and sentence: February 12, 1986.

(2) Date the United States Supreme Court denied *certiorari*: October 5, 1992.

(3) Date the Sixth Circuit has held inmates like Wiles should have been aware of their §

1983 lethal injection protocol claims: December 2001, at the latest.

In light of the foregoing, this Court concludes that the rationale of *Cooey* applies to

Wiles' § 1983 claims.  Although Wiles did obtain a favorable judgment in the state court of

appeals related to a petition for post-conviction relief, that judgment did not at any time vacate

his sentence as death so as to disturb his § 1983 statute of limitations.  *See State v. Wiles*, 126

Ohio App. 3d 71, 709 N.E.2d 898 (1998).  The statute of limitations on these claims therefore

expired, at the latest, in December 2003.  Wiles has raised no arguments to save his claims that

the Court did not previously consider and reject in its attached and incorporated Opinion and

Order.  Thus, because Wiles' assertion of his § 1983 claims is time-barred, the Court **GRANTS**

Defendants' Amended Motion to Dismiss.  (Doc. # 340.)

       **IT IS SO ORDERED**.

                    /s/ Gregory L. Frost

                  GREGORY L. FROST

                  UNITED STATES DISTRICT JUDGE