IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD COOEY, et al.,**

  **Plaintiff,**

  v.             Case No. 2:04-cv-1156
                JUDGE GREGORY L. FROST
**TED STRICKLAND, et al.,**      Magistrate Judge Mark R. Abel

  **Defendants.**

## ORDER

  This matter is before the Court for consideration of the September 24, 2008 Motion to Participate in Plaintiff Biros' Preliminary Injunction Discovery and Evidentiary Hearing Proceedings filed by Plaintiffs James Conway and Marvin Johnson.[1]  (Docs. # 401, 402.)  In this motion, the moving plaintiffs seek permission to participate in discovery proceedings related to the December 15, 2008 hearing on Kenneth Biros' preliminary injunction.  Conway and Johnson also seek to participate in the actual hearing.  None of the arguments Conway and Johnson offer to support these requests are persuasive.

  Conway and Johnson argue that as plaintiffs, they are entitled to discovery in this litigation.  The Court agrees.  This Court also recognizes, however, that a case schedule affording the parties ample time for discovery will be set and that the December 15, 2008 hearing is not a trial on the merits of this action.  Rather, that hearing involves one specific plaintiff and whether he–*only* he–is entitled to a preliminary injunction.  The outcome of that hearing will not and *can not* prove dispositive for the remaining plaintiffs in this litigation; in

---

[1] Conway and Johnson filed the motion on the docket twice.  (Docs. # 401, 402.)

fact, the hearing can not even provide a conclusive decision on the merits of Biros' claims.  This is because any findings of fact and conclusions of law made by a district court in addressing a request for injunctive relief are not binding at a trial on the merits.  *See United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004) (citing *Univ. of Texas v. Camenisch,* 451 U.S. 390, 395 (1981)).  Thus, the argument by Conway and Johnson that they must participate to protect their claims rings hollow.

Conway and Johnson also assert that participation is required to avoid redundant discovery proceedings and to preserve judicial resources.  Although the requested participation might avoid some redundancy, mere overlap in discovery is insufficient cause under these circumstances to permit parties to intervene in preliminary injunction proceedings that do not affect their claims.  To the degree there may be eventual redundant discovery in this litigation, the Court concludes that this is both inherent to such multi-party litigation and acceptable.

Additionally, to the degree that the requested participation might theoretically conserve judicial resources, such as by avoiding multiple discovery disputes, the Court credits this goal but concludes that such conservation would be at best minimal.  Moreover, the requested participation might in fact hinder the proceedings by introducing additional parties into a proceeding unnecessarily, which could lead to discovery disputes related to the December 15, 2008 hearing that would otherwise not exist.

Finally, Conway and Johnson make the curious assertion that they must be permitted to participate to "prevent Biros or Defendants from gaining an unfair advantage by getting a 'first bite of the apple' when it comes to developing facts before Conway or Johnson have a chance to develop their claims." (Doc. # 401, at 3; Doc. # 402, at 3.)  This odd argument overlooks the

fact that neither Conway nor Johnson are litigating claims against Biros.  It also ignores the fact that the merits of this case will not be decided on the basis of which party prepares first, or argues first to the Court.  The facts will be what the facts will be, regardless of the timing of their "development."

Given the foregoing, this Court concludes that the requested participation by Conway and Johnson is not necessary to preserve their right to discovery or to protect the development of their claims.  The requested participation is also not essential to the ability of these individuals to present their claims at an eventual trial on the merits.  The December 15, 2008 hearing involves Biros' preliminary injunction, a notably specific and non-dispositive matter, and this Court will not permit parties to turn that narrow proceeding into an expedited trial on the merits.

The Court in its discretion therefore **DENIES** the September 24, 2008 Motion to Participate in Plaintiff Biros' Preliminary Injunction Discovery and Evidentiary Hearing Proceedings filed by Plaintiffs James Conway and Marvin Johnson.  (Docs. # 401, 402.)

**IT IS SO ORDERED**.

                                                     /s/ Gregory L. Frost
                                                  GREGORY L. FROST
                                                  UNITED STATES DISTRICT JUDGE