UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD COOEY, et al.,**

       Plaintiffs,                    Case No. 2:04-cv-1156
                                        JUDGE GREGORY L. FROST
   v.                              Magistrate Judge Mark R. Abel

**TED STRICKLAND, et al.,**

       Defendants.

**ORDER**

On October 19, 2009, the captioned case came before the Court for a final pretrial conference. This Order memorializes the results of that conference as follows:

(1) Counsel for all parties were present in person or telephonically.

(2) The Court discussed at length with the parties the issues of outstanding discovery, including additional discovery issues concerning the attempted execution of Romell Broom on September 15, 2009, issues concerning expert witnesses, and the issue that Defendants are both considering adopting a new execution protocol that would be materially different than the existing protocol and considering making changes to the existing protocol. *See* Fed. R. Civ. P. 16(c)(2)(F) and (e). Given these and other developments, and in light of the Court's inherent discretion to manage its docket, the Court finds that a continuance of the trial date is necessary.

Although the parties have worked hard at completing all necessary discovery in advance of the scheduled November 2, 2009 trial date, there is still a significant amount of discovery yet to be completed. It does not appear likely that the parties will be able to complete this discovery by November 2, 2009. Because the yet-to-be completed discovery targets core issues central to

the disposition of this case, good cause exists to continue the trial date. Accordingly, the Court in the interests of justice **VACATES** the November 2, 2009 trial date and reschedules the trial for July 12, 2010.

(3) The Court **ORDERS** that the parties shall complete all remaining discovery by June 30, 2010. The parties shall contact the Court one week prior to that date if it appears that they will not be able to complete the remaining discovery by this deadline. Said discovery to be completed shall include discovery from experts concerning any new execution protocol.

(4) Given the need for additional discovery, the Court shall hold all pending motions in abeyance. The Court shall establish new dates for the completion of briefing on these motions and for their disposition in subsequent consultation with the parties.

(5) Plaintiff Kenneth Biros is currently scheduled to be executed on December 8, 2009. Based on the outstanding discovery issues, particularly uncompleted discovery related to the attempted September 15, 2009 execution of Romell Broom, as well as this Court's review and evaluation of the discovery materials developed after the Broom execution attempt and filed with this Court, the Court concludes that it must revisit the issue of whether a stay of execution is warranted for Biros. Such a stay would preserve the status quo, would prevent Biros' claims in this litigation being rendered moot by his scheduled execution, and would enable Biros to litigate his case at trial using the discovery developed as a result of this Order.

Informing this Court's consideration of Biros' situation is the recent Sixth Circuit decision of *Reynolds v. Strickland*, No. 08-4144, 2009 WL 3166083 (6th Cir. Oct. 5, 2009). In *Reynolds*, the Sixth Circuit considered whether Ohio death row inmate Lawrence Reynolds was entitled to a stay of execution based on Ohio's May 2009 revision of its lethal injection protocol

and the purported pattern of difficulty in performing executions, including the events of the attempted Broom execution. *Id.* at *1. The *Reynolds* majority concluded that "[g]iven the important constitutional and humanitarian issues at stake," a stay was warranted in order to enable the undersigned to conduct "a comprehensive review of these issues for both Reynolds and Broom." *Id.* Accordingly, the majority granted a stay of execution and remanded the case to this Court "for fact-finding and evidentiary hearings on the merits of [the] arguments." *Id.*

Notably, this precedent did not turn on the conventional injunctive relief inquiry into whether the party seeking a stay of execution had demonstrated a substantial likelihood of success on the merits. Instead, the Sixth Circuit focused on the need to develop the facts, which targets a need to engage in discovery leading to an evidentiary hearing. The same rationale that resulted in the court of appeals' staying Reynolds' execution applies to Biros. This Court cannot say whether Biros is entitled to an ongoing stay of execution based on facts arising from the Broom execution attempt until this Court knows what those facts are. The uncompleted discovery involves these and related facts. Given the issues involved and the instruction of the appellate court, Biros is as entitled to a stay affording him time for discovery and to be heard at trial on the merits of his claims. Therefore, in order to promote the just disposition of this action and over the objection of Defendants, the Court concludes that a stay of execution is necessary. *See* Fed. R. Civ. P. 16(c)(2)(P) (permitting a court to take "appropriate action" to facilitate the just disposition of an action); *Reynolds*, 2009 WL 3166083. **Thus, it is ORDERED, ADJUDGED, and DECREED that the State of Ohio, and any person acting on its behalf, is hereby STAYED from implementing an order for the execution of Kenneth Biros issued by any court of the State of Ohio until further Order from this Court.** The Court reserves the

right to reconsider this Order staying the execution of Biros should a new protocol as developed by Defendants render Biros' claims regarding the May 2009 protocol moot.

**IT IS SO ORDERED.**

    /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE