UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD COOEY, et al.,**

      **Plaintiffs**                                      Case No. 2:04-cv-1156
                                                            JUDGE GREGORY FROST
      v.                                                      Magistrate Judge Mark R. Abel

**TED STRICKLAND, et al.,**

      **Defendants**

**NOTICE OF CONSIDERATION BY DEFENDANTS OF CHANGES TO DEFENDANTS' POLICIES AND PROCEDURES FOR THE EXECUTION OF CONDEMNED PRISONERS**

Pursuant to the Court's order of October 19, 2009 and the court's direction to advise it about the Defendants' deliberations, counsel for the defendants now enters this notice.

1. Defendants are actively considering alternative approaches to implementing lethal injection for conducting the execution of prisoners sentenced to death in Ohio. These efforts are focused on identifying medical experts willing and able to advise the State regarding potential alternative approaches to the administration of lethal injection and the identification and analysis of myriad conceivable options. Defendants are expending substantial time each day on these efforts.

2. The ethical and professional licensing implications of the participation of physicians and other medical professions in capital punishment have deterred and continue to deter some physicians and other medical professionals from speaking publicly – or privately – about alternative medications and administration techniques. It has proven to be challenging to solicit advice and input from physicians and other medical professionals concerning alternatives that might be considered.

3. The various factors and issues under consideration, not the least of which is the effective, dignified and humane performance of lethal injections, require that the alternatives under consideration be scrutinized carefully.

4. The defendants are seeking consultations with various officials and with medical professionals, to include pharmacologists and/or physicians, to provide advice on the feasibility of various alternatives. The defendants are attempting to discern the advantages and disadvantages of various medications that could be used in the process of execution by lethal injection and the various means to administer these medications. The defendants are also considering the personnel requirements inherent in these alternatives, including the requisite level of skill and professional training.

5. In particular, substantial outreach efforts have been undertaken to identify trained medical personnel willing and able to provide advice to the State regarding alternative approaches to the administration of lethal injection. In particular, outreach has occurred to judicial, law enforcement, and legislative officials for assistance in identifying medical personnel willing and able to provide advice to the State. Five members of the Ohio General Assembly have agreed to provide assistance in identifying medical consultants. In addition, outreach efforts are underway with medical organizations and educational institutions regarding the identification of medical consultants. A small number of promising leads have emerged, but identifying qualified medical personnel willing and able to provide advice to the State regarding lethal injection options continues to be challenging and time-consuming.

6. The defendants are seeking and considering medication alternatives that discontinue the use of pancuronium bromide and potassium chloride in the execution process, if doing so is technically, medically or scientifically feasible and if the Director of the Department of Rehabilitation and Correction determines that use of these drugs can be discontinued consistent with the performance of the Department's statutorily required duties to carry out the executions of prisoners sentenced to death by the courts of Ohio.

7. The defendants are considering medications that could be administered intravenously, intramuscularly and via interosseous injection. The defendants are considering the administration of opiate medications, benzodiazepines and barbiturates that may be used singly or in tandem simultaneously. The defendants are considering the efficacy of using such drugs in tandem and any potential complications that might arise from interactions. As indicated during Director Collins' deposition testimony, among the many medications under consideration is hydromorphone.

8. The defendants are considering the use of a single drug for intravenous administration; the use of a single drug for intramuscular administration; the use of two drugs for intramuscular administration; the use of one or two drugs for interosseous administration; and various combinations of drugs and methods of administration, either as primary and secondary alternatives, or as co-existing alternatives for selection by the Director, the Warden, or other authorized officials.

9. The defendants are evaluating interosseous administration for its efficacy and its limitations as to particular kinds of medication. The defendants are evaluating the acceptance of this technique by the medical community, and the relative ease or difficulty with which it is administered. The defendants are also considering the amount of pain that may be inherent in the application of this technique, and the potential for the utilization of a topical anesthetic to alleviate such concerns.

10. Given the challenges of obtaining assistance from medical doctors in procedures associated with lethal injection, the defendants, at this time, are not considering means to establish intravenous access different from or in addition to the means currently used by the qualified persons currently employed on defendants' "execution team."

11. Defendants intend to vigorously pursue the identification of qualified medical consultants for the review of lethal injection alternatives. Defendants hope to finalize and implement any changes to defendants' policies and procedures for executing condemned prisoners by lethal injection in such time as to permit, without further delay, the conduct of currently scheduled executions, if the Director of the Department of Rehabilitation and Correction determines that it is feasible to do so

consistent with the requirements of the law. The Director intends to finalize and implement changes in Ohio's execution policies and procedures approximately 30 days before a scheduled execution is conducted under the new policies and procedures, to permit time to train personnel and to effectively implement the new policies and procedures.

Respectfully submitted,

**RICHARD CORDRAY**
**Ohio Attorney General**


s/*Charles L. Wille*
CHARLES L. WILLE* (0056444)
Principal Assistant Attorney General
*Lead Counsel
Criminal Justice Section, Capital Crimes Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
(614) 728-7055; (614) 728-8600 (fax)
Email: charles.wille@ohioattorneygeneral.gov

**Counsel for Defendants**

### CERTIFICATE OF SERVICE

I certify that on October 23, 2009, a copy of the foregoing was served on counsel for Plaintiffs via the court's electronic filing system.

s/ *Charles L. Wille*
Charles L. Wille (0056444)
Assistant Attorney General

4