IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| KENNETH BIROS, | : | CASE NO. 04 CV 01156 |
| | : | |
| Plaintiff-Intervenor | : | Judge Frost |
| | : | |
| vs. | : | |
| | : | |
| TED STRICKLAND et al. | : | |
| | : | |
| Defendants | : | Motion for leave to amend complaint |
| | : | Instanter under FRCP 15(a); in the alternative, Motion to supplement Instanter under FRCP 15(d). |

Now comes Kenneth Biros, Plaintiff-Intervenor, by and through undersigned counsel who requests leave to amend his complaint under FRCP 15(a) or in the alternative to supplement his pleadings under FRCP 15(d). A memorandum in support is attached. Expedited Review Requested. Execution set for December 8, 2009 at 10:00 a.m.

Respectfully submitted,

/s/Timothy F. Sweeney, Esq.          /s/John P. Parker, Esq.
0040027                              0041243
820 West Superior Avenue             988 East 185th Street
Suite 430                            Cleveland, OH 44119
Cleveland, OH 44113                  216-881-0900
216-241-5003                         johnpparker@earthlink.net
216-241-3138 (fax)
Tim@timsweeneylaw.com

Memorandum

On November 30, 2009 the Defendants officially changed the execution protocol for the State of Ohio and notified the Court and all parties of the new protocol. (See Doc. 607-1)

The new protocol is intended to be used in the execution of Ken Biros which is currently scheduled for December 8, 2009 at 10:00 a.m.

The changes made to the protocol are sweeping and unprecedented. The most significant changes are found in paragraph 7 on page 7 of the new protocol. In short, the execution protocol will now use only thiopental sodium administered through IV access; or, a mixture of midazolam and hydromorphone to be administered intramuscularly; or a combination of all three drugs if the IV access fails during the execution process. The warden appears to have total discretion in which method of execution will be administered. See paragraphs 7 and 8 on pages 7-10 of the new protocol.

None of the methods or more specifically none of the medications described in the new protocol have ever been used to execute an inmate in the State of Ohio or elsewhere in the United States or civilized world. To say that the new protocol is groundbreaking and untested is an understatement.

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading only with the opposing party's written consent or with the court's leave. Further, the rule provides "The court should freely give leave when justice so requires."

Under Federal Rule of Civil Procedure 15(d), "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time."

Plaintiff believes that under the unique circumstances of the new and dramatic changes to Ohio's execution protocol implemented unilaterally by the defendants require this Court to allow the amended complaint under either FRCP 15(a)(2) or 15(d). See generally Michael v. Ghee, 498 F.3d 372, 386 (6th Cir. 2007)(citing United States v. Hicks, 350 U.S. App. D.C. 279, 283 F.3d 380, 385-86 (D.C. Cir. 2002).

In addition, the Sixth Circuit has practically invited a challenge to the new protocol by the Plaintiff in this lawsuit. See Biros v. Strickland et al, Case No. 09-4300, filed November 25, 2009, page 3; petition for rehearing and rehearing en banc pending.

The trial in this case is set for July 10, 2010 and the defendants will not be prejudiced. The same core facts concerning Ohio's lethal injection process are contained in the original and this amended/supplemental complaint but the defendants have unilaterally once again fundamentally changed the execution protocol and only 8 days before the Plaintiff's execution.

Wherefore, Mr. Biros requests leave to amend his complaint based on the new protocol announced November 30, 2009.

Respectfully submitted,

/s/Timothy F. Sweeney

/s/John P. Parker

Counsel for Mr. Biros

Certificate of Service

A copy of the foregoing document was served on all parties via the Court's electronic notification system this 2nd day of December 2009.

/s/   John P. Parker

Counsel for Biros