IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| JEROME HENDERSON, | Case No.  2:04-cv-1156 |
| Plaintiff-Intervenor, | Judge Frost |
| v. | Magistrate Judge Abel |
| TED STRICKLAND, Governor, et al. | |
| Defendants. | |

### DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

Defendants Ted Strickland, Governor of the State of Ohio; Terry Collins, Director of the Ohio Department of Rehabilitation and Correction; Phil Kerns, Warden of Southern Ohio Correctional Facility; and un-named "execution team members;" by and through counsel, and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move this Court for dismissal of the amended complaint of the above-named plaintiff for failure to state a claim upon which relief can be granted.  The bases for Defendants' motion are fully set forth in the attached memorandum of law.

Respectfully submitted,

RICHARD CORDRAY
Ohio Attorney General

/s/ *Charles L. Wille*

CHARLES L. WILLE (0056444)
Principal Assistant Attorney General
Criminal Justice Section, Capital Crimes Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
(614) 728-7055; (614) 728-8600 fax
Email: charles.wille@attorneygeneral.gov

          **/s/ *J. Eric Holloway***
          J. ERIC HOLLOWAY (0063857)
          Assistant Attorney General
          Criminal Justice Section
          150 East Gay Street, 16th Floor
          Columbus, Ohio 43215
          (614) 644-7233; (866) 459-6675 FAX
          Eric.Holloway@OhioAttorneyGeneral.gov

          COUNSEL FOR DEFENDANTS

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................ iii

TABLE OF AUTHORITIES ......................................................................................................... iv

MEMORANDUM IN SUPPORT ................................................................................................... 1

I.      Statement of the Case and Facts ........................................................................................ 1

II.     Standard of Review ............................................................................................................ 1

III.    Henderson's amended complaint fails to state any claim upon which relief may be granted. ........................................................................................................... 2

        A.     Henderson's due process, Sixth Amendment, equal protection, negligence and state law claims present no legally viable bases for relief. ................................................................................................................ 2

              1.     Henderson's substantive and procedural due process arguments are precluded by long standing precedents. ....................................... 4

              2.     There is no legal support for Henderson's claim that he has an "unfettered" right under the Sixth Amendment to counsel's presence as a witness at his execution. ............................................. 4

              3.     Henderson's equal protection and negligence claims similarly fail to state viable grounds for relief. ............................................... 5

              4.     Henderson's state law claims as a matter of law cannot sustain relief. .................................................................................................. 6

        B.     Henderson's claims under the Eighth Amendment are legally insupportable or factually implausible. ................................................................. 8

IV.    Conclusion ....................................................................................................................... 10

CERTIFICATE OF SERVICE .................................................................................................... 12

## TABLE OF AUTHORITIES

**<u>CASES</u>**

*Albright v. Oliver*,
    510 U.S. 206, (1994) ................................................................................................ 7

*Allard v. Weitzman (In re DeLorean Motor Co.)*,
    991 F.2d 1236, (6th Cir. 1993) ................................................................................ 5

*Ashcroft v. Iqbal*,
    __ U.S. __, 129 S. Ct. 1937, (2009) ........................................................................ 5

*Brody v. City of Mason*,
    250 F.3d 432, (6th Cir. 2001) .................................................................................. 9

*Cooey (Biros) v. Strickland*,
    __ F. 3d __ (6th Cir. 2009) ...................................................................................... 7

*Ernst v. Rising*,
    427 F.3d 351, (6th Cir. 2005) ................................................................................ 11

*Ex parte Young*,
    209 U.S. 123 (1908) .............................................................................................. 10

*Harper v. AutoAlliance Int'l, Inc.*,
    392 F.3d 195, (6th Cir. 2004) .................................................................................. 9

*Holden v. Minnesota*,
    137 U.S. 483 (1890) ................................................................................................ 8

*Idaho v. Coeur d'Alene Tribe of Idaho*,
    521 U.S. 261, (1997) .............................................................................................. 10

*Kottmyer v. Maas*,
    436 F.3d 684, (6th Cir. 2006) .................................................................................. 4

*Laney v. Farley*,
    501 F.3d 577, (6th Cir. 2000). ................................................................................. 9

*Lillard v. Shelby Bd. of Educ.*,
    76 F.3d 716, (6th Cir. 1996) .................................................................................... 4

*Louisiana ex rel. Francis v. Resweber*,
    329 U.S at 465, 1941) .............................................................................................. 8

*McNeilus Truck & Mfg., Inc. v. State ex rel. Montgomery*,
    226 F.3d 429, (6th Cir. 2000) ................................................................................ 10

<mark>

*Murray v. Giarratano*,
    492 U.S. 1, (1989) ................................................................................................................. 8

*Ohio Adult Parole Authority v. Woodard,*
    523 U.S. 272, (1998) ............................................................................................................. 8

*Pennhurst State School and Hospital v. Halderman,*
    465 U.S. 89, (1984) ............................................................................................................ 10

*Taylor v. First of Am. Bank-Wayne,*
    973 F.2d 1284, (6th Cir. 1992) ........................................................................................... 10

*Workman v. Bredensen*,
    486 F.3d 896, (6th Cir. 2007) .............................................................................................. 9

## **OTHER AUTHORITIES**

Eighth Amendment ................................................................................................................ passim

Eleventh Amendment .................................................................................................................. 10

Fourteenth Amendment ................................................................................................................. 6

## **RULES**

Fed. Civ. R. 12(b)(6) ..................................................................................................................... 1

U.S.C. § 42 Section 1983 ......................................................................................................... 4, 11

## **REGULATIONS**

Ohio Reg. Code Ann. § 2949.22 (A) ...................................................................................... 7, 10

Ohio Revised Code Section 2949.22(A) ....................................................................................... 5

**MEMORANDUM IN SUPPORT**

**I.     Statement of the Case and Facts**

Plaintiff-Intervenor Jerome Henderson (hereinafter "Henderson") is under a sentence of death adjudged by an Ohio court.  On November 9, 2006, Henderson filed a complaint under Title 42 Section 1983 in which he alleged that Ohio's use of a "three-drug protocol" to execute him would violate his rights under the Eighth Amendment.  Defendants thereafter changed their execution procedures, discontinuing the use of a "three-drug protocol" and substituting the use of an intravenously administered single drug to cause the prisoner's death.  Defendants also instituted a "back up" alternative, involving the intramuscular injection of other drugs, in the event that access to the prisoner's veins cannot be obtained.  On January 8, 2010, following a hearing by this Court, and pursuant to the Court's order and without objection by the State, Henderson filed an amended complaint in which he alleges for various reasons that defendants' revised procedures for executing him will violate his constitutional rights.

**II.    Standard of Review**

"Under Rule 12(b)(6) 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006), quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).   The court must accept all facts in the complaint as true and construe the complaint liberally in favor of the plaintiff. *Id*.  "It is plain that, although liberal, the standard does require that a plaintiff plead more than bare legal conclusions." *Lillard v. Shelby Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).   "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.*, citing *Allard v. Weitzman (In re DeLorean Motor*

1

*Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993) (internal quotation marks omitted) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988))

In *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, (2009), the Supreme Court of the United States recently described as follows the standard to be applied in determining whether the *facts* alleged by the plaintiff are sufficient to overcome to a motion to dismiss for failure to state a claim upon which relief can be granted:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. at 1949 (internal citations and quotation marks omitted).

### III. Henderson's amended complaint fails to state any claim upon which relief may be granted.

#### A. Henderson's due process, Sixth Amendment, equal protection, negligence and state law claims present no legally viable bases for relief.

In the second and sixth claims of his amended complaint, Henderson avers that defendants' execution procedures violate constitutionally protected "liberty, life and property interests" conferred upon him by Ohio Revised Code Section 2949.22(A). In his third claim, he maintains that defendants' procedures will violate his "unfettered" right under the Sixth Amendment "to have his counsel present to witness his execution and to represent his interests." According to Henderson's fourth claim, defendants' procedures deprive him of his rights to equal protection under the law guaranteed by the Fourteenth Amendment. In his fifth claim,

2

Henderson avers that defendants' alleged negligence in selecting, training and supervising execution team members will violate his rights under the Eighth Amendment. Finally, in furtherance of his Sixth claim, Henderson asks the Court to give him declaratory and injunctive relief based on defendants' alleged violations of his rights under state law.

There is no support in federal or state law for any of Henderson's claims. Henderson's substantive and procedural due process arguments are precluded by long standing precedents. It is well-established law that the Eighth Amendment is the exclusive source of protection against cruel and unusual punishment. No federal court has ever held that Ohio's execution statute confers upon prisoners substantive and procedural rights enforceable under Section 1983. In fact, the Sixth Circuit and one state appellate court has held just the opposite. There is no legal support for Henderson's claim that he has a right under the Sixth Amendment to counsel's presence at his execution. Even in capital cases the Supreme Court has refused to extend the right to counsel beyond trial and a first direct appeal as of right. And, over a hundred years ago the Supreme Court held that the states have wide discretion to determine who may be present to witness an execution. Henderson's equal protection and negligence claims similarly fail to state viable grounds for relief. It is well-established that the Equal Protection Clause provides no additional protection against allegedly illegal acts by state officials, and that allegations of negligence cannot support a viable Eighth Amendment claim.. Henderson's state law claims as a matter of law cannot sustain relief. Section 1983 cannot be used to enforce state statutory rights. In any event, there is no support in state law for Henderson's arguments. Finally, this Court is legally precluded from enjoining defendants based on defendants' alleged violations of state law.

Accordingly, for the reasons more fully explained below, Henderson's due process, Sixth Amendment, equal protection and negligence claims present no legally viable bases for relief.

### 1. Henderson's substantive and procedural due process arguments are precluded by long standing precedents.

"Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 206, 273 (1994), quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989). The Eighth Amendment, "which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions," serves as the primary source of substantive protection to convicted prisoners. *Whitley v. Albers*, 475 U.S. 312, 327 (1986). See also *Cooey (Biros) v. Strickland*, __ F. 3d __ (6th Cir. 2009), 2009 U.S. App. LEXIS 26695, slip op. at 14 ("We are not persuaded by Biros's assertion that § 2949.22 creates a federal right because the statute creates "liberty and property interests in a 'quick and painless execution'" protected by the substantive component of the Due Process Clause of the Fourteenth Amendment."), citing *State v. Rivera,* 2009 Ohio 1428, 2009 WL 806819, at *7 (Ohio Ct. App. 2009) ("There is no 'action' for a quick and painless death" under Ohio Reg. Code Ann. § 2949.22(A).).

. Accordingly, Henderson's substantive and procedural due process claims plainly are precluded by long standing precedent.

### 2. There is no legal support for Henderson's claim that he has an "unfettered" right under the Sixth Amendment to counsel's presence as a witness at his execution.

Henderson avers that he has an "unfettered right" to have his counsel witness his execution to represent his interests. Remarkably, Henderson cites no legal authority to support his claim. Notably, the Supreme Court has refused to extend the Sixth Amendment's reach to

4

require counsel to assist condemned prisoners in state post-conviction actions seeking to overturn their convictions and sentences. *See Murray v. Giarratano*, 492 U.S. 1, 8-9 (1989) (there is no constitutional right to counsel in collateral proceedings for death row inmates). It has been the law for over a hundred years that a condemned prisoner has no rights under the Due Process Clause regarding the number and character of those who may witness his execution, and that the state's control over such matters "are regulations which the legislature, in its wisdom, and for the public good, can legally prescribe." *Holden v. Minnesota*, 137 U.S. 483 (1890). *See also Ohio Adult Parole Authority v. Woodard,* 523 U.S. 272, 285 (1998) ("Procedures mandated under the Due Process Clause should be consistent with the nature of the governmental power being invoked.").

In sum, there is no legal support for Henderson's claim that he has an "unfettered" right under the Sixth Amendment to counsel's presence as a witness at his execution.

### 3. Henderson's equal protection and negligence claims similarly fail to state viable grounds for relief.

Henderson avers generally that he has a right under the Equal Protection Clause to prevent defendants from subjecting him to cruel and unusual punishment or otherwise acting wrongly in carrying out his execution. The Supreme Court of the United States has held to the contrary. "Equal protection does not protect a prisoner against even illegal acts of officers in charge of him, much less against accidents during his detention for execution." *Louisiana ex rel. Francis v. Resweber*, *supra*, 329 U.S at 465, citing *Lisenba v. California*, 314 U.S. 219, 226 (1941). Henderson also avers, in his separately stated fifth claim that the alleged negligence of defendants will violate his Eighth Amendment rights. The law is otherwise. "Speculations, or even proof, of medical negligence in the past or in the future are not sufficient to render a facially constitutionally sound protocol unconstitutional." *Cooey (Biros) v. Strickland*, *supra*,

5

slip op. at 8. “The risk of negligence in implementing a death-penalty procedure…does not state a cognizable Eighth Amendment claim.” *Workman v. Bredensen*, 486 F.3d 896, 907-8 (6th Cir. 2007).

In short, Henderson's equal protection and negligence claims similarly fail to state viable grounds for relief.

**4. Henderson's state law claims as a matter of law cannot sustain relief.**

Henderson avers throughout his amended complaint that defendants' alleged violations of state law and regulations establish violations of his constitutional rights. In his separately stated sixth ground, he specifically asks the Court to enforce his alleged rights under state law. Henderson's allegations in this regard are fundamentally mistaken. Allegations of state law or state constitutional violations will not support a Section 1983 claim. *Laney v. Farley*, 501 F.3d 577, 580 (6th Cir. 2000). "Violation of a state's formal procedure .... does not in and of itself implicate constitutional due process concerns." *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001), quoting *Purisch v. Tennessee Tech. Univ.*, 76 F.3d 1414, 1423 (6th Cir. 1996) (citing *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993)) (stating that, "[a] state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable."). In sum, Henderson's allegations of state statutory and regulatory violations on their face cannot substantiate relief under Section 1983.

Further, even were the Court inclined to consider Henderson's allegations as a "supplemental state law claim," there is absolutely no state law to support it. *See Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004) ("Generally, 'if the federal claims are dismissed before trial, … the state claims should be dismissed as well.'") citing *Taylor v. First of*

*Am. Bank-Wayne,* 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (other citation omitted). In any event, Henderson must "at bottom" point to some state authority that establishes the state-created right which he asks this Court to enforce via its ancillary jurisdiction. He cannot do so. As recognized by the Sixth Circuit, "Section 2949.22 creates no cause of action to enforce any right to a quick and painless death." *Cooey (Biros) v. Strickland*, *supra*, slip op. at 14, citing *State v. Rivera,* 2009 Ohio 1428, 2009 WL 806819, at *7 (Ohio Ct. App. 2009) ("There is no 'action' for a quick and painless death" under Ohio Reg. Code Ann. § 2949.22 (A).).

Finally, this Court is legally precluded from enjoining defendants based on defendants' alleged violations of state law. Under the Eleventh Amendment, federal courts are barred from enjoining state officers from violating state law. *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 103-105 (1984). In *Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court carved out an exception to the immunity of state officials.[1] However, to avoid Eleventh Amendment immunity, a plaintiff must sue under *Ex parte Young* and allege "an ongoing violation of ***federal law*** and seek relief properly characterized as prospective." *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997) (emphasis added). The operative words are "federal law." Accordingly, regardless of the type of relief sought, Henderson is barred from suing defendants, in federal court, to enforce state law. *McNeilus Truck & Mfg., Inc. v. State ex rel. Montgomery*, 226 F.3d 429, 438 (6th Cir. 2000). "[B]ecause the purposes of *Ex parte Young* do not apply to a lawsuit designed to bring a State into compliance with *state law*, the States' constitutional immunity from suit prohibits *all* state-law claims filed against a State in

---

[1] "Ohio has not waived its immunity to suit in federal court." *Cmty. Mental Health Servs. of Belmont v. Mental Health & Recovery Board of Belmont*, 395 F. Supp. 2d 644, 650 (S.D. Ohio 2004).

federal court, whether those claims are monetary or injunctive in nature." *Ernst v. Rising*, 427 F.3d 351, 368 (6th Cir. 2005) (*en banc*).

In sum, Henderson's state law claims as a matter of law cannot sustain relief under Title 42 Section 1983.

For all the foregoing reasons, Henderson's due process, Sixth Amendment, equal protection, negligence and state law claims present no legally viable bases for relief.

### B. Henderson's claims under the Eighth Amendment are legally insupportable or factually implausible.

In the first claim of his amended petition, Henderson avers that deficiencies in Ohio's execution procedures, as written and implemented, create a substantial risk that he will suffer severe pain in violation of the Eighth Amendment. In *Cooey (Biros) v. Strickland*, the Sixth Circuit considered virtually identical allegations. Rejecting the prisoner's allegations, the Sixth Circuit rendered the following salient holdings:

a. The possibility that maladministration of the IV sites could lead to severe pain does not set forth a basis for relief under the Eighth Amendment. *Id.*, at 7-8.

b. Ohio's requirements for the competency and training of execution personnel are constitutionally sufficient. *Id.*, at 8-9.

c. There is no constitutional requirement that Ohio employ a physician to supervise members of the execution team. *Id.*, at 9-10.

d. There is no constitutional requirement that Ohio place a time limit for accessing the prisoner's veins. *Id.*, at 10.

e. Ohio's intramuscular "back up" is not unconstitutional simply because it has not been used previously. *Id.*, at 11.

  f. There is no evidence or facts to show more than a mere possibility that the drugs used in Ohio's "back up" procedure will cause severe pain or discomfort. Id., at 10-13.

  g. Ohio's efforts to reduce the likelihood of discomfort for those whom it must lawfully execute cannot be seen as unconstitutionally hasty. *Id.*, at 13.

  Defendants respectfully submit that the above holdings essentially demonstrate that the alleged deficiencies Henderson avers cannot support any plausible basis for relief under the Eighth Amendment. Henderson's averments that he will suffer "unconstitutional" pain and torture are legal conclusions couched as factual assertions, which the Court is not bound to accept. *Ashcroft v. Iqbal*, *supra*, 129 S. Ct at 1949-1950. As defendants have noted time and again, the facts that Henderson alleges concerning Ohio's execution procedures, and the qualification and training of the execution team, are not and have never really been subject to serious dispute. In the latter regard, it is also significant that the Sixth Circuit had before it the "extensive depositions" related to the attempted execution of Broom, as well as this Court's detailed factual findings based on two preliminary injunction hearings. The defendants' position, succinctly stated, is that given the Sixth Circuit's holdings in *Biros*, those facts "do not permit the court to infer more than the mere possibility of misconduct," and, therefore, Henderson's complaint "has alleged -- but it has not shown-- that the pleader is entitled to relief." *Id*., at 1950. Defendants'

  Moreover, Henderson heavily relies on defendants' alleged failure to conform to their execution "protocol," which he says is evidenced by problems in past executions, including the attempted execution of Broom. As noted above, the Sixth Circuit specifically found that speculation or even proof of medical negligence in the past or in the future are not sufficient to render a facially constitutionally sound protocol. More importantly, the Sixth Circuit held that a

9

prisoner's allegations that prior executions were conducted improperly are insufficient to demonstrate an Eighth Amendment violation, absent pleading and proof that the prisoner's own execution will be conducted unconstitutionally.  A prisoner "cannot rely upon Broom's experience without more specific evidence that would show a likelihood that his own execution would be unsuccessful. Without such evidence, we must, as the Supreme Court has instructed, assume that the execution team will implement the protocol as specified." *Id.*, slip op. at 8. Henderson avers no such facts or evidence.

In sum, Henderson's claims under the Eighth Amendment are legally insupportable or factually implausible.

## IV.   Conclusion

For all the foregoing reasons, the defendants' motion to dismiss should be granted.

        Respectfully submitted,

        RICHARD CORDRAY
        Ohio Attorney General

/s/ *Charles L. Wille*
CHARLES L. WILLE (0056444)
Principal Assistant Attorney General
Criminal Justice Section, Capital Crimes Unit
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
(614) 728-7055; (614) 728-8600 fax
Email: charles.wille@ohioattorneygeneral.gov

/s/ *J. Eric Holloway*
J. ERIC HOLLOWAY (0063857)
Assistant Attorney General
Criminal Justice Section
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
(614) 644-7233; (866) 459-6675 FAX
Eric.Holloway@OhioAttorneyGeneral.gov

COUNSEL FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT was filed electronically this 22nd day of January, 2010. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Charles L. Wille*
CHARLES L. WILLE (0056444)
Principal Assistant Attorney General