IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | | |
|---|---|---|
| **RICHARD COOEY,** | ) | Case No.  2:04-cv-1156 |
| | ) | |
| *Plaintiff*, | ) | District Judge Gregory L. Frost |
| | ) | |
| **DARRYL DURR,** | ) | Magistrate Judge Mark R. Abel |
| | ) | |
| *Intervenor-Plaintiff*, | ) | |

**DARRYL DURR'S
MOTION TO APPOINT AN EXPERT PURSUANT TO
*HARBISON V. BELL*, 129 S. Ct. 1481 (2009)**

**Execution Date:  April 20, 2010**

Petitioner Darryl Durr, through counsel, requests that this Court appoint an expert, Dr.  Heath to examine the Darryl Durr's medical records and give an opinion on the effect Durr's allergy to general anesthetic will have on the administration of the lethal injection drugs. The reasons for this request are explained in the attached Memorandum in Support.

Respectfully submitted,

Dennis L. Sipe, #0006199
BUELL & SIPE CO., L.P.A.
322 Third Street
Marietta, OH 45750
740-373-3219 (voice)
740-373-2892 (facsimile)

1

dennis@buellsipe.com

and

Kathleen McGarry, #0038707
McGARRY LAW OFFICE
P.O. Box 310
Glorieta, New Mexico 87535
505-757-3989 (voice)
888-470-6313 (facsimile)
kate@kmcgarrylaw.com

/s/ Kathleen McGarry_____
Counsel for Darryl Durr

## MEMORANDUM IN SUPPORT OF MOTION

### A.  Procedural Background

On August 8, 2007 Durr filed documents to intervene in the pending *Cooey* action; and on September 12, 2007, this court granted the motion and allowed Durr to intervene and his complaint was filed. His action was later dismissed by the court on August 25, 2008, based on a statute of limitations defense. Durr appealed this finding to the Sixth Circuit. (Case No. 08-4201)

In the interim, extensive litigation was ongoing in the federal district court concerning the lethal injection process. On September 15, 2009, The State's attempt to execute Romell Broom went very wrong and the execution was halted.

This resulted in the Governor granting a reprieve to Mr. Durr, since he was due to be executed on November 10, 2009.

On November 30, 2009, Terry Collins, a named defendant in the lawsuit and the former Director of the Ohio Department of Rehabilitation and Correction issued a new lethal injection policy that changed the way that lethal injections are carried out in Ohio. Because this change was so dramatic, the statute of limitations to challenge the new procedure began to run anew. Since the procedure had changed, and the statue of limitations began to run anew, the Sixth Circuit dismissed Durr's appeal on March 2, 2010.

On March 19, 2010, Durr filed a Motion to Intervene in the pending lawsuit and a proposed complaint. (Doc.#701) On March 23, 2010 the court granted the motion to intervene and the complaint was filed. (Doc. #706) Mr. Durr is scheduled to be executed on April 20, 2010.

**B. Expert Assistance Needed**

On June 2, 2004, the Sixth Circuit Court of Appeals appointed undersigned counsel to represent Mr. Durr pursuant to 21 U.S.C. §848(q)(current 18 U.S.C. §3599) in Case No. 00-3353, the appeal of the denial of habeas corpus relief. On June 25, 2009, undersigned counsel's appointment was continued pursuant to *Harbison v. Bell*, 129 S. Ct. 1481, 173 L.Ed 2d 347, 2009 U.S. LEXIS 2496 (2009)

In *Harbison v. Bell*, 129 S. Ct. 1481, 173 L.Ed 2d 347, 2009 U.S. LEXIS 2496, the United States Supreme Court held that 18 U.S.C. §3599 authorizes federally appointed counsel to represent their clients in state clemency proceedings and entitles them to compensation for that representation. *Harbison*, at 1485. The Court quoted the statute, 28 U.S.C. §3599 (e):

> Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriations motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant."

*Harbison*, at 1486

The scope of *Harbison* is currently being tested in the federal courts. The statute refers to "applications for stays of execution and other appropriations motions and procedures," clemency, and competency proceedings. Certainly counsel authorized to represent persons in those proceedings would need the assistant of an expert in preparing those pleadings. Likewise, 18 U.S.C. § 3599(f) states: "Upon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant, whether in connection with

4

issues relating to guilt or the sentence, the court may authorize the defendant's attorneys to obtain such services on behalf of the defendant and, if so authorized, shall order the payment of fees and expenses therefor under subsection (g)"  The Sixth Circuit recently relied upon this language in *Fautenberry v. Mitchell*, 572 Fed. 3d. 267, 272 (6th. Cir, 2009) (Moore, concurring)

> The Supreme Court recently made clear "that [18 U.S.C.] § 3599 authorizes federally appointed counsel to represent their clients in state clemency proceedings and entitles them to compensation for that representation." *Harbison v. Bell*, --- U.S. ---, 129 S. Ct. 1481, 1491, 173 L. Ed. 2d 347 (2009); see 18 U.S.C. § 3599(e).  As part of this representation, "the court may authorize the defendant's attorneys to obtain" expert services "[u]pon a finding that [such] services are reasonably necessary for the representation of the defendant." § 3599(f). Because a current picture of *Fautenberry's* mental state clearly is important to determining whether he should be executed, an updated neuropsychological evaluation is reasonably necessary for his representation.[1]

In *Gary v. Schofield*, MD GA Case No. 4:97-CV-181 (Jan. 22, 2010), the district court authorized funds to allow travel expenses for an expert to testify at a DNA Hearing.  (See, order, attached as Appendix A)  In an earlier order out of the same court, the court recognized that *Harbison* authorizes funds for "reasonably necessary" experts in capital cases.  *Gary v. Schofield*, 2009 U.S. Dist. LEXIS 115503, *2,* Case No. 4:97-CV-181, (MD GA Dec. 11, 2009).  The Court went on

---

[1] The Majority had found the district court had not abused its discretion in denying the motion to obtain an expert, however, the defendant had not made the same arguments in the district court as he did in the appellate court.

5

to find it was not reasonably necessary to authorize expert expenses for a clemency hearing when the witnesses had already testified in court and their testimony was part of the record in the case.

This Court has been in the position to entertain previous preliminary injunction motions for clients facing an impending execution date in ongoing lethal injection cases, both the *Cooey* case, in which Darryl Durr has been granted leave to intervene, and in *Reynolds, et. al, v. Strickland, et. al*. SD.OH Case No. 2:10cv27. (see, Kenneth Biros, *Cooey* Doc. #610, Mark Brown, Reynolds Doc #19 and Lawrence Reynolds, Doc. #35) The court has denied them all (*Cooey* Doc. # 639, Reynolds Doc. ## 22, 39) In so ruling, the Court has been confined by the Sixth Circuit decision in *Cooey v. Strickland*, 589 F.3d 210 (6th Cir. 2009), which addressed Biros' challenge.

The court noted:

> This Court notes that Brown has failed to set forth any particularized arguments that would remove him from the broad scope of the Sixth Circuit's wholesale rejection of his generalized arguments. Brown has elected not to present any new evidence to differentiate his case from inmates such as Biros, despite having been afforded any opportunity to do so. Thus, based on the record upon which Brown relies and on the foregoing analysis, this Court must conclude that Brown has failed to demonstrate a likelihood of success on the merits.

*Brown* order, Reynold's Doc. # 22, p. 6.

It has come to counsel's attention that Darryl Durr has an allergy to general anesthesia. There are references in the medical records provided to counsel by the Department of Rehabilitation and Corrections (DRC) that indicate that Darryl Durr has an allergy to general anesthesia. Obviously, if the State is afforded the opportunity to execute Mr. Durr, they intend to do it with a large amount of drugs that can be described as "general anesthesia" drugs.

This court is familiar with Dr. Mark Heath, who has testified before the Court in other lethal injection proceedings. Dr. Heath was asked whether this allergy could have an effect on the lethal injection proceedings and he indicated that it could, but would need to examine the medical records to determine what kind of effect and to what extent it might effect the execution procedures in Darryl Durr's case. (See, Appendix B, email to and from Dr. Heath)[2] In order to obtain Dr. Heath's expertise in reviewing Darryl Durr's medical records, counsel for Mr. Durr needs to retain his services. As mentioned above, counsel is appointed to represent Mr. Durr pursuant to the Criminal Justice Act, 18 U.S.C. §3599, and *Harbison v. Bell*, 129 S. Ct. 1481, 173 L.Ed 2d 347, 2009 U.S. LEXIS 2496 (2009) Mr. Durr is indigent and does not have the money to pay for Dr. Heath's services, absent an order by this court appointing him. His services (reviewing medical

---

[2] Counsel is not in the habit of attaching e-mails to pleadings, however due to the shortness of time, it was the quickest and easiest way to document the contact with Dr. Heath in order to get the motion in front of the Court. As

7

records, rendering an opinion and if necessary testifying at a hearing) are "reasonably necessary" in order determine the effect that the lethal injection drugs will have on him and weigh the resulting risks of using those drugs on Mr. Durr given his medical history.

In order to attempt to get a preliminary injunction from this Court, Durr must "present any new evidence to differentiate his case from inmates such as Biros" *Brown* order, p. 6.  Durr cannot do that without the assistance of an expert. Durr's counsel is not qualified to render an opinion on the effect an allergy to general anesthesia will have on the injection of the lethal drugs designed to cause Durr's death.

Wherefore, Durr requests the appointment of Dr. Heath pursuant to *Harbison*, to assist counsel.  Counsel intends to use information from Dr. Heath to submit a request for a preliminary injunction.

> Respectfully submitted,
>
> Kathleen McGarry  (OH#0038707)
> McGarry Law Office
> P.O. Box 310
> Glorieta, New Mexico 87535
> (505) 757-3989
> kate@kmcgarrylaw.com
>
> and

---

an Officer to the Court, Counsel McGarry assures the Court these are the actual e-mail correspondence and no alterations were made to them.

                                 Dennis L. Sipe, #0006199
                                 BUELL & SIPE CO., L.P.A.
                                 322 Third Street
                                 Marietta, OH 45750
                                 740-373-3219 (voice)
                                 740-373-2892 (facsimile)
                                 dennis@buellsipe.com

                                 /s Kathleen McGarry____
                                 Counsel for Darryl Durr

### *CERTIFICATE OF SERVICE*

I hereby certify that the foregoing Darryl Durr's Motion for Appointment of Expert was filed electronically on April 5th., 2010.  All parties are therefore served electronically through the Court's electronic filing system.

                                 */s Kathleen McGarry_____*
                                 Kathleen McGarry  (#0038707)