IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| DARRYL DURR,<br>　　　Plaintiff-Intervenor, | Case No. 2:04-cv-1156<br><br>Judge Frost |
| 　　　　　　　　v.<br>TED STRICKLAND, Governor, et al.<br>Defendants. | |

**DEFENDANTS' MOTION TO DISMISS AND
MOTION FOR AN EXPEDITED BRIEFING SCHEDULE**

　　　Defendants Ted Strickland, Governor of the State of Ohio; Ernie L. Moore, Director of the Ohio Department of Rehabilitation and Correction; Phil Kerns, Warden of Southern Ohio Correctional Facility; and un-named "execution team members;" by and through counsel, and, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move this Court for dismissal of the complaint of the above-named plaintiff for failure to state a claim upon which relief can be granted. Defendants further respectfully request an expedited briefing schedule. The bases for Defendants' motion and request are fully set forth in the attached memorandum of law.

　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　RICHARD CORDRAY
　　　　　　　　　　　　　　　　　　　Ohio Attorney General

　　　　　　　　　　　　　　　　　　　/s/ *Charles L. Wille*
　　　　　　　　　　　　　　　　　　　CHARLES L. WILLE (0056444)
　　　　　　　　　　　　　　　　　　　Principal Assistant Attorney General
　　　　　　　　　　　　　　　　　　　Criminal Justice Section, Capital Crimes Unit
　　　　　　　　　　　　　　　　　　　150 East Gay Street, 16th Floor
　　　　　　　　　　　　　　　　　　　Columbus, Ohio 43215
　　　　　　　　　　　　　　　　　　　(614) 728-7055; (614) 728-8600 fax
　　　　　　　　　　　　　　　　　　　Email: charles.wille@attorneygeneral.gov

**MEMORANDUM IN SUPPORT**

I. **Statement of the Case and Facts**

Plaintiff-Intervenor Darryl Durr (hereinafter "Durr") is under a sentence of death adjudged by an Ohio court. On March 23, 2010, Durr filed a complaint in which he alleges for various reasons that defendants' revised procedures for executing him will violate his constitutional rights.

II. **Standard of Review**

"Under Rule 12(b)(6) 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006), quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court must accept all facts in the complaint as true and construe the complaint liberally in favor of the plaintiff. *Id*. "It is plain that, although liberal, the standard does require that a plaintiff plead more than bare legal conclusions." *Lillard v. Shelby Bd. of Educ*., 76 F.3d 716, 726 (6th Cir. 1996). "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id*., citing *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993) (internal quotation marks omitted) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 436 (6th Cir. 1988))

III. **Durr's complaint fails to state any claim upon which relief may be granted.**

    A. **Durr's due process, Sixth Amendment, equal protection, and state law claims present no legally viable bases for relief.**

In the second claim of his complaint, Durr avers that defendants' execution procedures violate constitutionally protected "liberty, life and property interests" conferred upon him by Ohio Revised Code Section 2949.22(A). In his third claim, he maintains that defendants'

procedures will violate his "unfettered" right under the Sixth Amendment "to have his counsel present to witness his execution and to represent his interests."  According to Durr's fourth claim, defendants' procedures deprive him of his rights to equal protection under the law guaranteed by the Fourteenth Amendment.

There is no support in federal or state law for any of Durr's claims.  Durr's substantive and procedural due process arguments are precluded by long standing precedents.  It is well-established law that the Eighth Amendment is the exclusive source of protection against cruel and unusual punishment.  No federal court has ever held that Ohio's execution statute confers upon prisoners substantive and procedural rights enforceable under Section 1983.  In fact, the Sixth Circuit and one state appellate court has held just the opposite.  There is no legal support for Durr's claim that he has a right under the Sixth Amendment to counsel's presence at his execution.  Even in capital cases the Supreme Court has refused to extend the right to counsel beyond trial and a first direct appeal as of right.  And, over a hundred years ago the Supreme Court held that the states have wide discretion to determine who may be present to witness an execution.  Durr's equal protection claim similarly fails to state a viable ground for relief. It is well-established that the Equal Protection Clause provides no additional protection against allegedly illegal acts by state officials.  Also, as a prisoner, Durr is not *per se* a member of a "suspect class," and Durr cannot as a matter of law establish a violation of equal protection under the applicable rational basis test.

Accordingly, for the reasons more fully explained below, Durr's due process, Sixth Amendment and equal protection claims present no legally viable bases for relief.

### 1. Durr's substantive and procedural due process arguments are precluded by long standing precedents.

"Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Albright v. Oliver*, 510 U.S. 206, 273 (1994), quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989).  The Eighth Amendment, "which is specifically concerned with the unnecessary and wanton infliction of pain in penal institutions," serves as the primary source of substantive protection to convicted prisoners. *Whitley v. Albers*, 475 U.S. 312, 327 (1986). *See also Cooey (Biros) v. Strickland*, 589 F.3d 210, 234 (6th Cir. 2009) ("We are not persuaded by Biros's assertion that § 2949.22 creates a federal right because the statute creates "liberty and property interests in a 'quick and painless execution'" protected by the substantive component of the Due Process Clause of the Fourteenth Amendment."), citing *State v. Rivera,* 2009 Ohio 1428, 2009 WL 806819, at *7 (Ohio Ct. App. 2009) ("There is no 'action' for a quick and painless death" under Ohio Reg. Code Ann. § 2949.22(A).).

. Accordingly, Durr's substantive and procedural due process claims plainly are precluded by long standing precedent.

### 2. There is no legal support for Durr's claim that he has an "unfettered" right under the Sixth Amendment to counsel's presence as a witness at his execution.

Durr avers that he has an "unfettered right" to have his counsel witness his execution to represent his interests.  Durr can cite no legal authority to support his claim.  Notably, the Supreme Court has refused to extend the Sixth Amendment's reach to require counsel to assist condemned prisoners in state post-conviction actions seeking to overturn their convictions and sentences. *See Murray v. Giarratano*, 492 U.S. 1, 8-9 (1989) (there is no constitutional right to

4

counsel in collateral proceedings for death row inmates).  It has been the law for over a hundred years that a condemned prisoner has no rights under the Due Process Clause regarding the number and character of those who may witness his execution, and that the state's control over such matters "are regulations which the legislature, in its wisdom, and for the public good, can legally prescribe."     *Holden v. Minnesota*, 137 U.S. 483 (1890).  *See also Ohio Adult Parole Authority v. Woodard*, 523 U.S. 272, 285 (1998) ("Procedures mandated under the Due Process Clause should be consistent with the nature of the governmental power being invoked.").

In sum, there is no legal support for Durr's claim that he has an "unfettered" right under the Sixth Amendment to counsel's presence as a witness at his execution.

### 3.   Durr's equal protection claim similarly fails to state a viable ground for relief.

Durr avers generally that he has a right under the Equal Protection Clause to prevent defendants from subjecting him to cruel and unusual punishment or otherwise acting wrongly in carrying out his execution.  The Supreme Court of the United States has held to the contrary. "Equal protection does not protect a prisoner against even illegal acts of officers in charge of him, much less against accidents during his detention for execution."  *Louisiana ex rel. Francis v. Resweber*, *supra*, 329 U.S at 465, citing *Lisenba v. California*, 314 U.S. 219, 226 (1941). Moreover, Durr's equal protection argument is bereft of any legal support.  The Equal Protection Clause protects against arbitrary classifications, and requires that similarly situated persons be treated equally. *See* U.S. Const. Amend. XIV; City *of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  Prisoners are not considered a suspect class for purposes of equal protection litigation, and, therefore, a "rational basis" test applies.  *Michael v. Gee,* 498 F.3d 372, 379 (6th Cir. 2007).  Under rational basis scrutiny, government action amounts to a constitutional violation only if it .is so unrelated to the achievement of any combination of legitimate purposes

that the court can only conclude that the government's actions were irrational. *Id*. (internal citations omitted). Here Durr has not alleged that the execution procedures of which he complains, and under which the State intends to execute him, are so irrational as to defy any conclusion that the procedures are related to legitimate governmental purposes.

For all the foregoing reasons, Durr's due process, Sixth Amendment, equal protection, and state law claims present no legally viable bases for relief.

### B. Durr's claims under the Eighth Amendment are precluded as a matter of law.

In the first claim of his complaint, Durr avers that deficiencies in Ohio's execution procedures, as written and implemented, create a substantial risk that he will suffer severe pain in violation of the Eighth Amendment. In *Cooey (Biros) v. Strickland*, the Sixth Circuit considered virtually identical allegations. Rejecting the prisoner's allegations, the Sixth Circuit rendered the following salient holdings:

    a.    The possibility that maladministration of the IV sites could lead to severe pain does not set forth a basis for relief under the Eighth Amendment. *Cooey (Biros) v. Strickland, supra,* 589 F. 3d at 223-226;

    b.    Ohio's requirements for the competency and training of execution personnel are constitutionally sufficient. *Id.*, at 226-227;

    c.    There is no constitutional requirement that Ohio employ a physician to supervise members of the execution team. *Id.*, at 227;

    d.    There is no constitutional requirement that Ohio place a time limit for accessing the prisoner's veins. *Id.*;

    e.    Ohio's intramuscular "back up" is not unconstitutional simply because it has not been used previously. *Id.*, at 229-230;

6

   f. There is no evidence or facts to show more than a mere possibility that the drugs used in Ohio's "back up" procedure will cause severe pain or discomfort. *Id.*, at 230-232;

   g. Ohio's efforts to reduce the likelihood of discomfort for those whom it must lawfully execute cannot be seen as unconstitutionally hasty. *Id.*, at 232-233.

  The Sixth Circuit has held that the issue of whether a state's execution protocol exposes the inmate to a substantial risk of serious harm is a question of law. *Harbison v. Little*, 571 F.3d 531, 535-536 (6th Cir. 2009), citing *Emmett v. Johnson*, 532 F.3d 291, 300 (4th Cir. 2008) (". . . Emmett has failed as a matter of law to demonstrate a substantial or objectively intolerable risk that he will receive an inadequate dose of thiopental . . . ."). Defendants respectfully submit that the Sixth Circuit in *Cooey (Biros)* essentially held *as a matter of law* that allegations such as those averred by Durr cannot establish the substantial risk of severe pain requisite to actionable grounds for relief under the Eighth Amendment. *See also Raby v. Livingston*, __ F.3d __ (5th Cir. 2010), 2010 U.S. App. LEXIS 5411, slip op. at 25 ("We read *Baze* to foreclose exactly the type of further litigation that *Raby* seeks to continue. The safe harbor established by *Baze* would hardly be safe if states following a substantially similar protocol nonetheless had to engage in prolonged litigation defending their method of lethal injection.").

**IV.** **Expedited briefing is appropriate**

  Defendants respectfully submit that an expedited briefing schedule concerning defendants' motion to dismiss is appropriate. Durr is scheduled to be executed on April 20, 2010. Durr has not as yet filed a motion for a preliminary injunction of his execution. Dismissal of Durr's complaint for failing to state claims for relief would obviate the need for such a motion and any hearing that might be required. By the same token, denial of defendants' motion could

nevertheless focus the issues the resolution of which would be required in determining whether Durr can meet the standard for obtaining a preliminary injunction.

## V.  Conclusion

For all the foregoing reasons, the defendants' motion to dismiss and for an expedited briefing schedule should be granted.

Respectfully submitted,

RICHARD CORDRAY
Ohio Attorney General

/s/ *Charles L. Wille*
CHARLES L. WILLE (0056444)
Principal Assistant Attorney General
Criminal Justice Section, Capital Crimes Unit
150 East Gay Street, 16th Floor
(614) 728-7055; (614) 728-8600 fax
Columbus, Ohio 43215
Email: charles.wille@ohioattorneygeneral.gov

COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of DEFENDANTS' MOTION was filed electronically this 6th day of April, 2010.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ *Charles L. Wille*
CHARLES L. WILLE (0056444)
Principal Assistant Attorney General