IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| **RICHARD COOEY,** | Case No.  2:04-cv-1156 |
| Plaintiff, | |
| **MICHAEL BEUKE,** | District Judge Gregory L. Frost |
| Plaintiff-Intervenor, | Magistrate Judge Mark R. Abel |
| v. | |
| **TED STRICKLAND, et al.,** | |
| Defendants. | |

Intervenor-Plaintiff Michael Beuke's Memorandum in Opposition
to Defendants' Motion to Dismiss Complaint

## I.  Introduction

In deciding Defendants' Motion to Dismiss (Doc. No. 719) ("Motion to Dismiss"), the Court is presented with four straightforward issues:

1) Intervenor-Plaintiff's Complaint contains myriad factual allegations that, when taken as true, demonstrate more than the "sheer possibility that Defendants have acted unlawfully."  These allegations include facts showing more than mere speculation that Defendants' written execution policy is not followed, which allegations Defendants admit.  Plaintiff also alleges myriad facts about Defendants' Plan A and Plan B which satisfy his notice pleading burden.  Should Plaintiff be entitled to develop and present his Eighth Amendment claim on the merits?

2) While the Eighth Amendment provides protection against cruel and unusual punishment, Ohio law creates life, liberty, and property interests in expecting and receiving something more: a quick and painless death.  Defendants have no discretion on whether to satisfy this statutory requirement, which is an entitlement vested solely in capitally-sentenced inmates in Ohio such as Plaintiff.  Substantive and procedural due process principles protect these interests as rights under the federal Constitution.  Defendants do not contest that Plaintiff has sufficiently alleged the factual basis of this claim.  Should the Court dismiss Plaintiff's well-pleaded due process claims?

3)  Precedent dictates that inmates must have access to the courts under the Sixth Amendment. Recent Supreme Court decisions hold that inmates are entitled to representation by counsel in post-habeas proceedings, including state clemency proceedings which necessarily include the actual execution. Defendants do not contest that Plaintiff has sufficiently alleged the factual basis of this claim. Should the Court dismiss Plaintiff's well-pleaded Sixth Amendment claim?

4)  It is well-settled that prison inmates are entitled to equal protection under the law, notwithstanding their status as prisoners. Defendants do not contest that Plaintiff has sufficiently alleged the factual basis of this claim. Should the Court dismiss Plaintiff's well-pleaded equal protection claim?

## II.  Factual Background

On November 30, 2009, Ohio, through the actions of Defendants, became the only state in the nation to adopt a lethal injection execution method that uses peripheral intravenous ("IV") injection of a single drug—sodium thiopental. The State also adopted intramuscular injection of midazolam and hydromorphone as a backup procedure. That execution method is likewise unique. While this new execution policy modifies the previous execution policy and eliminates the use of pancuronium bromide and potassium chloride, Plaintiff's Complaint alleges that the new execution policy nonetheless violates his constitutional rights based on what the written policy includes or does not include, and how the policy is administered in fact.

The Complaint contains factual allegations, all of which are incorporated in this memorandum as if fully rewritten. Defendants do not contend that the Complaint is factually insufficient to provide notice of Plaintiff's claims under the Federal Rules of Civil Procedure. For purposes of addressing Defendants' motion, all facts alleged in Plaintiff's Complaint must be accepted as true, as are the reasonable inferences from those facts.

**III.   Law and Argument**

   **A.   Legal Standard**

To defeat a motion to dismiss filed under Rule 12(b)(6), a "complaint need only provide the defendant with fair notice of what the claim is and the ground upon which it rests." *Wysong v. Dow Chem. Co.*, 503 F.3d 441, 446 (6th Cir. 2007) (citation and internal quotation marks omitted). The "complaint need not contain 'detailed' factual allegations." *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (*quoting Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964 (2007)). Rather, the complaint must contain only "(1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (*quoting Twombly*, 127 S. Ct. at 1965, 1974)). While the complaint's "factual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. 544, 555, *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009), this "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Twombly*, 550 U.S. at 556. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009). In determining whether a complaint states a plausible claim, the court must accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Gunasekera*, 551 F.3d at 467. Although Defendants' Motion to Dismiss more closely resembles

3

a Motion for Summary Judgment in places, the Court should construe the motion only as a motion to dismiss, under the above-stated standard, as Defendants have pleaded.

**B.     Analysis**

**1.     Plaintiff's Complaint alleges cognizable claims, along with facts sufficient to satisfy the pleading standards under the Federal Rules of Civil Procedure.**

Defendants seek dismissal of Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6). Defendants do not argue that Plaintiff's Complaint fails to sufficiently allege the factual bases for Claims Two through Four so as to provide adequate notice of these claims. Rather, Defendants assert that most of the claims in Plaintiff's Complaint must be dismissed because they lack any legal foundation.

Defendants also assert that Plaintiff's Eighth Amendment claim is controlled by the recent panel opinion in *Cooey (Biros) v. Strickland*, 589 F.3d 210 (6th Cir. 2009), and that Plaintiff's factual allegations do not support an Eighth Amendment claim in light of *Biros*. Defendants assert that even Plaintiff's allegations of Defendants' failure to adhere to the procedural safeguards in the written execution policy are insufficient to state an Eighth Amendment claim. Defendants are incorrect.

**a.     Plaintiff's Eighth Amendment claim is not foreclosed by precedent, and is sufficiently pleaded.**

Defendants rely primarily on the Sixth Circuit's opinion in *Biros* for the proposition that Plaintiff can never sufficiently allege an Eighth Amendment method-of-execution claim. First, *Biros* is not dispositive here. Defendants obscure a critical fact: the *Biros* opinion arose out of and under the standards of a motion for temporary restraining order, rather than under a full consideration of the constitutional merits of Biros' case. The record evidence relating to the November 30, 2009 policy available for the panel to consider was hurriedly and incompletely

4

developed over the course of only a few days.[1] Thus, the conclusions of the *Biros* panel are based on an incomplete record and were made in the context of a TRO motion. The conclusions of the *Biros* panel do not automatically render Plaintiff's Complaint insufficient for Rule 12(b)(6) purposes.

Second, Defendants' interpretation of the "salient holdings" in *Biros* improperly generalizes case-specific conclusions. For instance, Defendants contend that the *Biros* panel held that "[t]he possibility that maladministration of the IV sites could lead to severe pain does not set forth a basis for relief under the Eighth Amendment." (Doc. No. 719 at 6.) The *Biros* panel actually concluded that Biros had failed to distinguish his maladministration claims from those rejected in the plurality's opinion in *Baze v. Rees*, 553 U.S. 35, 128 S. Ct. 1520 (2008). *Biros*, 589 F.3d at 224 ("Biros's *general* claim that the possibility of maladministration of the IV could lead to severe pain is without merit. To demonstrate a likelihood of success on this ground, therefore, Biros must distinguish his maladministration claims from those rejected in *Baze*.") (emphasis added). Contrary to Defendants' position, under *Baze*, a plaintiff must allege more than the plaintiffs alleged in *Baze*, where there was no record of maladministration to allege and, therefore, the Supreme Court concluded that the risks of maladministration were purely speculative, *i.e.*, not "objectively intolerable."

The Supreme Court's plurality opinion in *Baze* did not preclude all future challenges to lethal injection, as Defendants' interpretation of *Baze* and its progeny suggests. Instead, the effect of *Baze* is to focus the primary attention of an Eighth Amendment challenge on the risks of

---

[1] The *Biros* panel decision was issued on December 7, 2009, only seven days after the State of Ohio adopted the new execution protocol on November 30, 2009, based on evidence developed at a hearing conducted four and one half hours after Biros' Motion to Amend his Complaint was granted. *See Cooey (Biros) v. Strickland,* 588 F. 3d 1124 (6th Cir. 2009) (Griffin and White, JJ., dissenting from the denial of *en banc* review).

5

maladministration. *Baze*, 128 S. Ct. at 1537-38 "[T]he risks of maladministration [plaintiffs] have suggested . . . cannot remotely be characterized as 'objectively intolerable"). *Baze* instructs, however, that challenges to each state's execution policy are heavily fact-intensive, and must be assessed on a state-by-state basis. Thus the fact that the plaintiffs in Kentucky—with a record of a single execution with no problems, *see id.* at 1528—could not demonstrate a substantial risk of maladministration creating a substantial risk of serious pain is fact and case specific. It is not dispositive of whether Plaintiff can satisfy that showing and therefore sufficiently allege an Eighth Amendment violation under Ohio's new execution policy and Ohio's history of maladministration. To the contrary; Plaintiff's Complaint contains specific factual allegations related to the risks of maladministration of his execution, and of all executions in Ohio in general. (Doc. No. 705 ¶¶60-113) Plaintiff further alleges that these risks of maladministration create a substantial risk of serious physical and psychological harm. (Doc. No. 705 ¶¶ 114-142.)

Third, Defendants cite *Biros* for the proposition that "Ohio's requirements for the competency and training of execution personnel are constitutionally sufficient." (Doc. No. 719 at 6 (*citing Biros*, 589 F.3d at 226-27). This cited portion of *Biros* concluded that Biros could not demonstrate a constitutional violation related to the competency and training of the execution personnel, by citing to older execution policies that contained similar credential and training requirements. *Biros*, 589 F.3d at 226-27. These arguments miss the point: regardless of the constitutionality of the execution policy's requirements as written, the policy *as administered in fact fails to sufficiently fulfill those constitutional requirements*. The *Biros* panel did not address the evidence demonstrating that Defendants do not actually follow the training and credential requirements that are constitutionally mandated to reduce the risk of maladministration.

Plaintiff's Complaint contains specific factual allegations that Defendants have failed, and continue to fail, to adhere to the critical training and monitoring and credential requirements that are essential to reducing the risk of maladministration. (Doc. No. 705 ¶¶107-113.) Thus, Plaintiff's Complaint contains factual allegations sufficient to demonstrate that the required procedural safeguards in the written execution policy are functionally nonexistent in violation of the Eighth Amendment.

Plaintiff also provides factual support for his allegations that "Defendants ignore and/or recklessly disregard the written policy's requirements" and provides factual support for this allegation. (Doc. No. 705 ¶¶107-113.) The repeated and consistent deviations from the written policy and the problems administering portions of the execution policy demonstrate that these are not unforeseeable "isolated mishaps."

Fourth, Defendants do not seek dismissal of Plaintiff's Eighth Amendment claim related to Plan B based on any argument that the record evidence is fully developed and adverse to Plaintiff's position. There was little opportunity to develop evidence on this claim in the eight days between the adoption of the new execution policy on November 30, 2009 and the Biros' execution on December 8, 2009. Plaintiff has alleged facts sufficient to demonstrate the plausibility of his claim that Defendants' Plan B, as written and as administered, violates his Eighth Amendment rights. (Doc. No. 705 ¶¶34-59, 70-73, 128-29)

In sum, Plaintiff has alleged the factual bases for his Eighth Amendment claim. Defendants seek dismissal on the basis that other courts, in other proceedings, with distinguishable factual records, have reached adverse conclusions, and that such conclusions should apply to terminate Plaintiff's claim. Defendants simultaneously and inconsistently take the position that a *Baze* challenge must focus solely on the individual inmate, and that Plaintiff

has not alleged facts that *he* will be subject to a substantial risk of serious pain. Defendants' inconsistent arguments are both without merit.

Plaintiff's Eighth Amendment claim is not foreclosed by precedent. His Complaint is factually sufficient to provide Defendants with notice of his claim. The Court should deny Defendants' Motion to Dismiss Plaintiff's Eighth Amendment claim.

> **b.** **Plaintiff's Fourteenth Amendment claims are cognizable and supported by precedent.**

Defendants incorrectly assert only that Plaintiff's "substantive and procedural due process claims plainly are precluded by long standing precedent." (Doc. No. 719 at 4.)

Defendants provide no basis for seeking dismissal of Plaintiff's procedural due process claim in Claim Two other than their naked assertion that his claim is "precluded by long standing precedent." The Supreme Court precedent upon which Defendants rely explicitly addressed only substantive due process, not procedural due process. *See, e.g.*, *Whitley v. Albers*, 475 U.S. 312, 327 (1986) ("The District Court was correct in ruling that respondent did not assert a procedural due process claim. . . . But we believe respondent did raise a claim that his 'substantive rights under the Due Process Clause of the Fourteenth Amendment,' were infringed.") (citation omitted). Accordingly, the Court should deny Defendants' Motion as to Plaintiff's substantive due process claim without needing any further analysis, because the Motion states no basis for dismissing such a claim. Fed. R. Civ. P. 7(b) (requiring motions to state with particularity the grounds therefore). Defendants primarily argue that Plaintiff is only protected by the Eighth Amendment, not the "generalized notion of substantive due process" under the rule of *Graham v. Connor*, 490 U.S. 386 (1989). (Doc. No. 719 at 4.) Under *Graham*, "where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of substantive

8

due process, must be the guide for analyzing these claim." *Albright v. Oliver*, 510 U.S. 206, 273 (1994) (*quoting Graham*, 490 U.S. at 395).

Defendants also rely on *Whitley* to argue that the Eighth Amendment is the *only* source of substantive protection to convicted prisoners. (Doc. No. 719 at 4.) Yet *Whitley* provided that the Eighth Amendment "serves as the *primary* source of substantive protection to convicted prisoners," *Whitley*, 475 U.S. at 327, not the *only* source. Furthermore, a closer analysis of *Whitley* demonstrates Plaintiff's position. The plaintiff in *Whitley* alleged that he had suffered excessive force in violation of both the Eighth and Fourteenth Amendments. The Court found that the claim was more properly an Eighth Amendment claim, because the "Due Process Clause affords respondent no greater protection than does the Cruel and Unusual Punishments Clause." *Id.*

Conversely, while Defendants are correct that the Eighth Amendment protects inmates against "unnecessary and wanton infliction of pain in penal institutions," *i.e.*, cruel and unusual punishment, the very language of *Whitley* and *Baze* demonstrates that Plaintiff's entitlements to expect and receive a "quick and painless" death are protected by something other than what the Eighth Amendment embraces. *See Baze*, 128 S. Ct. at 1529 (explaining that the Eighth Amendment "does not demand the avoidance of all risk of pain in carrying out executions"). If the Eighth Amendment does not demand avoidance of a "pain*less*" execution, but Ohio's General Assembly has seen fit to grant capitally sentenced inmates interests in a quick and painless death, then the Eighth Amendment cannot serve as the basis for protecting those interests. Something else must apply. Long-standing case precedent points to the Fourteenth Amendment's Due Process Clause as the source of protection for these state-created interests. (*See* Doc. No. 589, filed under seal, at 20-28, incorporated herein as if fully rewritten.)

9

Defendants also rely on *Biros* for the proposition that Plaintiff's substantive due process claim must be dismissed. Defendants' assertion is erroneous. First, *Biros* was before the Sixth Circuit on a Motion for a Temporary Restraining Order in a critically different procedural posture and not for a merits review. *Biros* is thus not dispositive of Plaintiff's case.

Plaintiff's Complaint alleges all the necessary factual predicates for substantive and procedural due process claims as contained in his Second Claim. (*See generally* Doc. No. 705) Defendants do not dispute this. Accordingly, Defendants' Motion to Dismiss Plaintiff's Second Claim should be denied.

### c. Plaintiff's Sixth Amendment claim is cognizable and supported by precedent.

Defendants assert no Supreme Court or circuit court decision has held that a condemned inmate has an unfettered right to counsel to witness his execution. Defendants' argument limits the breadth of Plaintiff's core claim and ignores fundamental constitutional considerations that support his position.

Defendants fail to note that the Supreme Court has held that "the right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances." *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 741 (1983). Inmates, including Plaintiff, have a constitutional right of access to the courts, and an inmate must be provided with "adequate law libraries or adequate assistance from persons trained in the law" to vindicate this right. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). This right rests in the Fourteenth Amendment's guarantee of procedural and substantive due process. *See Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990); *Jackson v. Procunier*, 789 F.2d 307, 310-11 (5th Cir. 1986); *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983). States must "assure the indigent defendant an adequate opportunity to present [her or] his claims fairly."

*Bounds*, 430 U.S. at 823 (*quoting Ross v. Moffitt*, 417 U.S. 600, 616 (1974)). States must also "enable the prisoner to discover grievances, and to litigate effectively once in court." *Lewis v. Casey*, 518 U.S. 343, 354 (1996) (*citing Bounds*, 430 U.S. at 825-26 and n.14). The right of access is applicable to civil and criminal matters. *Wolff v. McDonnell*, 418 U.S. 539, 577-80 (1974). That right, the right to access the courts, is fundamental. *See Lewis*, 518 U.S. at 346.

Plaintiff's contention is bolstered by the recent decision in *Harbison v. Bell*, __ U.S. __, 129 S. Ct. 1481 (2009). *Harbison* acknowledges the necessity of counsel to protect a death-sentenced inmate's rights beyond his or her federal habeas petition. The statutory directive of 18 U.S.C. § 3599 that counsel "'shall represent the defendant throughout every subsequent stage of available judicial proceedings, including . . . all available post-conviction process,' for example, hardly suggests a limitation on the scope of representation." *Harbison*, 129 S. Ct. at 1487-88. If counsel is warranted and necessary to ensure the propriety of a death row inmate's plea for mercy in the state clemency process, certainly counsel is proper and necessary to ensure that the inmate's actual execution comports with the dictates of the evolving standards of decency under the Eighth and Fourteenth Amendments. *Trop v. Dulles,* 356 U.S. 86 (1958). Defendants' present policy interferes with counsel's ability to ensure this vital function, in essence depriving Plaintiff of access to the courts at the final but still critical stage of the process. Plaintiff will have no opportunity to alert counsel to a violation of his rights, let alone pursue a remedy for said violation, if counsel is not guaranteed a seat in the death house and the ability to communicate with his client. Access to the courts means precious little without the concomitant right to the assistance of counsel. *See, e.g.*, *Strickland v. Washington*, 466 U.S. 668, 685 (1984) ("The Sixth Amendment recognizes the right to the assistance of counsel because it envisions

11

counsel' playing a role that is critical to the ability of the adversarial system to produce just results.").

As such the Plaintiff's First, Sixth, Eighth and Fourteenth Amendment rights will be denied. Plaintiff's Third Claim is sufficient as a matter of law to sustain relief, and Defendants' motion to dismiss should be denied.

### d. Plaintiff's Equal Protection Claim is cognizable and supported by precedent.

Defendants seek dismissal of Plaintiff's equal protection claim by arguing that this claim is precluded by precedent. Defendants do not assert factual insufficiency of the pleadings as the basis for their motion to dismiss. Instead, Defendants argue that Plaintiff's claim is not cognizable. Defendants' position that prisoners are not protected by the Equal Protection Clause is untenable and unsupported by the precedent upon which Defendants rely.

#### 1. Defendants' sole authority does not support their position.

Defendants cite a single sentence from a 1947 Supreme Court case as the sole support for their argument that "[e]qual protection does not protect a prisoner against even illegal acts of officers in charge of him, much less against accidents during his detention for execution." (Doc. 719 at 5 (*citing Louisiana ex rel. Francis v. Resweber*, 329 U.S. 459, 465 (1947) (*citing Lisenba v. California*, 314 U.S. 219, 226 (1941)). Defendants fail to acknowledge two critical issues related to this argument.

First, the two sentences that follow the cited language demonstrate that the Supreme Court in *Resweber* was explaining that equal protection principles do not protect an inmate from accidents or otherwise unforeseeable events, not that inmates are not entitled to equal protection rights - as Defendants assert. The two sentences explain that "[l]aws cannot prevent accidents

nor can a law equally protect all against them. *So long as the law applies to all alike*, the requirements of equal protection are met." *Resweber*, 329 U.S. at 465 (emphasis added).

Second, the language in *Resweber* cites to a passage in *Lisenba* wherein the Court rejected an equal protection argument from an inmate not because the claim itself was meritless, but because the inmate had presented no evidence in support of his claim: "The contention that illegal conduct on the part of the State's officers deprived petitioner of the equal protection of the laws hardly needs notice. The claim is that where officers violate the law so that some defendants are treated as was petitioner, and others are treated as the law requires, inequality and discrimination results which denies equal protection. The contention is frivolous. *The record is bare of any proof to support it*." *Lisenba*, 314 U.S. at 226 (emphasis added). Hence, when considered in the proper context, Defendants' assertion is unsupported. Indeed, the neglected language from *Resweber* and from *Lisenba* support Plaintiff's contention that Defendants are arbitrarily denying him the equal protection of the laws by administering the execution policy differently from inmate to inmate. Plaintiff's Complaint contains factual allegations demonstrating that Defendants are intentionally *not* applying the law to all alike. (*See, e.g.*, Doc. No. 705, ¶¶ 107-113, 175-181.)

**2. Ample precedent demonstrates that prisoners are entitled to equal protection.**

Defendants cite a single authority for their proposition that Plaintiff is not entitled to equal protection. Numerous cases support the opposite of Defendants' position. *See, e.g.*, *Franks v. Rubitschun*, Case No. 07-1181, 312 Fed. Appx. 764, 765-66 (6th Cir. Feb. 23, 2009) (reversing and remanding dismissal of inmate-plaintiff's §1983 equal protection claim); *Jackson v. Jamrog*, 411 F.3d 615 (6th Cir. 2005) (considering inmate's equal protection claim in habeas context); *Hart v. Whalen*, Case No. 3:08-CV-00828, 2009 U.S. Dist. LEXIS 119215, *30-31

(M.D. Pa. Dec. 22, 2009) (denying prison-personnel-defendants' motion to dismiss inmate-plaintiff's § 1983 equal protection claim); *Green v. Livingston*, Case No. 2:08-CV-101, 2009 U.S. Dist. LEXIS 52284 (W.D. Mich. June 19, 2009) (considering inmate's equal protection claim, denying claim because parole considerations are inherently discretionary decisions). Contrary to Defendants' only argument for dismissal, prison inmates may still allege cognizable equal protection claims notwithstanding their status as prisoners. In sum, Defendants' only argument for dismissing Plaintiff's equal protection claim is based on caselaw that does not support their position. Defendants do not allege that Plaintiff's claim is insufficiently pleaded, and consequently the Court should deny their motion to dismiss the Fourth Claim in Plaintiff's Complaint.

> **3. The parties have an obligation to fully develop a record related to Defendants' singular employment of their new execution policy.**

As discussed *supra*, the only courts to consider challenges to Ohio's lethal injection policy have done so in contexts other than a full review on the merits. Accordingly, the findings in such cases are not dispositive of Plaintiff's claims. *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004) (*citing University of Texas v. Camensich*, 451 U.S. 390, 395 (1981)). In addition, Plaintiff's Complaint contains factual allegations that satisfy his pleading burden under Fed. R. Civ. P. 8. He should be able to present evidence in support of his claims following discovery. For these reasons alone, the Court should deny Defendants' motion to dismiss Plaintiff's Complaint.

Motions to dismiss under Rule 12(b)(6) are generally disfavored. The public welfare and interests would be best served by allowing the parties in this case to fully develop a comprehensive factual record related to Defendants' new lethal injection policy. *Harris v. Am. Postal Workers Union,* 198 F.3d 245 (6th Cir. 1999) (unpublished) ("A motion to dismiss under

Rule 12(b)(6) is disfavored and rarely granted") (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also*, *S. Christian Leadership Conference v. Supreme Court*, 252 F.3d 781, 786 (5th Cir. 2001) (stating that dismissals for failure to state a claim under Rule 12(b)(6) are disfavored); *Lone Star Indus., Inc. v. Horman Family Trust*, 960 F.2d 917, 920 (10th Cir. 1992) ("A motion to dismiss for failure to state a claim is viewed with disfavor, and is rarely granted.") (internal quotations omitted); *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986) ("It is axiomatic that 'the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.'") (*quoting* 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1357, at 598 (1969)). The November 30, 2009 policy is not "substantially similar" to Kentucky's protocol in *Baze* such that dismissal of Plaintiff's claims is automatically preordained, even if *Baze* did not require a fact intensive review of each state's procedures. Much remains to be discovered regarding Plan A and, especially, Plan B, which is untried, untested, unknown, and unused by any other jurisdiction for human lethal injection purposes. Plaintiff requires discovery and the opportunity for experts to rigorously review the new execution policy in order to create the comprehensive record in which the public has a concrete interest. In light of the singular nature of Ohio's lethal injection policy, the Court should deny Defendants' motion to dismiss Plaintiff's Complaint.

**V.    Conclusion**

Plaintiff's Complaint contains sufficient factual allegations that, when taken as true, raise his right to relief above the speculative level. Defendants do not allege factual insufficiency of his Complaint as to claims Two through Four, and therefore the sufficiency of Plaintiff's factual allegations cannot serve as a basis for dismissing these claims. Instead, Defendants assert that no

relief can be granted on these claims because there is "no support" in case law precedent for any of these claims. Defendants are incorrect, as demonstrated above.

Defendants also fail to support the portion of their motion relating to Plaintiff's procedural due process claim in Claim Two. Defendants' cursory arguments on Claim Two only address substantive due process.

To the extent that Defendants seek dismissal of Plaintiff's First Claim (Eighth Amendment) on the basis of factual insufficiency in light of *Biros*, Defendants' arguments are unavailing. *Biros* does not preclude Plaintiff's Eighth Amendment claim. Plaintiff's factual allegations are more than sufficient to entitle him to comprehensive discovery related to Defendants' November 30, 2009 lethal injection policy as it is applied generally and as it will be applied to him specifically.

The Court should deny Defendants' Motion to Dismiss Plaintiff's Complaint.

    Respectfully submitted,

    Dale A. Baich (Ohio Bar No. 0025070)
    Assistant Federal Public Defender
    For the District of Arizona
    Capital Habeas Unit
    850 West Adams Street, Suite 201
    Phoenix, Arizona 85007
    (602) 382-2816

    By:   s/ Dale A. Baich
        Counsel for Plaintiff-Intervenor