**DEFENDANTS' LOG OF PRIVILEGED COMMUNICATIONS**

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 09/17/09 12:51 p.m. | Austin Stout | Terry Collins, Ernie Moore, Gregory Trout and Jose Torres | Provide information and legal advice to officials of the O.D.R.C. | 5 (inc. attch) | The Ohio Department of Rehabilitation and Correction (O.D.R.C.) is an agency of the State of Ohio tasked by statute to carry out the execution of prisoners lawfully sentenced to death.  Mr. Trout and Mr. Stout are and were at the time in question "in-house" counsel for the O.D.R.C.    Mr. Torres at the time in question was counsel for the Governor of Ohio.  Mr. Collins at the time in question was the Director of the O.D.R.C.  Mr. Moore was a Regional Director of the O.D.R.C., and is currently the Director of the O.D.R.C.. Mr. Stout's communication was made in the course of providing information and legal advice to Mr. Collins and Mr. Moore concerning O.D.R.C.'s possible modification of the State's execution procedures. Accordingly, the communication may be withheld from disclosure under the privilege for confidential attorney-client communications.  *See Upjohn v. United State*s, 449 U.S. 383 (1981). |
| Electronic mail | 09/17/09 1:26 p.m. | Terry Collins | Kent Markus, Renuka Mayadev, Jose Torres, Austin Stout and Gregory Trout | Provide information to counsel | 1 | Mr. Markus and Ms. Mayadev at the time in question were or are counsel for the Governor of Ohio.   Mr. Collin's e-mail refers to previous discussions with in-house counsel, provides information to counsel relating to a matter relevant to the instant litigation, and is a direct communication to in-house counsel for O.D.R.C. It therefore may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United State*s, 449 U.S. 383 (1981). |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 09/17/09 2:05 p.m. | Charles L. Wille | Austin Stout, Phillip Kerns, Terry Collins, Ernie Moore, Edwin Voorhies, and Greg Trout | Provide information and advice to officials of the O.D.R.C. | 1 | Charles L. Wille was and is an Assistant Attorney General who represents the Governor, the Director of the O.D.R.C. and other officials of the State of Ohio in the instant case.  Phillip Kerns was the Warden of the S.O.C.F., an employee of the O.D.R.C and was a named defendant in this action.   Mr. Voorhies was and is a Regional Director of the O.D.R.C.   Mr. Wille's e-mail is a communication to officials of the O.D.R.C., and to in-house of the D.R.C. that relates to matters concerning the instant litigation and is therefore a communication that may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United State*s, 449 U.S. 383 (1981). |
| Electronic mail | 09/17/09 1:59 p.m. | Austin Stout | Phillip Kerns, Terry Collins, Ernie Moore, Edwin Voorhies, Greg Trout and Charles L. Wille | Provide information and advice to officials of the O.D.R.C., and information to Charles L. Wille | 1 | Mr. Stout's e-mail is a communication to officials of the O.D.R.C., to other in-house counsel (Mr. Trout), and to Mr. Wille, counsel for defendants in the instant litigation.  It includes specific references to conversations between Mr. Wille, in-house counsel, and officials of the O.D.R.C.  It includes Mr. Stout's specific advice and recommendations concerning a matter directly related to the instant litigation.  Accordingly, Mr. Stout's e-mail is a communication that may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United State*s, 449 U.S. 383 (1981). |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| | | | | | | |
| Electronic mail | 09/17/09 2:02 p.m. | Phillip Kerns | Austin Stout, Terry Collins, Ernie Moore, Edwin Voorhies, Greg Trout and Charles L. Wille | Response to Mr. Stout's 1:59 p.m. e-mail | 1 | Mr. Kern's e-mail is a direct communication to in-house counsel that refers to Mr. Stout's 1:59 p.m. e-mail, which for the reasons stated above is not subject to disclosure. Accordingly, Mr. Kern's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United State*s, 449 U.S. 383 (1981). |
| Electronic mail | 09/17/09 1:59 p.m. | Austin Stout | Terry Collins, Phillip Kerns, Ernie Moore, Edwin Voorhies, Greg Trout and Charles L. Wille | Response to Mr. Collins' 2:03 p.m. e-mail described below | 1 | Mr. Stout's e-mail is a direct communication between Mr. Stout as in-house counsel for O.D.R.C. and Mr. Collins, Director of O.D.R.C. It includes specific recommendations by Mr. Stout which reflect his professional opinions and assessments. In also refers to specific recommendations by Mr. Wille as counsel for defendants. Accordingly, Mr. Stout's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United State*s, 449 U.S. 383 (1981). |
| Electronic mail | 09/17/09 3:37 p.m. | Austin Stout | Terry Collins, Phillip Kerns, Ernie Moore, Edwin Voorhies, Greg Trout and Charles Wille | Provide Information | 1 | Mr.Stout's' e-mail is a direct communication to in-house counsel, Mr. Trout, and to other O.D.R.C. officials, and to counsel for defendants, Charles L. Wille. It refers to matters related to the instant litigation. Accordingly, Mr. Stout's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United State*s, 449 U.S. 383 (1981). |
| | | | | | | |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 09/17/09 2:03 p.m. | Terry Collins | Austin Stout, Phillip Kerns, Ernie Moore, Edwin Voorhies, Greg Trout, and Charles L. Wille | Provide information | 1 | Mr. Collin's e-mail is a direct communication to in-house counsel for O.D.R.C., other officials of O.D.R.C. and counsel for defendants.  It refers to matters related to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United State*s, 449 U.S. 383 (1981). |
| Electronic mail | 09/17/09 1:59 p.m. | Austin Stout | Phillip Kerns, Terry Collins, Ernie Moore, Edwin Voorhies, Greg Trout, Charles L. Wille | Provide information | 1 | Mr. Stout's e-mail is a direct communication between Mr. Stout as in-house counsel for O.D.R.C. and Mr. Collins, Director of O.D.R.C.  It includes specific recommendations by Mr. Stout which reflect his professional opinions and assessments.  In also refers to specific recommendations by Mr. Wille as counsel for defendants.  Accordingly, Mr. Stout's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United State*s, 449 U.S. 383 (1981). |
| Electronic mail | 09/21/09 7:48 a.m. | Terry Collins | Greg Trout, Austin Stout | Provide instructions | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel with reference to matters pertaining to the instant litigation. In also refers to communication with in-house counsel for the Governor of Ohio. Accordingly, Mr. Collin's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United State*s, 449 U.S. 383 (1981). |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 09/20/09 3:36 p.m. | Greg Trout | Terry Collins, Austin Stout | Provide information | 1 | Mr. Trout's e-mail is a direct communication to Mr. Collins and other in-house counsel of O.D.R.C.  It includes Mr. Trout's advice and / or recommendations concerning matters related to the instant litigation. Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United State*s, 449 U.S. 383 (1981). |
| Electronic mail | 09/24/09 12:48 p.m. | Terry Collins | Austin Stout, Edwin Voorhies, Julie  Walburn, Greg Trout, and Melissa Adkins | Provide information | 1 | Mr. Collins' e-mail is a direct communication to O.D.R.C. in-house counsel and other O.D.R.C. officials concerning matters related to the instant litigation. Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United State*s, 449 U.S. 383 (1981). |
| Electronic mail | 09/24/09 12:40 p.m. | Austin Stout | Terry Collins, Edwin Voorhies, Julie Walburn, Greg Trout, Melissa Atkins | Provide information | 1 | Mr. Stout's e-mail is a direct communication to in-house counsel and other officials of O.D.R.C. relating to matters pertaining to the instant litigation. Accordingly, Mr. Stout's  e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United State*s, 449 U.S. 383 (1981). |
| Electronic mail | 09/24/09 12:02 p.m. | Charles L. Wille | Austin Stout | Provide information | 1 | Mr. Wille's e-mail is a direct communication, as in-house counsel for O.D.R.C., to Mr. Wille, counsel for defendants in the instant case, concerning matters related to the instant litigation. |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 09/24/09 11:59 a.m. | Austin Stout | Charles Wille | Provide information | 1 | Mr. Stout's e-mail is a direct communication to Mr. Wille, counsel for defendants.   Accordingly, Mr.Stout's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United State*s, 449 U.S. 383 (1981). |
| Electronic mail | 09/24/09 11:46 a.m. | Charles L. Wille | Austin Stout | Provide information | 1 | Mr. Wille's e-mail is a direct communication to in-house counsel for O.D.R.C., referring to matters pertaining to the instant litigation.  Accordingly, Mr. Wille's  e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United State*s, 449 U.S. 383 (1981). |
| Electronic mail | 11:42 a.m. | Austin Stout | Charles  Wille | Provide information | 1 | Mr. Stout's e-mail is a direct communication to Mr. Wille, counsel for defendants.   Accordingly, Mr. Stout's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United State*s, 449 U.S. 383 (1981). |
| Electronic mail | 09/24/09 10:45am | Edwin Voorhies | Austin Stout | Provide information | 1 | Mr. Voorhies's e-mail is a direct communication to in-house counsel for O.D.R.C. pertaining to a matter related to the instant litigation.   Accordingly, Mr. Voorhies' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United State*s, 449 U.S. 383 (1981). *See Upjohn v. United State*s, 449 U.S. 383 (1981). |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 09/24/09 9:55 a.m. | Austin Stout | Terry Collins, Edwin Voorhies, Julie Walburn, Greg Trout, Melissa Adkins and Charles L. Wille | Provide information | 1 | Mr. Stout's e-mail is a direct communication to Charles L. Wille, counsel for defendants in the instant litigation, to other in-house counsel for O.D.R.C., and officials of O.D.R.C. It directly refers to a previous communication from Mr. Wille that is not subject to disclosure. Accordingly, Mr. Stout's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United State*s, 449 U.S. 383 (1981). |
| Electronic mail | 09/24/09 9:38 a.m. | Charles L. Wille | Austin Stout, Phillip Kerns | Provide information and advice concerning matters related to the instant litigation | 2 | Mr. Wille's e-mail is a direct communication to Mr. Kerns, a named defendant in the instant litigation, and to Mr. Stout, in-house counsel for O.D.R.C. It contains specific advice and specific statements reflecting Mr. Wille's professional opinions and assessments concerning the instant litigation. Accordingly, Mr. Wille's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United State*s, 449 U.S. 383 (1981). |
| Electronic mail | 09/24/09 10:01 am | Terry Collins | Austin Stout, Edwin Voorhies, Julie Walburn, Greg Trout, Melissa Adkins, and Charles Wille | Provide information | 1 | Mr. Collins' e-mail is a communication to in-house counsel for O.D.R.C. and other O.D.R.C. officials, and to counsel for defendants. It pertains to a matter related to the litigation in the instant case. Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United State*s, 449 U.S. 383 (1981). |
| | | | | | | |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 09/24/09 9:55 a.m. | Austin Stout | Greg Trout, Terry Collins, Edwin Voorhies, Julie Walburn, Melissa Adkins, and Charles L. Wille | Provide information | 1 | Mr. Stout's e-mail is a direct communication to Charles L. Wille, counsel for defendants in the instant litigation, to other in-house counsel for O.D.R.C., and officials of O.D.R.C.  It directly refers to a previous communication from Mr. Wille that is not subject to disclosure for the reasons described below.  Accordingly, Mr. Stout's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United State*s, 449 U.S. 383 (1981). |
| Electronic mail | 09/24/09 9:38 a.m. | Charles L. Wille | Austin Stout, Phillip Kerns | Provide information | 2 | Mr. Wille's e-mail is a direct communication to Mr. Kerns, a named defendant in the instant litigation, and to Mr. Stout, in-house counsel for O.D.R.C.  It contains specific advice and specific statements reflecting Mr. Wille's professional opinions and assessments  Accordingly, Mr. Wille's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United State*s, 449 U.S. 383 (1981). |
| Electronic mail | 09/25/09 8:54 a.m. | Terry Collins | Greg Trout | Respond to 09/25/09 8:52 a.m. e-mail from Greg Trout | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel for O.D.R.C. with respect to a matter pertaining to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United State*s, 449 U.S. 383 (1981). |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 09/25/09 8:52 a.m. | Greg Trout | Terry Collins | Provide information | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C. to an official of O.D.R.C. with respect to a matter pertaining to the instant litigation.  Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United State*s, 449 U.S. 383 (1981). |
| Electronic mail | 09/24/09 9:49 p.m. | Terry Collins | Greg Trout, Ernie Moore, Edwin Voorhies, Phillip Kerns, Austin Stout, David Bobby | Provide information | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel for O.D.R.C. and other O.D.R.C. officials with respect to a matter pertaining to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United State*s, 449 U.S. 383 (1981). |
| Electronic mail | 09/24/09 6:38 p.m. | Greg Trout | Terry Collins, Ernie Moore, Edwin Voorhies, Phillip kerns, Austin Stout, David Bobby | Provide information | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C. to other in-house counsel and officials of O.D.R.C. with respect to a matter pertaining to the instant litigation.  Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United State*s, 449 U.S. 383 (1981). |
| | | | | | | |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 09/30/09 1:14 p.m. | Edwin Voorhies | Greg Trout | Respond to 09/30/09 12:56 p.m. e-mail from Mr. Bobby | 1 | Mr. Voorhies' e-mail is a direct communication to in-house counsel for the O.D.R.C. which refers to a matter related to the instant litigation.  Accordingly, Mr. Voorhies' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 09/30/09 12:56 p.m. | David Bobby | Greg Trout, Edwin Voorhies, Khelleh Konteh | Provide information | 1 | Mr. Bobby's e-mail is a direct communication to in-house counsel for the O.D.R.C. and other O.D.R.C. officials, and refers to a matter related to the instant litigation.  Accordingly, Mr. Bobby's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981) |
| Electronic mail | 09/30/09 1:14 p.m. | Edwin Voorhies | Greg Trout, David Bobby | Provide advice | 1 | Mr. Voorhies' e-mail is a direct communication to in-house counsel for the O.D.R.C. and other O.D.R.C. officials, and refers to a matter related to the instant litigation.  Accordingly, Mr. Voorhies e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981) |
| Electronic mail | 09/30/09 12:56 p.m. | David Bobby | Greg Trout, Edwin Voorhies, Khelleh Konteh | Provide information | 1 | Mr. Bobby's e-mail is a direct communication to in-house counsel for the O.D.R.C. and other O.D.R.C. officials, and refers to a matter related to the instant litigation.  Accordingly, Mr. Bobby's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981) |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 10/03/09 10:18 a.m. | Greg Trout | Terry Collins, Ernie Moore and Edwin Voorhies | Provide information and advice | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to officials of O.D.R.C.  It provides information directly related to the instant litigation.  It includes statements reflecting Mr. Trout's professional opinions and assessments, and statements referencing the advice of Charles L. Wille, counsel for defendants in the instant litigation.  Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/03/09 10:04 a.m. | Terry Collins | Greg Trout, Ernie Moore, and Edwin Voorhies | Provide information and instruction | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel for O.D.R.C. and officials of O.D.R.C. concerning matters related to the instant litigation.  It also refers to communications between the Governor of Ohio and in-house counsel for the Governor concerning matters related to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/03/09 11:25 a.m. | Edwin Voorhies | Greg Trout, Ernie Moore | Request information | 1 | Mr. Voorhies' e-mail is a direct communication with in-house counsel of O.D.R.C. pertaining to matters related to the instant litigation.  Accordingly, Mr. Voorhies' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 10/03/09 10:18 a.m. | Greg Trout | Ernie Moore, Edwin Voorhies | Provide information | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to officials of O.D.R.C.  it provides information directly related to the instant litigation.  It includes statements reflecting Mr. Trout's professional opinions and assessments, and statements referencing the advice of Charles L. Wille, counsel for defendants in the instant litigation.  Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/03/09 10:04 a.m. | Terry Collins | Greg Trout, Ernie Moore, and Edwin Voorhies | Provide information and instruction | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel for O.D.R.C. and officials of O.D.R.C. concerning matters related to the instant litigation.  It also refers to communications between the Governor of Ohio and in-house counsel for the Governor concerning matters related to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/03/09 6:04 p.m. | Terry Collins | Edwin Voorhies, Greg Trout, Ernie Moore | | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel for O.D.R.C. and officials of O.D.R.C. concerning matters related to the instant litigation.  It requests specific advice from in-house counsel and other O.D.R.C. officials.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| | | | | | | |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 10/03/09 10:18 a.m. | Greg Trout | Ernie Moore, Edwin Voorhies | Provide information | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to officials of O.D.R.C.  It provides information directly related to the instant litigation.  It includes statements reflecting Mr. Trout's professional opinions and assessments, and statements referencing the advice of Charles L. Wille, counsel for defendants in the instant litigation.  Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/03/09 10:04 a.m. | Terry Collins | Greg Trout, Ernie Moore, and Edwin Voorhies | Provide information and instruction | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel for O.D.R.C. and officials of O.D.R.C. concerning matters related to the instant litigation.  It also refers to communications between the Governor of Ohio and in-house counsel for the Governor concerning matters related to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/03/09 6:18 p.m. | Terry Collins | Edwin Voorhies | Respond to 10/03/09 11:20 a.m. e-mail from Edwin Voorhies | 1 | Mr. Collins' e-mail is a direct communication to a subordinate official of the O.D.R.C. that relates to other privileged communications as described below.  Accordingly, Mr. Voorhies' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 10/03/09 11:20 a.m. | Edwin Voohies | Terry Collins, Gregory Trout | Respond to 10/03/09 10:04 a.m. e-mail from Terry Collins | 1 | Mr. Voorhies' e-mail is a direct communication to the Director of the O.D.R.C. that relates to other privileged communications as described below. Accordingly, Mr. Voorhies' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981).Mr. Voorhies' e-mail is a direct communication with in-house counsel of O.D.R.C. pertaining to matters related to the instant litigation. |
| Electronic mail | 10/03/09 10:04 a.m. | Terry Collins | Greg Trout, Ernie Moore, and Edwin Voorhies | Provide information and instruction | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel for O.D.R.C. and officials of O.D.R.C. concerning matters related to the instant litigation. It also refers to communications between the Governor of Ohio and in-house counsel for the Governor concerning matters related to the instant litigation. Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/03/09 6:49 p.m. | Greg Trout | Edwin Voorhies, Terry Collins, and Ernie Moore | Respond to 10/03/09 11:25 a.m. e-mail from Mr. Voorhies | 2 | Mr. Trout's e-mail is a direct communication in response to a previous communication by Mr. Voorhies as described above. Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| | | | | | | |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 10/03/09 11:24 a.m. | Edwin Voohies | Greg Trout, Terry Collins, Ernie Moore | Request for information | 1 | Mr. Voorhies' e-mail is a direct communication to in-house counsel for O.D.R.C. It refers to a matter related to the instant litigation. Accordingly, Mr. Voorhies' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/03/09 10:18 a.m. | Greg Trout | Ernie Moore, Edwin Voorhies | Provide information | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to officials of O.D.R.C. It provides information directly related to the instant litigation. It includes statements reflecting Mr. Trout's professional opinions and assessments, and statements referencing the advice of Charles L. Wille, counsel for defendants in the instant litigation. Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/03/09 10:04 a.m. | Terry Collins | Greg Trout, Ernie Moore, and Edwin Voorhies | Provide information and instruction | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel for O.D.R.C. and officials of O.D.R.C. concerning matters related to the instant litigation. It also refers to communications between the Governor of Ohio and in-house counsel for the Governor concerning matters related to the instant litigation. Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 10/07/09 8:37 a.m. | Terry Collins | Greg Trout | Provide information and request advice | 2 | Mr. Collins' e-mail is a direct communication to in-house counsel for O.D.R.C. that provides information and requests advice concerning matters related to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/07/09 6:02 p.m. | Terry Collins | Austin Stout, Gregory Trout | Provide information in response to 10/07/09 10:12 a.m. e-mail from in-house counsel Austin Stout | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel for O.D.R.C. which provides information concerning matters related to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/07/09 10:12 a.m. | Austin Stout | Terry Collins, Greg Trout | Provide information in response to 10/07/09 9:15 a.m. e-mail from Terry Collins | 1 | Mr. Stout's e-mail is a direct communication to Mr. Collins and in-house counsel Greg Trout which in response to Mr. Collins' communication, described below, provides information concerning matters related to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| | | | | | | |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 10/07/09 9:15 a.m. | Terry Collins | Austin Stout and Greg Trout | Request information | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel for O.D.R.C. which requests information concerning matters related to the instant litigation. Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/15/09 3:08 p.m. | Terry Collins | Greg Trout | Reply to 10/15/09 3:02 p.m. e-mail from Greg Trout | 1 | Mr. Collins' e-mail is a direct communication in reply to a communication described below, concerning matters related to the instant litigation. Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/15/09 3:02 p.m. | Greg Trout | Terry Collins | Respond to 10/15/09 1:02 p.m. e-mail from Terry Collins | 1 | Mr. Trout's e-mail is a direct communication in response to a request for information, described below, concerning matters related to the instant litigation. Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/15/09 1:02 p.m. | Terry Collins | Greg Trout | Propose action and request additional information | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel for the O.D.R.C. in which he requests information and proposes a possible action concerning matters related to the instant litigation. Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 10/19/09 7:24 a.m. | Edwin Voorhies | Greg Trout, Terry Collins and Ernie Moore | Provide information | 1 (includes e-mail to himself) | Mr. Voorhies' e-mail is a direct communication to in-house counsel for the O.D.R.C. and other O.D.R.C. officials with respect to matters relating to the instant litigation. It provides information to in-house counsel related to the subject matter of the instant litigation. Accordingly, Mr. Voorhies' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/19/09 7:53 a.m. | Terry Collins | Edwin Voorhies, Greg Trout and Ernie Moore | Respond to 10/19/09 7:19 a.m. e-mail from Edwin Voorhies | 1 | Mr. Collins' e-mail is a response to a communication from Mr. Voorhies that is not subject to disclosure for the reasons stated below. Accordingly, Mr. Collins" e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/19/09 7:19 a.m. | Edwin Voorhies | Gregory Trout, Terry Collins, Ernie Moore | Provide Information | 1 (includes e-mail to himself) | Mr. Voorhies' e-mail is a direct communication to in-house counsel for O.D.R.C. and other O.D.R.C. officials. It specifically references a communication by in-house counsel for the Governor. Accordingly, Mr. Voorhies' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/19/09 7:56 a.m. | Terry Collins | Edwin Voorhies, Greg Trout and Ernie Moore | Respond to 10/19/09 7:21 a.m. e-mail from Edwin Voorhies | 1 | Mr. Collins' e-mail is a response to a communication from Mr. Voorhies that is not subject to disclosure for the reasons stated below. Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 10/19/09 7:21 a.m. | Edwin Voorhies | Terry Collins, Ernie Moore, Greg Trout | Provide information | 1 (includes e-mail to himself) | Mr. Voorhies' e-mail is a direct communication to in-house counsel and other officials of the O.D.R.C. It refers to matters relevant to the instant litigation. Accordingly, it may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/19/09 7:57 a.m. | Terry Collins | Edwin Voorhies, Greg Trout and Ernie Moore | Respond to 10/19/09 7:24 a.m. e-mail from Edwin Voorhies | 1 | Mr. Collins' e-mail is a response to a communication from Mr. Voorhies that is not subject to disclosure for the reasons stated above. Accordingly, Mr. Collins'e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/19/09 7:24 a.m. | Edwin Voorhies | Greg Trout, Terry Collins and Ernie Moore | Provide information | 1 | Mr. Voorhies' e-mail is a direct communication to in-house counsel for the O.D.R.C. and other O.D.R.C. officials with respect to matters relating to the instant litigation. It provides information to in-house counsel related to the subject matter of the instant litigation. Accordingly, Mr. Voorhies' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/19/09 10:31 a.m. | Greg Trout | Edwin Voorhies | Respond to 10/19/09 7:21 a.m. e-mail from Edwin Voorhies | 1 | Mr. Trout's e-mail is a response to a communication from Mr. Voorhies that is not subject to disclosure for the reasons stated above. It also includes statements which reflect Mr. Trout's professional opinions and assessments with respect to matters related to the instant litigation. Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 10/19/09 7:21 a.m. | Edwin Voorhies | Terry Collins, Ernie Moore, Greg Trout | Provide information | 1 (includes e-mail to himself) | Mr. Voorhies' e-mail is a direct communication to in-house counsel and other officials of the O.D.R.C.  It refers to matters relevant to the instant litigation.  Accordingly, it may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/19/09 9:19 a.m. | Terry Collins | Edwin Voorhies, Ernie Moore and Greg Trout | Reply to 10/19/09 8:46 a.m. e-mail from Edwin Voorhies | 1 | Mr. Collin's e-mail is a direct communication with in-house counsel of O.D.R.C. and other O.D.R.C. officials that relates to the information described above.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981).    It is also withheld because it also refers to medical information concerning prisoners who are not plaintiffs as described above. |
| Electronic mail | 10/19/09 8:46 a.m. | Edwin Voorhies | Terry Collins, Ernie Moore and Greg Trout | Provide information | 1 | Mr. Voorhies' e-mail is a direct communication to in-house counsel of the O.D.R.C. and to other officials of the O.D.R.C.  Accordingly, Mr. Voorhies' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981).  It is also withheld because it refers to medical information concerning prisoners who are not plaintiffs in the instant litigation and which is therefore not relevant or not likely to lead to the discovery of relevant evidence. |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 10/19/09 8:31 a.m. | David Bobby | Edwin Voorhies | Provide information | 1 | Mr. Bobby's e-mail refers to information requested by Mr. Voorhies at the direction of Mr. Collins and in-house counsel for the O.D.R.C.  Accordingly, Mr. Bobby's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981).  It is also withheld because it also refers to medical information concerning prisoners who are not plaintiffs in the instant litigation as described above. |
| Electronic mail | 10/19/09 3:00 p.m. | Terry Collins | Edwin Voorhies, Ernie Moore and Greg Trout | Reply to 10/19/09 11:06 e-mail from Mr. Voorhies | 1 | Mr. Collin's e-mail is a direct communication with in-house counsel of O.D.R.C. and other O.D.R.C. officials that relates to the information described above. Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981).   It is also withheld because it also refers to medical information concerning prisoners who are not plaintiffs as described above. |
| Electronic mail | 10/19/09 11:06 a.m. | Edwin Voorhies | Terry Collins, Ernie Moore and Greg  Trout | Provide information | 1 | Mr. Voorhies' e-mail is a direct communication with in-house counsel of O.D.R.C. and other O.D.R.C. officials that relates to the information described above. Accordingly, Mr. Voorhies' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981).    It is also withheld because it also refers to medical information concerning prisoners who are not plaintiffs as described above. |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 10:25 a.m. | David Bobby | Edwin Voorhies | Provide information | 1 | Mr. Bobby's e-mail refers to information requested by Mr. Voorhies at the direction of Mr. Collins and in-house counsel for the O.D.R.C. Accordingly, Mr. Bobby's -mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). It is also withheld because it also refers to medical information concerning prisoners who are not plaintiffs in the instant litigation as described above. |
| Electronic mail | 10/19/09 10:22 a.m. | Carolyn Nowak | David Bobby | Provide information | 1 | Ms. Nowak is a business administrator for the O.S.P. Her e-mail refers to information requested by Mr. Bobby and other O.D.R.C. officials as described above. Accordingly, Mr. Nowak's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). It is also withheld because it also refers to medical information concerning prisoners who are not plaintiffs in the instant litigation as described above. |
| Electronic mail | 10/19/09 10:19 a.m. | David Bobby | Carolyn Nowak | Request information | 1 | Mr. Bobby's e-mail refers to information requested by Mr. Bobby other O.D.R.C. officials as described above. Accordingly, Mr. Bobby's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). It is also withheld because it also refers to medical information concerning prisoners who are not plaintiffs in the instant litigation as described above. |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 10/19/09 11:06 a.m. | Edwin Voorhies | Terry Collins, Ernie Moore, Greg Trout | Provide information | 1 | Mr. Voorhies' e-mail is a direct communication to in-house counsel referencing a matter related to the instant litigation.  Accordingly, Mr. Voorhies' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981) |
| Electronic mail | !0/19/09 10:25 a.m. | David Bobby | Edwin Voorhies | Provide information | | Mr. Bobby's e-mail refers to information requested by Mr. Voorhies at the direction of Mr. Collins and in-house counsel for the O.D.R.C.  Accordingly, Mr. Bobby's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981).  It is also withheld because it also refers to medical information concerning prisoners who are not plaintiffs in the instant litigation as described above. |
| Electronic mail | 10/19/09 10:22 a.m. | Carolyn Nowak | David Bobby | Provide information | 1 | Ms. Nowak is a business administrator for the O.S.P.  Her e-mail refers to information requested by Mr. Bobby and other O.D.R.C. officials as described above.  Accordingly, Mr. Nowak's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981).  It is also withheld because it also refers to medical information concerning prisoners who are not plaintiffs in the instant litigation as described above. |
| | | | | | | |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 10/19/09 10:19 a.m. | David Bobby | Carolyn Nowak | Request information | 1 | Mr. Bobby's e-mail refers to information requested by Mr. Bobby other O.D.R.C. officials as described above. Accordingly, Mr. Bobby's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981).  It is also withheld because it also refers to medical information concerning prisoners who are not plaintiffs in the instant litigation as described above. |
| Electronic mail | 10/19/09 10:17 a.m. | Carolyn Nowak | David Bobby | Provide information | 14 | Ms. Nowak's e-mail provides information requested by Mr. Bobby and other O.D.R.C. officials as described above. Accordingly, Mr. Nowak's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981).  It is also withheld because it also provides medical information concerning prisoners who are not plaintiffs in the instant litigation as described above. |
| Electronic mail | 10/19/09 5:40 p.m. | Terry Collins | Greg Trout, Ernie Moore, Edwin Voorhies | Reply to 10/19/09 3:06 p.m. from Greg trout | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel for the O.D.R.C. and other O.D.R.C. officials.  It is in reply to a communication from in-house counsel which refers to matters pertaining to the instant litigation, as described below.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 10/19/09 3:06 p.m. | Greg Trout | Terry Collins, Ernie Moore and Edwin Voorhies | Provide information | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to Mr. Collins and other O.D.R.C. officials, which refers to matters pertaining to the instant litigation, as described below.  Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/19/09 3:03 p.m. | Jim Slagle | Kent Markus, Jose Torres, Greg Trout, Charles L. Wille, and Eric Holloway | Provide information and advice | 2 | Mr. Slagle is an assistant attorney general for the State of Ohio and the immediate supervisor of Charles L. Wille and Eric Holloway, counsel for the defendants in the instant case.  Mr. Slagle's e-mail is a direct communication to counsel in the instant case, in-house counsel for O.D.R.C., and in-house counsel for the Governor of Ohio.  It refers directly to matters pertaining to this litigation, and reflects the professional opinions and assessments of counsel for the defendants in the instant case.  Accordingly, Mr. Slagle's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/21/09 7:13 a.m. | Terry Collins | Greg Trout | Response to 10/20/09 6:05 p.m. e-mail from Greg Trout | 1 | Mr. Collins' e-mail is a direct communication to Mr. Trout, in-house counsel for the O.D.R.C.  It refers to a previous communication from Mr. Trout pertaining to matters related to the instant litigation, as described below.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| | | | | | | |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 10/20/09 6:05 p.m. | Greg Trout | Terry Collins | Provide information and advice | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for the O.D.R.C., to Mr. Collins.  It refers to matters pertaining to the instant litigation.  It reflects Mr. Trout's professional opinions and assessments.  Accordingly, Mr. Trout's' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/20/09 5:29 p.m. | Terry Collins | Greg Trout | Request information and advice | 1 | Mr. Collins' e-mail is a direct communication to Mr. Trout, in-house counsel for the O.D.R.C.  It requests information and advice pertaining to matters related to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/20/09 4:56 p.m. | Greg Trout | Terry Collins | Respond to 10/20/09 3:01 p.m. e-mail from Terry Collins | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to Mr. Collins.  It reflects counsel's professional opinions and assessments concerning a matter related to the instant litigation.  Accordingly, it is withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/20/09 3:01 p.m. | Terry Collins | Greg Trout | Provide information | 1 | Mr. Collins' e-mail is a direct communication to Mr. Trout, in-house counsel for the O.D.R.C.  It provides information or opinions pertaining to matters related to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 10/20/09 1:52 p.m. | Greg Trout | Terry Collins | Provide information or advice | 2 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to Mr. Collins. It reflects counsel's professional opinions and assessments concerning a matter related to the instant litigation. Accordingly, it is withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/21/09 7:39 a.m. | Terry Collins | Edwin Voorhies, Ernie Moore and Greg Trout | Respond to 10/21/09 7:29 a.m. e-mail from Mr. Voorhies | 1 | Mr. Collins' e-mail is a direct communication to Mr. Trout, in-house counsel for O.D.R.C. and other O.D.R.C. officials. It refers to a previous communication from Mr. Voorhies concerning matters related to the instant litigation. Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/21/09 7:29 a.m. | Edwin Voorhies | Terry Collins, Ernie Moore and Greg Trout | Provide information | 1 | Mr. Voorhies' e-mail is a direct communication to in-house counsel for the O.D.R.C. and other O.D.R.C. officials. It refers to information pertaining to matters related to the instant litigation. Mr. Voorhies' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 10/20/09 5:54 p.m. | Willard McCombs | Edwin Voorhies and David Bobby | Provide information | 3 | Mr. McCombs is an assistant to Mr. Bobby.  His e-mail provides information to Mr. Bobby pertaining to matters related to the instant litigation, per the direction of other O.D.R.C. officials and consistent with the advice of in-house counsel for the O.D.R.C.  Accordingly, Mr. McCombs e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/22/09 4:56 p.m. | Greg Trout | Edwin Voorhies | Respond to 10/22/4:52 p.m. e-mail from Mr. Voorhies | 1 | Mr. Trout's e-mail is a direct communication to an official of the O.D.R.C. which refers to a previous communication from Mr. Voorhies concerning matters pertaining to the instant litigation.  Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/22/09 4:52 p.m. | Edwin Voorhies | Greg Trout | Request for information | 1 | Mr. Voorhies' e-mail is a direct communication to in-house counsel for the O.D.R.C. concerning matters relating to the instant litigation.  Accordingly, Mr. Voorhies' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/23/09 8:58 a.m. | Terry Collins | Greg Trout, Ernie Moore and Edwin Voorhies | Request information | 1 | Mr. Collins e-mail is a direct communication to in-house counsel for O.D.R.C. and other O.D.R.C. officials with respect to matters related to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 10/23/09 8:57 p.m. | Greg Trout | Terry Collins, Ernie Moore, Edwin Voorhies | Respond to 10/23/09 8:02 e-mail from Terry Collins | 1 | Mr. Trout's e-mail is a direct communication to an official of the O.D.R.C. which refers to a previous communication from Mr. Voorhies concerning matters pertaining to the instant litigation.  Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/23/09 8:02 a.m. | Terry Collins | Greg Trout, Ernie Moore and Edwin Voorhies | Provide information an instruction | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel of the O.D.R.C. concerning matters related to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/23/09 4:41 p.m. | Terry Collins | Eric Holloway, Kent Markus, Jose Torres, Greg Trout, Albert Lin, Jim Slagle, Charles L. Wille | Respond to 10/23/09 4:31 p.m. e-mail from Eric Holloway | 1 | Mr. Lin is an assistant attorney general foe Ohio and Mr. Wille's supervisor.  Mr. Collins' e-mail is a direct communication to counsel for defendants and in-house counsel for the Governor of Ohio.  It refers to a previous communication from counsel for defendants as described below.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 10/23/09 4:31 p.m. | Eric Holloway | Kent Markus, Jose Torres, Greg Trout, Terry Collins, Albert Lin, Jim Slagle, and Charles Wille | Provide information | 2 | Mr. Holloway's e-mail is a direct communication to Mr. Collins, to in-house counsel for O.D.R.C., to in-house counsel for the Governor of Ohio, and to counsel for defendants' in the instant litigation.  It concerns matters pertaining to the instant litigation.  It reflects opinions and assessments of counsel for defendants with respect to matters related to the litigation. Accordingly, Mr. Holloway's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/29/09 4:46 p.m. | Greg Trout | Edwin Voorhies | Respond to 10/29/09 4:45 p.m. e-mail from Mr. Voorhies | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to Mr. Voorhies.  It refers to matters related to the instant litigation. Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/29/09 4:45 p.m. | Edwin Voorhies | Greg Trout | Request information | 1 | Mr. Voorhies' e-mail is a direct communication to Mr. Trout, in-house counsel for O.D.R.C.  It refers to matters related to subject litigation.  Accordingly, Mr. Voorhies' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| | | | | | | |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 10/29/09 4:40 p.m. | Greg Trout | Kent Markus, Eric Holloway, Jim Slagle, Charles Wille, Jose Torres, Edwin Voorhies, Renuka Mayadev, and Cheryl Jordan | Provide information | 1 | Mr. Trout's e-mail is a direct communication to in-house counsel for the Governor of Ohio, to counsel for defendants' in the instant litigation, and to other officials of the O.D.R.C.  It concerns matters pertaining to the instant litigation.  Accordingly, Mr. Trout's  e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/29/09 4:21 p.m. | Kent Markus | Eric Holloway, Jim Slagle, Greg Trout, Charles L. Wille, Jose Torres, Edwin Voorhies, Renuka Mayadev, and Cheryl Jordan. | Provide information | 1 | Mr. Markus' e-mail is a direct communication to other in-house counsel for the Governor of Ohio, to counsel for defendants' in the instant litigation, and to officials of the O.D.R.C.  It concerns matters pertaining to the instant litigation.  Accordingly, Mr. Markus' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/29/09 4:02 p.m. | Eric Holloway | Jim Slagle, Greg Trout, Charles L. Wille, Kent Markus, Jose Torres, Edwin Voorhies, Renuka Mayadev, and Cheryl Jordan. | Provide information | 1 | Mr. Holloway's e-mail is a direct communication to in-house counsel for the Governor of Ohio, to other counsel for defendants' in the instant litigation, and to officials of the O.D.R.C.  It concerns matters pertaining to the instant litigation.  Accordingly, Mr. Holloway's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 10/29/09 3:40 p.m. | Jim Slagle | Eric Holloway, Greg Trout, Charles L. Wille, Kent Markus, Jose Torres, Edwin Voorhies, Renuka Mayadev, and Cheryl Jordan. | Provide information | 1 | Mr. Slagle's e-mail is a direct communication to in-house counsel for the Governor of Ohio, to other counsel for defendants' in the instant litigation, and to officials of the O.D.R.C.  It concerns matters pertaining to the instant litigation.  Accordingly, Mr. Slagle's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/29/09 1:23 p.m. | Greg Trout | Kent Markus, Eric Holloway, Jim Slagle, Charles Wille, Jose Torres, Edwin Voorhies, Renuka Mayadev, and  Cheryl Jordan | Provide information | 1 | Mr. Trout's e-mail is a direct communication to in-house counsel for the Governor of Ohio, to counsel for defendants' in the instant litigation, and to other officials of the O.D.R.C.  It concerns matters pertaining to the instant litigation.  Accordingly, Mr. Trout's  e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 10/28/09 9:18 a.m. | Charles L. Wille | Jim Slagle, Greg Trout and Eric Holloway | Provide information and request consultation | 1 | Mr. Wille's e-mail is a direct communication to in-house counsel for the O.D.R.C. and other counsel for the defendants.  It refers to documents prepared by Mr. Wille as counsel for defendants.  Accordingly, Mr. Wille's  e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 11/05/09 6:01 p.m. | Greg Trout | Edwid Voorhies | Request information | 1 | Mr. Trout's e-mail is a direct communication to Mr. Voorhies and refers to matters related to the instant litigation. Accordingly, it may be withheld under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/06/09 10:24 a.m. | Terry Collins | Greg Trout | Respond to 11/06/09 10:16 a.m. e-mail from Greg Trout | 1 | Mr. Collins' e-mail is a direct communication to Mr. Trout as in-house counsel for O.D.R,C. It refers to matters pertaining to the instant litigation. Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/06/09 10:16 a.m. | Greg Trout | Terry Collins | Respond to 11/06/09 10:15 a.m. e-mail from Terry Collins | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to Mr. Collins. It refers to matters pertaining to the instant litigation. Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/06/09 11:15 a.m. | Terry Collins | Greg Trout | Respond to 11/06/09 10:07 a.m. e-mail from Greg Trout | 1 | Mr. Collins' e-mail is a direct communication to Mr. Trout as in-house counsel for O.D.R.C. It refers to matters pertaining to the instant litigation. Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 11/06/09 10:07 a.m. | Greg Trout | Terry Collins | Respond to 11/06/09 9:45 a.m. e-mail from Terry Collins | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to Mr. Collins.  It refers to matters pertaining to the instant litigation. Accordingly, Mr. Trout's' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/06/09 9:54 a.m. | Terry Collins | Greg Trout | Respond to 11/05/09 4:46 p.m. e-mail from Greg Trout | 1 | Mr. Collins' e-mail is a direct communication to Mr. Trout as in-house counsel for O.D.R,C.  It refers to matters pertaining to the instant litigation. Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/05/09 4:46 p.m. | Greg Trout | Terry Collins | Provide information and advice | 2 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to Mr. Collins.  It refers to matters pertaining to the instant litigation.  It reflects Mr. Trout's professional opinion or assessments. Accordingly, Mr. Trout's' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/06/09 2:49 p.m. | Dr. K | Greg Trout | Provide information | 1 | As Mr. Trout is in-house counsel for O.D.R.C., Dr. K's e-mail to Mr. Trout, obtained in the course of Mr. Trout's investigation for information possibly relevant to the instant litigation, is attorney work product which may be withheld from disclosure.  *See Hickman v. Taylor*, 329 U.S. 495, 511 (1947) |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 11/06/09 4:09 p.m. | Greg Trout | Dr. K. | Obtain Information | 1 | As Mr. Trout is in-house counsel for O.D.R.C., Mr. Trout's e-mail to Dr. K for the purposes of investigating for information possibly relevant to the instant litigation is attorney work product which may be withheld from disclosure. *See Hickman v. Taylor*, 329 U.S. 495, 511 (1947). |
| Electronic mail | 10/27/09 2:27 p.m. | Dr. K | Greg Trout | Provide information | 4 | As Mr. Trout is in-house counsel for O.D.R.C., Dr. K's e-mail to Mr. Trout, obtained in the course of Mr. Trout's investigation for information possibly relevant to the instant litigation, is attorney work product which may be withheld from disclosure. *See Hickman v. Taylor*, 329 U.S. 495, 511 (1947) |
| Electronic mail | 10/27/09 2:27 p.m. | Dr. K | Greg Trout | Provide information | 6 | As Mr. Trout is in-house counsel for O.D.R.C., Dr. K's e-mail to Mr. Trout, obtained in the course of Mr. Trout's investigation for information possibly relevant to the instant litigation, is attorney work product which may be withheld from disclosure. *See Hickman v. Taylor*, 329 U.S. 495, 511 (1947) |
| Electronic mail | 10/27/09 2:29 p.m. | Greg Trout | Dr. K | Provide information | 6 | As Mr. Trout is in-house counsel for O.D.R.C., his e-mail to DR. K, sent in the course of Mr. Trout's investigation for information possibly relevant to the instant litigation, is attorney work product which may be withheld from disclosure. *See Hickman v. Taylor*, 329 U.S. 495, 511 (1947) |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 10/27/09 2:27 p.m. | Dr. K | Greg Trout | Provide information | 3 | As Mr. Trout is in-house counsel for O.D.R.C., Dr. K's e-mail to Mr. Trout, obtained in the course of Mr. Trout's investigation for information possibly relevant to the instant litigation, is attorney work product which may be withheld from disclosure.  *See Hickman v. Taylor*, 329 U.S. 495, 511 (1947) |
| Electronic mail | 11/12/09 10:25 a.m. | Terry Collins | Greg Trout | Respond to 11/12/09 10:23 a.m. e-mail from Greg Trout | 1 | Mr. Collins' e-mail is a direct communication to Mr. Trout as in-house counsel for O.D.R,C.  It refers to matters pertaining to the instant litigation. Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/12/09 10:23 a.m. | Greg Trout | Terry Collins | Provide information | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to Mr. Collins.  It refers to matters pertaining to the instant litigation. Accordingly, Mr. Trout's' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/12/09 9:56 a.m. | Eric Holloway | Greg Trout, Jim Slagle, Charles L. Wille | Provide information and advice | 2 | Mr. Holloway's e-mail is a direct communication to in-house counsel to the O.D.R.C. and other counsel for the defendants.  It refers to matters prepared by counsel related to the instant litigation.  Accordingly, Mr. Holloway's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 11/12/09 10:41 a.m. | Terry Collins | Greg Trout | Provide information | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel for O.D.R.C.   It refers to matters pertaining to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/12/09 10:31.a.m. | Greg Trout | Eric Holloway, Jim Slagle, Charles L. Wille and Terry Collins | Provide information and advice | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to Mr. Collins and counsel for the defendants.  It refers to matters prepared by counsel pertaining to the instant litigation.  It reflects Mr. Trout's professional opinions and assessments.  Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/12/09 9:56 a.m. | Eric Holloway | Greg Trout, Jim Slagle and Charles L. Wille | Provide information and advice | 2 | Mr. Holloway's e-mail is a direct communication to in-house counsel to the O.D.R.C. and other counsel for the defendants.  It refers to matters prepared by counsel related to the instant litigation.  Accordingly, Mr. Holloway's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/12/09 4:42 p.m. | Terry Collins | Greg Trout | Respond to 11/12/09 3:16 p.m. e-mail from Greg Trout | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel for O.D.R.C.  It references matters that pertain to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 11/12/09 3:16 p.m. | Greg Trout | Julie Walburn, Kent Markus, Charles L. Wille, Eric Holloway, Terry Collins, and Jim Slagle | Provide information and advice | 1 | Mr. Trout's e-mail is a direct communication to counsel for defendants, in-house counsel for the Governor of Ohio, and other officials of the O.D.R.C.  It refers to matters pertaining to the instant litigation.  It reflects the professional opinions and assessments of counsel for the defendants.  Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/12/09 6:52 p.m. | Terry Collins | Greg Trout | Respond to 11/12/09 6:05 p.m. e-mail from Greg Trout | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel that refers to matters pertaining to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/12/09 6:05 p.m. | Greg Trout | Eric Holloway, Charles L. Wille, Julie Walburn, Kent Markus, Jim Slagle and Terry Collins | Provide information and advice | 1 | Mr. Trout's e-mail is  a direct communication to counsel for defendants, in-house counsel for the Governor, and other officials of the O.D.R.C.  It refers to matters pertaining to the instant litigation, and reflects Mr. Trout's professional opinions.  Therefore, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pgs. | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 11/12/09 3:48 p.m. | Eric Holloway | Greg Trout, Charles L. Wille, Julie Walburn, Kent Markus, and Jim Slagle | Respond to 11/12/09 3:48 p.m. e-mail from Greg Trout | 1 | Mr. Holloway's e-mail is a direct communication to in-house counsel for O.D.R.C., in-house counsel for the Governor of Ohio, other counsel for defendants, and other officials of O.D.R.C.  It refers to matters pertaining to the instant litigation.  Accordingly, Mr. Holloway's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/12/09 3:48 p.m. | Greg Trout | Eric Holloway, Charles L. Wille, Julie Walburn and Kent Markus | Provide information and instruction | 1 | Mr. Trout's e-mail is a direct communication to counsel for defendants, in-house counsel for the Governor of Ohio, and other officials of O.D.R.C.  It refers to matters pertaining to the instant litigation. Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/12/09 3:44 p.m. | Eric Holloway | Greg Trout, Kent Markus, Terry Collins, Julie Walburn, Jim Slagle, and Charles L. Wille | Provide information and advice | 1 | Mr. Holloway's e-mail is a direct communication to in-house counsel for O.D.R.C., in-house counsel for the Governor of Ohio, other counsel for defendants, and other officials of the O.D.R.C.  It refers to matters pertaining to the instant litigation.  It reflects Mr. Holloway's professional opinions and assessments.  Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pgs. | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 11/13/09 4:48 p.m. | Terry Collins | Greg Trout | Respond to 11/13/09 4:37 p.m. e-mail from Greg Trout | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel which refers to matters pertaining to the instant litigation. Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/13/09 4:47 p.m. | Greg Trout | Terry Collins | Provide information | 1 | Mr. Trout's e-mail is a direct communication to in-house counsel for O.D.R.C. It refers to a matter pertaining to the instant litigation, and statements by counsel for the defendants which reflect the professional opinions or assessments of defendants' counsel. Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/13/09 4:34 p.m. | Jim Slagle | Greg Trout, Kent Markus, Charles L. Wille, Eric Holloway | Provide information and advice | 2 (includes copy of e-mail from Greg Glasgow) | Mr. Glasgow is a paralegal emplyed by counsel for defendants. Mr. Slagle's e-mail is a direct communication to in-house counsel for O.D.R.C., in-house counsel for the Governor of ohio, and other counsel for defendants. It refers to matters pertaining to the instant litigation. It reflects the professional opinions and assessments of counsel for defendants. Accordingly, Mr. Slagle's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pgs. | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 11/13/09 4:48 p.m. | Terry Collins | Greg Trout | Respond to 11/13/09 4:37 p.m. e-mail from Greg Trout | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel which refers to matters pertaining to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/13/09 4:48 p.m. | Greg Trout | Terry Collins | Respond to 11/13/08 4:44 p.m. e-mail from Terry Collins | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to Mr. Collins.  It refers to matters pertaining to the instant litigation. Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/13/09 4:44 p.m. | Terry Collins | Greg Trout | Request information | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel for O.D.R.C.  It refers to a matter that pertains to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/12/09 4:36 p.m. | Greg Trout | Terry Collins | 11/13/09 4:30 p.m. e-mail from Terry Collins | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to Mr. Collins.  It refers to matters pertaining to the instant litigation. Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pgs. | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 11/13/09 4:30 p.m. | Terry Collins | Greg Trout | Request for information or advice | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel for O.D.R.C.  It refers to matters pertaining to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/13/09 4:28 p.m. | Greg Trout | Terry Collins, Renuka Maayadev, Julie Walburn, Edwin Voorhies, Phillip Kerns, Ernie Moore | Provide information | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to Mr. Collins and other officials of the O.D.R. C.  and in-house counsel for the Governor of Ohio.  It refers to matters pertaining to the instant litigation. Accordingly, Mr. Trout's' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/13/09 4:25 p.m. | Greg Glasgow | Kent Markus, Greg Trout, Austin Stout, Terry Collins, Cheryl Jordan, Jim Slagle, Eric Holloway, Charles L. Wille, Priscella Edwards | Provide information | 1 | Mr. Glasgow's e-mail is a direct communication, as an employee of counsel for defendants, to counsel for defendants, in-house counsel for O.D.R.C., in-house counsel for the Governor of Ohio, employees of O.D.R.C., and other employees of counsel for defendant.  It refers to matters pertaining to the instant litigation.  Accordingly, Mr. Glasgow's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| | | | | | | Basis for Withholding |
| Electronic mail | 11/16/09 10:33 a.m. | Edwin Voorhies | Greg Trout | Provide information | 1 | Mr. Voorhies' e-mail is a direct communication to in-house counsel for O.D.R.C.  It refers to matters pertaining to the instant litigation.  Accordingly, Mr. Voorhies' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/16/09 12:11 p.m. | Edwin Voorhies | Greg Trout | Respond to 11/16/09 11:52 a.m. e-mail from Mr. Trout | 1 | Mr. Voorhies' e-mail is a direct communication to in-house counsel for O.D.R.C.  It refers to matters pertaining to the instant litigation.  Accordingly, Mr. Voorhies' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/16/09 11:52 a.m. | Greg Trout | Edwin Voorhies and Phillip Kerns | Request for information | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to officials of O.D.R.C.  It pertains to a matter related to the instant litigation.  Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| | | | | | | |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 11/16/09 12:07 p.m. | Terry Collins | Greg Trout, Ernie Moore, and Edwin Voorhies | Respond to 11/16/09 12:00 p.m. e-mail from Greg Trout | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel for O.D.R.C. , and to other officials of O.D.R.C.  It refers to a matter pertaining to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/16/09 12:00 p.m. | Greg Trout | Terry Collins, Ernie Moore and Edwin Voorhies | Provide information and advice | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to officials of O.D.R.C.  It refers to a matter pertaining to the instant litigation.  It reflects Mr. Trout's professional opinions nand assessments.  Accordingly, Mr. Trout's' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/16/09 5:36 p.m. | Edwin Voorhies | Terry Collins, Greg Trout and Ernie Moore | Provide information | 1 | Mr. Voorhies' e-mail is a direct communication to in-house counsel for O.D.R.C and other officials of O.D.R.C.  It refers to a matter pertaining to the instant litigation.  Accordingly, Mr. Voorhies' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/16/09 5:32 p.m. | Terry Collins | Greg Trout, Ernie Moore, Edwin Voorhies, and Melissa Adkins | Provide information and request consultation | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel of O.D.R.C. and other O.D.R.C. officials.  It refers to a matter pertaining to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 11/16/09 12:00 p.m. | Greg Trout | Terry Collins, Ernie Moore and Edwin Voorhies | Provide information and advice | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to officials of O.D.R.C.  It refers to a matter pertaining to the instant litigation.  It reflects Mr. Trout's professional opinions nand assessments.  Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/16/19 5:38 p.m. | Terry Collins | Greg Trout, Edwin Voorhies, Ernie Moore, Phillip Kerns | Respond to 11/13/09 5:38 p.m. e-mail from Greg Trout | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel and other O.D.R.C. officials.  It pertains to a matter related to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/16/09 5:38 p.m. | Greg Trout | Terry Collins, Edwin Voorhies, Ernie Moore, and Phillip Kerns | Respond to 11/16/09 4:49 p.m. e-mail from Terry Collins | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to officials of O.D.R.C.  It refers to matters pertaining to the instant litigation.  It reflects Mr. Trout's professional opinions and assessments.  Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 11/16/09 4:49 p.m. | Terry Collins | Greg Trout, Edwin Voorhies, Ernie Moore, and Phillip Kerns | Request for information or advice | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel and other O.D.R.C. officials.  It pertains to a matter related to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/16/09 4:01 p.m. | Greg Trout | Terry Collins, Edwin Vorhies, Ernie Moore and Phillip Kerns | Provide information | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to officials of O.D.R.C.  It refers to matters pertaining to the instant litigation.  It reflects Mr. Trout's professional opinions and assessments.  Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/16/09 3:44 p.m. | Jim Slagle | Greg Trout and Charles L. Wille | Provide information | 1 | Mr. Slagle's e-mail is a direct communication as counsel for defendants to in-house counsel for O.D.R.C., which refers to matters related to the instant litigation.  It therefore may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/16/09 5:39 p.m. | Terry Collins | Greg Trout, Ernie Moore, Edwin Voorhies,  Melissa Adkins, and Cheryl Jordan | Respond to 11/16/09 5:38 p.m. e-mail from Greg Trout | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel and other O.D.R.C. officials.  It pertains to a matter related to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| | | | | | | |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 11/16/09 5:38 p.m. | Greg Trout | Terry Collins, Ernie Moore, Edwin Voorhies, Melissa Adkins | Provide information | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to officials of O.D.R.C. It refers to matters pertaining to the instant litigation. Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/16/09 5:38 p.m. | Terry Collins | Greg Trout, Ernie Moore and Edwin Voorhies | Provide information | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel and other O.D.R.C. officials. It pertains to a matter related to the instant litigation. Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/16/09 5:37 p.m. | Greg Trout | Terry Collins, Ernie Moore and Edwin Voorhies | Provide information | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to officials of O.D.R.C. It refers to matters pertaining to the instant litigation. Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/16/09 5:32 p.m. | Terry Collins | Greg Trout, Ernie Moore and Edwin Voorhies | Provide information | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel and other O.D.R.C. officials. It pertains to a matter related to the instant litigation. Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 11/16/09 12:00 p.m. | Greg Trout | Terry Collins, Ernie Moore and Edwin Voorhies | Provide information and advice. | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to officials of O.D.R.C. It refers to matters pertaining to the instant litigation. It reflects Mr. Trout's professional opinions and assessments. Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/19/09 7:45 a.m. | Terry Collins | Greg Trout, Ernie Moore and Edwin Voorhies | Respond to 11/18/09 5:24 p.m. e-mail from Greg Trout | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel and other O.D.R.C. officials. It pertains to a matter related to the instant litigation. Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/18/09 5:24 p.m. | Greg Trout | Terry Collins, Ernie Moore and Edwin Voorhies | Provide information | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to officials of O.D.R.C. It refers to matters pertaining to the instant litigation. Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/17/09 8:56 a.m. | Melissa Adkins | Terry Collins, Greg Trout, Ernie Moore, Edwin Voorhies, Cheryl Jordan and Beverly Motton | Arrange for consultation | 1 | Ms. Adkins is an employee of the O.D.R.C. Her e-mail is a direct communication to in-house counsel for O.D.R.C, and other officials of O.D.R.C. It relates to a matter pertaining to the instant litigation. Accordingly, Ms. Adkins' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 11/16/09 5:39 p.m. | Terry Collins | Greg Trout, Ernie Moore, Edwin Voorhies, Melissa Adkins, Cheryl Jordan | Respond to 11/16/09 5:38 p.m. e-mail from Greg Trout | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel and other O.D.R.C. officials.  It pertains to a matter related to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/16/09 5:38 p.m. | Greg Trout | Terry Collins, Ernie Moore, Edwin Voorhies, Melissa Adkins, and Cheryl Jordan | Provide information and arrange for consultation | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to officials of O.D.R.C.  It refers to matters pertaining to the instant litigation.  Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/16/09 5:38 p.m. | Terry Collins | Greg Trout, Ernie Moore, Edwin Voorhies, and Melissa Adkins | Provide information | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel and other O.D.R.C. officials.  It pertains to a matter related to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/16/09 5:37 p.m. | Greg Trout | Terry Collins, Ernie Moore, Edwin Voorhies, and Melissa Adkins | Respond to 11/16/09 5:38 p.m. e-mail from Terry Collins | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to officials of O.D.R.C.  It refers to matters pertaining to the instant litigation.  Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 11/16/09 5:32 p.m. | Terry Collins | Greg Trout, Ernie Moore, Edwin Voorhies, and Melissa Adkins | Provide information | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel and other O.D.R.C. officials.  It pertains to a matter related to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/16/09 12:00 p.m. | Greg Trout | Terry Collins, Ernie Moore and Edwin Voorhies | Provide information and advice. | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to officials of O.D.R.C.  It refers to matters pertaining to the instant litigation.  It reflects Mr. Trout's professional opinions and assessments.  Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/19/09 7:56 a.m. | Terry Collins | Edwin Voorhies, Greg Trout and Ernie Moore | Respond to 11/19/09 7:54 a.m. e-mail from Mr. Voorhies | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel and other O.D.R.C. officials.  It pertains to a matter related to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications. |
| Electronic mail | 11/19/09 7:54 a.m. | Edwin Voorhies | Terry Collins, Greg Trout, and Ernie Moore | Arrange for consultation | 1 | Mr. Voorhies' e-mail is a direct communication to in-house counsel and other O.D.R.C. officials.  It pertains to a matter related to the instant litigation.  Accordingly, Mr. Voorhies' e-mail may be withheld from disclosure under the privilege for attorney-client communications. |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 11/19/09 7:45 a.m. | Terry Collins | Greg Trout, Ernie Moore, Edwin Voorhies | Respond to 11/18/09 5:24 p.m. e-mail from Greg Trout | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel and other O.D.R.C. officials. It pertains to a matter related to the instant litigation. Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications. |
| Electronic mail | 11/18/09 5:24 p.m. | Greg Trout | Terry Collins, Ernie Moore, Edwin Voorhies | Arrange for consultation | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to officials of O.D.R.C. It refers to matters pertaining to the instant litigation. Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electron mail | 11/17/09 8:56 a.m. | Melissa Adkins | Terry Collins, Greg Trout, Ernie Moore, Edwin Voorhies, Cheryl Jordan and Beverly Motton | Arrange for consultation | 1 | Ms. Adkins is an employee of the O.D.R.C. Her e-mail is a direct communication to in-house counsel for O.D.R.C, and other officials of O.D.R.C. It relates to a matter pertaining to the instant litigation. Accordingly, Ms. Adkins' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/19/09 9:24 a.m. | Greg Trout | Edwin Voorhies | Arrange consultation | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to officials of O.D.R.C. It refers to matters pertaining to the instant litigation. Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 11/19/09 7:54 a.m. | Edwin Voorhies | Terry Collins, Greg Trout, Ernie Moore | Arrange for consultation | 1 | Mr. Voorhies' e-mail is a direct communication to in-house counsel and other O.D.R.C. officials.  It pertains to a matter related to the instant litigation.  Accordingly, Mr. Voorhies' e-mail may be withheld from disclosure under the privilege for attorney-client communications. |
| Electronic mail | 11/19/09 7:45 a.m. | Terry Collins | Greg Trout, Ernie Moore, Edwin Voorhies | Respond to 11/18/09 5:24 p.m. e-mail from Greg Trout | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel and other O.D.R.C. officials.  It pertains to a matter related to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications. |
| Electronic mail | 11/18/09 5:24 p.m. | Greg Trout | Terry Collins, Ernie Moore, and Edwin Voorhies | Arrange for consultation | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to officials of O.D.R.C.  It refers to matters pertaining to the instant litigation.  Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/17/09 8:56 a.m. | Melissa Adkins | Terry Collins, Greg Trout, Ernie Moore, Edwin Voorhies, Cheryl Jordan and Beverly Motton | Arrange for consultation | 1 | Ms. Adkins is an employee of the O.D.R.C.  Her e-mail is a direct communication to in-house counsel for O.D.R.C, and other officials of O.D.R.C.  It relates to a matter pertaining to the instant litigation.  Accordingly, Ms. Adkins' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 11/19/09 10:17 a.m. | Terry Collins | Greg Trout | Respond to 11/19/09 9:22 a.m. e-mail from Greg Trout | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel for O.D.R.C.  It pertains to a matter related to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications. |
| Electronic mail | 11/19/09 9:22 a.m. | Greg Trout | Terry Collins, Edwin Voorhies, Phillip Kerns | Provide information | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to officials of O.D.R.C.  It refers to matters pertaining to the instant litigation.  Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/18/09 10:22 p.m. | Jim Slagle | Greg Trout | Provide information | 1 | Mr. Slagle's e-mail is a direct communication, as counsel for defendants, to in-house counsel for O.D.R.C.  It refers to a matter pertaining to the instant litigation.   Accordingly, Mr. Slagle's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 11/18/09 4:24 p.m. | Charles L Wille | Jim Slagle | Provide information | 1 (including e-mail from Leonard Green | Mr. Wille's e-mail is a direct communication to another counsel for defendants which directly refers to a matter pertaining to the instant litigation. Accordingly, Mr. Wille's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/19/09 9:29 a.m. | Edwin Voorhies | Greg Trout | Respond to 11/19/09 9:22 a.m. e-mail from Greg Trout | 1 | Mr. Voorhies' e-mail is a direct communication to in-house counsel for the O.D.R.C. which refers to a matter pertaining to the instant litigation. Accordingly, Mr. Voorhies' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/19/09 9:22 a.m. | Greg Trout | Terry Collins, Edwin Voorhies, Phillip Kerns | Provide information | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to officials of O.D.R.C. It refers to matters pertaining to the instant litigation. Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| | | | | | | |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 11/18/09 10:22 p.m. | Jim Slagle | Greg Trout | Provide information | 1 | Mr. Slagle's e-mail is a direct communication, as counsel for defendants, to in-house counsel for O.D.R.C. It refers to a matter pertaining to the instant litigation. Accordingly, Mr. Slagle's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/18/09 4:24 p.m. | Charles L Wille | Jim Slagle | Provide information | 1 (including e-mail from Leonard Green | Mr. Wille's e-mail is a direct communication to another counsel for defendants which directly refers to a matter pertaining to the instant litigation. Accordingly, Mr. Wille's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/21/09 6:01 a.m. | Terry Collins | Ernie Moore, Julie Walburn, Greg Trout, Edwin Voorhies | Provide information and instruction | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel and other O.D.R.C. officials. It pertains to a matter related to the instant litigation. Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications. |
| | | | | | | |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 11/21/09 7:46 a.m. | Greg Trout | Terry Collins, Phillip Kerns, Edwin Voorhies, Ernie Moore, Austin Stout | Provide information and advice | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to officials of O.D.R.C., and other in-house counsel.  It refers to matters pertaining to the instant litigation, and to  Mr. Trout's professional opinions and assessments.  Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/21/09 12:06 a.m. | Eric Holloway | Greg Trout, Jim Slagle and Charles L. Wille | Provide information | 1 | Mr. Holloway's e-mail is a direct communication to in-house counsel for O.D.R.C. and other counsel for defendants.  It refers directly to a matter pertaining to the instant litigation.  Accordingly, Mr. Holloway's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/23/09 1:38 p.m. | Edwin Voorhies | Greg Trout | Respond to 11/20/09 5:35 p.m. e-mail from Greg Trout | 1 | Mr. Voorhies' e-mail is a direct communication to in-house counsel for the O.D.R.C. which refers to a matter pertaining to the instant litigation.  Accordingly, Mr. Voorhies' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/20/09 5:35 p.m. | Greg Trout | Phillip Kerns, Edwin Voorhies, Ernie Moore, Terry Collins | Provide information and advice | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to officials of O.D.R.C..  It refers to matters pertaining to the instant litigation.  It reflects Mr. Trout's professional opinions and assessments.  Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 11/25/09 7:12 a.m. | Terry Collins | Greg Trout | Respond to 11/24/09 6:31 p.m. e-mail from Greg Trout | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel and other O.D.R.C. officials.  It pertains to a matter related to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications. |
| Electronic mail | 11/24/09 6:31 p.m. | Greg Trout | Terry Collins | Respond to 11/24/09 6:23 p.m. e-mail from Terry Collins | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to an official of O.D.R.C..  It refers to matters pertaining to the instant litigation.  It reflects Mr. Trout's professional opinions and assessments.  Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/24/09 6:23 p.m. | Terry Collins | Greg Trout, Julie Walburn, JoEllen Smith, Ernie Moore | Request for information | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel and other O.D.R.C. officials.  It pertains to a matter related to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications. |
| Electronic mail | 11/24/09 5:38 p.m. | Julie Walburn | Greg Trout, Terry Collins, JoEllen Smith, Ernie Moore | Respond to 11/24/09 5:00 p.m. e-mail from Greg Trout | 1 | Ms. Walburn's e-mail is a direct communication to in-house counsel for  O.D.R.C. and other O.D.R.C. officials.  It refers to a matter pertaining to the instant litigation.  Accordingly, Ms. Walburn's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 11/24/09 5:00 p.m. | Greg Trout | Terry Collins, JoEllen Smith, Ernie Moore | Request information | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to an official of O.D.R.C.. It refers to matters pertaining to the instant litigation.  It Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/24/09 4:59 p.m. | Terry Collins | JoEllen Smith, Greg Trout, Ernie Moore | Request information | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel and other O.D.R.C. officials.  It pertains to a matter related to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/24/09 4:52 p.m. | JoEllen Smith | Terry Collins, Greg Trout, Ernie Moore | Respond to 11/24/09 4:59 p.m. e-mail from Terry Collins | 1 | Ms. Smith's e-mail is a direct communication to in-house counsel for O.D.R.C. and other O.D.R.C. officials.  It refers to a matter pertaining to the instant litigation.  Accordingly, Ms. Smith's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/24/09 4:41 p.m. | Allison Koloziej | JoEllen Smith, Julie Walburn, Renuka Mayadev | Respond to 11/24/09 4:59 p.m. e-mail from Terry Collins | 1 | Mr. Koloziej's e-mail is a direct communication to O.D.R.C. officials and to in-house counsel for the Governor of Ohio.  It refers to a matter pertaining to the instant litigation.  Accordingly, Mr. Koloziej's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 11/24/09 9:59 a.m. | Austin Stout | Terry Collins, Ernie Moore, Edwin Voorhies, Khelleh Konteh, Phillip Kerns, David Bobby | Provide information | 1 | Mr. Stout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to officials of O.D.R,C., referring to a matter pertaining to the instant litigation. Accordingly, Mr. Stout's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/25/09 9:52 a.m. | Stephen Maher | Greg Trout, Trevor Clark, Austin Stout | Provide information | 1 | Mr. Maher is an assistant attorney general for the State of Ohio.  Mr. Maher's e-mail is a direct communication to in-house counsel for O.D.R.C. referring to a matter pertaining to the instant litigation, and including  the e-mail decribed immediately below.  Accordingly, Mr. Maher's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/25/09 9:51 a.m. | Jim Slagle | Richard Cordray, Chris Glaros, Albert Lin, Leesa Brown, Holly Hollingsworth, Eric Holloway, Adam Van Ho, Charles L. Wille, Holly LeClair, Justin Lovett, Laurence Snyder, Matthew Kanai, Morgan Linn, Robert Prather, Sarah Leatherman, Seth Kestner, Stephen Mayer, Thomas Madden | Provide information and advice | 1 | Mr. Slagle's e-mail is a direct communication to other counsel for defendants.  It refers to matters pertaining to the instant litigation.  It reflects Mr. Slagle's professional opinions and assessments.  Accordingly, Mr. Slagle's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| | | | | | | |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 11/27/09 12:43 p.m. | Terry Collins | Greg Trout, Ernie Moore, Edwin Voorhies, Karen Sorrell, Andrew Albright, Phillip Kerns, Melissa Adkins | Respond to 11/27/09 12:36 p.m. e-mail from Greg Trout | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel and other O.D.R.C. officials.  It pertains to a matter related to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/27/09 12:36 p.m. | Greg Trout | Terry Collins, Ernie Moore, Edwin Voorhies, Karen Sorrell, Andrew Albright, Phillip Kerns | Provide information and advise | 1 | Mr. Trout's  e-mail is a direct communication, as in-house counsel for O.D.R.C., to O.D.R.C. officials.  It pertains to a matter related to the instant litigation.  It reflects Mr. Trout's professional opinions and assessments.  Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 11/27/09 9:30 a.m. | Terry Collins | Greg Trout, Ernie Moore, Edwin Voorhies | Provide information and instruction | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel and other O.D.R.C. officials.  It pertains to a matter related to the instant litigation.  Accordingly, Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 12/05/09 8:54 p.m. | Edmond Voorhies | Adam Van Ho and Greg Trout | Respond to 12/05/09 9:08 e-mail from Adam Van Ho | 1 | Mr. Van Ho was an assistant attorney general for the State of Ohio. Mr. Voorhies' e-mail is a direct communication to in-house counsel for O.D.R.C. and other counsel for the defendants. It refers to a matter pertaining to the instant litigation. Accordingly, Mr. Voorhies' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 12/05/09 12:28 p.m. | Terry Collins | Phillip Kerns, Gregory Trout, Edwin Voorhies, Ernie Moore, Team Member #10 | Provide information | 1 | Mr. Collins' e-mail is a direct communication to in-house counsel for O.D.R.C. and other O.D.R.C. officials which refers to a matter pertaining to the instant litigation. Mr. Collins' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 12/05/09 12:13 p.m. | Phillip Kerns | Greg Trout, Edwin Voorhies, Ernie Moore, Terry Collins | Respond to 12/05/09 12:08 p.m. email from Greg Trout | 1 | Mr. Kern's e-mail is a direct communication to in-house counsel for the O.D.R.C. and other O.D.R.C. officials which refers to a matter pertaining to the instant litigation. Accordingly, Mr. Kern's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 12/05/09 12:08 p.m. | Greg Trout | Phillip Kerns, Edwin Voorhies, Ernie Moore, Terry Collins | Provide information | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to officials of O.D.R.C. referring to a matter pertaining to the instant litigation. Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 12/05/09 9:55 a.m. | Charles L. Wille | Adam Van Ho, Greg Trout | Provide information | 1 | Mr. Wille's e-mail is a direct communication to co-counsel for defendants and in-house counsel for O.D.R.C.  It related to a matter pertaining to the instant litigation.  Accordingly, Mr. Wille's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic e-mail | 12?05?09 9:08 a.m. | Adam Van Ho | Charles L. Wille, Greg Trout | Provide information and advice | 1 | Mr. Van Ho's e-mail is a direct communication to co-counsel for defendants and in-house counsel for O.D.R.C. It relates to a matter pertaining to the instant litigation. It reflects Mr. Van Ho's pr0fessional assessments and opinions.  Accordingly, Mr.Van Ho's e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 12/07/09 1:06 p.m. | Edwin Voorhies | Greg Trout | Respond to 12/07/09 11:14 a.m. e-mail from Greg Trout | 1 | Mr. Voorhies'  e-mail is a direct communication, as in-house counsel for O.D.R.C., referring to a matter pertaining to the instant litigation.  Accordingly, Mr. Voorhies' e-mail may be withheld from disclosure under the privilege for attorney-client communications. *See Upjohn v. United States*, 449 U.S. 383 (1981). |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 12/07/09 11:14 a.m. | Greg Trout | Edwin Voorhies | Provide information and advice | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel, to an official of the O.D.R.C.  It relates to a matter that pertains to the istant litigation.  It reflects Mr. Trout's professional opinions or assessments.  Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 12/07/09 11:11 a.m. | Adam Van Ho | Greg Trout, Charles L. Wille, Eric Holloway | Request information | 1 | Mr. Van's Ho's e-mail is a direct communication to in-house counsel and co-counsel for defendants which relates to a matter pertaining to the instant litigation.  Accordingly, Mr. Van Ho's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
| Electronic mail | 12/21/09 1:41 p.m. | Greg Trout | Phillip Kerns, Edwin Voorhies, Ernie Moore and Unnamed members of defendants' execution team | Provide information and advice | 1 | Mr. Trout's e-mail is a direct communication, as in-house counsel for O.D.R.C., to officials of O.D.R.C. including unnamed members of the State's execution team.  The communication refers to matters pertaining to the instant litigation, and reflects Mr. Trout's professional opinions or assessments.  Accordingly, Mr. Trout's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |
|  |  |  |  |  |  |  |

| Description | Date and Time Prepared | Identity of Person Who Prepared | Recipient (s) | Purpose | No. Pages | Basis for Withholding |
|---|---|---|---|---|---|---|
| Electronic mail | 12/07/09\ 8:21 p.m. | Charles L. Wille | Greg Trout, Austin Stout, Matthew Kanai, Jose Torres, Kent Markus, Jim Slagle | Provide information | 1 | Mr. Wille's e-mail is a direct communication to in-house counsel for the O.D.R.C., co-counsel for defendants, and in-house counsel for the Governor of Ohio.  It relates to a matter pertaining to the instant litigation.   Accordingly, Mr. Wille's e-mail may be withheld from disclosure under the privilege for attorney-client communications.  *See Upjohn v. United States*, 449 U.S. 383 (1981). |

## NOTES

Due to the manner in which e-mails are retrieved and printed, a number of e-mails are listed numerous times.

Due to the manner in which e-mails are retrieved and printed, a number of October, 2009 e-mails between Dr. K and Mr. Trout are listed on the disc for November 2009 communications.

In several instances Mr. Voorhies sent e-mails to himself in the process of retrieving information and before e-mailing the information to others.. These e-mails are not listed separately.