# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RICHARD COOEY, et al.,**

    **Plaintiffs,**

  **v.**

**TED STRICKLAND, et al.,**

    **Defendants.**

**Case No. 2:04-cv-1156**
**JUDGE GREGORY L. FROST**
**Magistrate Judge Mark R. Abel**

**BRETT HARTMAN,**

    **Plaintiff,**

  **v.**

**TED STRICKLAND, et al.,**

    **Defendants.**

**Case No. 2:09-cv-242**
**JUDGE GREGORY L. FROST**
**Magistrate Judge E.A. Preston Deavers**

**ROMELL BROOM,**

    **Plaintiff,**

  **v.**

**TED STRICKLAND, et al.,**

    **Defendants.**

**Case No. 2:09-cv-823**
**JUDGE GREGORY L. FROST**
**Magistrate Judge Mark R. Abel**

**LAWRENCE REYNOLDS,**

    **Plaintiff,**

  **v.**

**TED STRICKLAND, et al.,**

    **Defendants.**

**Case No. 2:10-cv-27**
**JUDGE GREGORY L. FROST**
**Magistrate Judge Mark R. Abel**

**OPINION AND ORDER**

This matter is before the Court for consideration of a motion to dismiss (Doc. # 815) filed by Defendants, a memorandum in opposition (Doc. # 819) filed by Plaintiff Kenneth Smith, and a reply memorandum (Doc. # 837) filed by Defendants.  Based on the reasoning set forth in this Court's August 12, 2010 Opinion and Order regarding Plaintiff Jerome Henderson (Doc. # 801), which the Court incorporates herein by reference, this Court finds the motion well taken in regard to Claims One and Two, but not well taken in regard to Claims Three and Four.

In regard to the former conclusion, the Court notes that, while disagreeing with this Court's rationale and preserving the issues for appeal, Smith concedes in his briefing that Claims One and Two fail based upon the Court's earlier decisions.[1]  (Doc. # 819, at 3 n.1.)  The Court reaches the latter conclusion despite the fact that Defendants have now asserted in regard to Claims Three and Four arguments either not previously, not consistently, or not as fully raised in regard to other plaintiffs.

For example, Defendants argue that Smith has failed to allege a specific injury in connection with Claim Three, the right to counsel and access to the courts claim, given that "Smith has not alleged that [D]efendants' actions would preclude him from presenting a specific

---

[1] The Court notes that Smith's characterization of this Court's prior reasoning and decisions is hyperbolic.  Smith states in his briefing that "[t]he Court's interpretation of [*Cooey (Biros) v. Strickland*, 589 F.3d 210 (6th Cir. 2009),] essentially mandates that an inmate in Ohio can *never* prevail on a *Baze* claim; the *Baze* Court did not preclude *all* method-of-execution challenges, however, and thus *Biros* cannot be compatible with *Baze*."  (Doc. # 819, at 3 n.1.)  This is largely incorrect.  *Biros* stands for the proposition that the specific Claim One and Claim Two challenges, predicated on the specific factual allegations involved here, means inmates such as Biros and Smith cannot prevail on these challenges.  Similar claims based on different or additional facts of course could present method-of-execution challenges on which Ohio inmates could prevail under both the overarching *Baze* and the specific *Biros*.

claim for relief to the courts." (Doc. # 815, at 4.) Because the cruel and unusual punishment component of Smith's case fails, Defendants reason, Smith cannot show an Eighth Amendment injury that would serve as the potentially precluded claim upon which the right to counsel claim depends. This argument overlooks the core of Smith's pleading.

The point of Smith's third claim is that should events occur during his execution that present an Eighth Amendment claim–events such as those found in the attempted execution of Romell Broom–a denial of access to counsel would prevent him from bringing that new Eighth Amendment claim to the Court. Defendants' reliance on their procedures therefore fails to shield them from future claims arising from new deviation from those procedures, which means that the right to counsel and access to the courts component of Smith's case survives.

Defendants also argue that dismissal of Claim Four is warranted because Smith does not assert that their alleged deviations from the protocol are so irrational so as to fail the rational basis test. As Smith details in his briefing, this argument is simply inconsistent with any fair reading of his Complaint. (Doc. # 819, at 10.) The Court has noted in regard to other plaintiff's similar pleadings that the Equal Protection claim pled inherently questions the rationality of the state action involved.

The crux of this fourth claim is that Defendants ignore their own policies "arbitrarily," "irrationally," "intentionally," "recklessly," and "without legitimate justification." (Doc. # 800 ¶¶ 169-82.) Counter to Defendants' reading of the pleading, such allegations "aver that [D]efendants' alleged deviations from the written protocol are so irrational that there is no conceivable basis for such deviations." (Doc. # 815, at 4-5.) Plaintiff has therefore presented a plausible claim sufficient to withstand the motion to dismiss.

The Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss (Doc. # 815). The Court dismisses Claims One and Two. Claims Three and Four remain pending.

**IT IS SO ORDERED.**

    /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE